**YI LIN ZHENG, ESQ.**
Nevada Bar No. 10811
VEGAS GOLDEN LAW
2801 S Valley View, Ste. 16
Las Vegas, Nevada 89102
Phone: 702-385-7170
VegasGoldenLaw@gmail.com
Attorney for Defendant
STEPHON JAMES WHITNEY

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>STEPHON JAMES WHITNEY,<br><br>       Defendant. | CASE NO: 2:21-CR-002-JAD-NJK<br><br>**MEMO RE DEFENDANT'S WAIVER OF TEMPORARY RIGHT TO CUSTODY UNDER THE INTERSTATE AGREEMENT ON DETAINER'S ACT** |

On January 22, 2021, during the Initial Appearance/Arraignment & Plea as to Stephon James Whitney before Magistrate Judge Cam Ferenbach, the Court asked for additional briefing as to Defendant's waiver of his right to temporary federal custody and invocation of his right to await federal prosecution in State custody. This memo follows.

    A.    THE INTERSTATE AGREEMENT ON DETAINER'S ACT DICTATES THAT MR. WHITNEY SHOULD BE RETURNED TO STATE CUSTODY.

The Interstate Agreement on Detainers Act (IADA) 18 U.S.C. App § 2. seeks to provide cooperative procedures between States and jurisdictions regarding persons already incarcerated in one jurisdiction with charges outstanding in another, where trial is to be had on an indictment, information or complaint.

1

The defendant has the right under the Interstate Agreement on Detainers Act (IADA), 18 U.S.C. App. § 2 Art. IV(e), to remain in federal custody until final disposition of the charges against him/her, where it would otherwise be customary for the defendant to be returned to the sending state. This is because 18 U.S.C. App. § 2 Art. III(e) provides that "The request for final disposition shall also constitute a consent by the prisoner to the production of his body in any court where his presence may be required in order to effectuate the purposes of this agreement and a further consent voluntarily to be returned to the original place of imprisonment in accordance with the provisions of this agreement. Nothing in this paragraph shall prevent the imposition of a concurrent sentence if otherwise permitted by law." Further, 18 U.S.C. App. § 2 Art. V(e) provides that "At the earliest practicable time consonant with the purposes of this agreement, the prisoner shall be returned to the sending State." 18 U.S.C. App. § 2 Art. V(h) goes on to state that "From the time that a party State receives custody of a prisoner pursuant to this agreement until such prisoner is returned to the territory and custody of the sending State, the State in which the one or more untried indictments, informations, or complaints are pending or in which trial is being had shall be responsible for the prisoner and shall also pay all costs of transporting, caring for, keeping, and returning the prisoner."

Thus, it is the norm that the defendant would be sent back to the sending state, in this case to the Nevada Department of Corrections (NDOC). Whereas the defendant may assert the right to remain in federal custody until a final disposition can be had in this case, here Mr. Whitney is not asking to remain in federal custody. By executing a Waiver of Temporary Right to Custody under the Interstate Agreement on Detainer's Act, he is not asking for special treatment.

The Court is well within reason and discretion to order the United States Marshal to return the defendant to the jurisdiction with original custody, to-wit: NDOC, and to lodge a detainer

against the defendant upon the defendant's return to the jurisdiction with original custody. As it would also be within this Court's power to order the temporary detention of Mr. Whitney and to provide leave to re-address and/or to re-open the detention hearing, upon Mr. Whitney's return to Federal custody on the U.S. Marshal's detainer, because the State's relinquishment of custodial control over Mr. Whitney would be a material change in circumstance.

      B.      BY VIRTUE OF THE GOVERNMENT'S PETITION FOR WRIT OF HABEAS CORPUS AD PROSEQUENDUM, IT HAS ALREADY AGREED TO RETURN THE DEFENDANT TO STATE CUSTODY.

The Government's Petition states, "Accordingly, the Government requests a Writ of Habeas Corpus Ad Prosequendum so that the United States Marshals Service can produce STEPHON JAMES WHITNEY, before this Court for the purpose of initial appearance regarding a Criminal Indictment and from time to time and day to day thereafter, at such times an places as my be ordered and directed by this Court, to appear before this Court, and when excused by this Court, to be returned to the custody of the Warden, Southern Desert Correction Center Las Vegas, Nevada." Thus, absent extraordinary circumstances, the Government would have a very limited basis to object to Mr. Whitney being returned to the sending jurisdiction, under the wording of its own Petition and the IADA.

In regard to the function and effect of a Writ of Habeas Corpus Ad Prosequendum, the court in U.S. v. Evans, 159 F.3d 908 (4th Cir. 1998), provides a reasoned analysis.

> Writs of habeas corpus ad prosequendum are court orders demanding that an inmate be produced to face criminal charges. See Stewart v. Bailey, 7 F.3d 384, 389 (4th Cir. 1993) ("[W]rits of habeas corpus ad prosequendum are issued directly by a court of the jurisdiction where an indictment has been lodged against the prisoner…. [A writ of habeas corpus ad prosequendum] is a court order requesting the prisoner's appearance in the summoning jurisdiction."). Such writs are "immediately executed," United States v. Mauro, 436 U.S. 340, 360 (1978), and, thus are unlike detainers which do not summon a prisoner to the requesting jurisdiction's courts. See Stewart, 7 F.3d at 389.

> That a writ of habeas corpus ad prosequendum does not effect a transfer of custody…. This derives from the fact that the federal writ of habeas corpus ad prosequendum merely loans the prisoner to federal authorities. *See* Whalen, 962 F.2d at 361 n. 3; Crawford v. Jackson, 589 F.2d 693, 695 (D.C. Cir. 1978) ("When an accused is transferred pursuant to a writ of habeas corpus ad prosequendum he is considered to be `on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly. Failure to release a prisoner does not alter that `borrowed' status, transforming a state prisoner into a federal prisoner."). Principles of comity require that when the writ of habeas corpus ad prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign. As Chief Justice Taft explained in Ponzi v. Fessenden, 258 U.S. 254, 260 (1922):
>
>> The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that the court which first takes subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose.
>
> … In each context, the sending jurisdiction has a significant interest in retaining custodial authority over the prisoner.
>
> Id. 911-12.

Here not only does the State have a significant interest in retaining custodial authority over Mr. Whitney, he also has a significant interest in returning to State custody. He is due to appear before the parole board in February. If Mr. Whitney cannot by seen by the parole board, he may not be granted parole and will then have to wait before he can expire his sentence. Until he can expire his State sentence his time in custody counts little against his potential Federal sentence, even though his alleged conduct in the instant indictment was the basis for his State arrest and return to custody in the first place.

As such, Mr. Whitney is waiving his right to remain in federal custody pending a resolution in this case. The Court is well within reason and discretion to order the United States Marshal to return the defendant to the jurisdiction with original custody, to-wit: NDOC, and to lodge a detainer against the defendant upon the defendant's return to the jurisdiction with original custody.

Likewise it is within the Court's power to order the temporary detention of Mr. Whitney and to provide leave to re-address and/or to re-open the detention hearing, upon Mr. Whitney's return to Federal custody on the U.S. Marshal's detainer, because the State's relinquishment of custodial control over Mr. Whitney would be a material change in circumstance.

RESPECTFULLY SUBMITTED the 28th day of January, 2021.

*/s/ Yi Lin Zheng*
_____
YI LIN ZHENG, ESQ.
Nevada Bar No. 10811
2801 S Valley View, Ste. 16
Las Vegas, Nevada 89102
Attorney for the Defendant
STEPHON JAMES WHITNEY