1   JASON M. FRIERSON
    United States Attorney
2   District of Nevada
    Nevada Bar Number 7709
3   DANIEL J. COWHIG
    Assistant United States Attorney
4   501 Las Vegas Blvd. South, Suite 1100
    Las Vegas, Nevada 89101
5   (702) 388-6336
    daniel.cowhig @usdoj.gov
6   *Attorneys for the United States of America*

7

                    **UNITED STATES DISTRICT COURT**
8                      **DISTRICT OF NEVADA**

9   UNITED STATES OF AMERICA,                  Case No. 2:21-cr-2-JAD-NJK

10              Plaintiff,                      United States Memorandum in Support of
                                                Guilty Plea Without a Plea Agreement as to
11         vs.                                  Stephon James Whitney

12  STEPHON JAMES WHITNEY,
            a.k.a. Stephone James Whitney,
13          a.k.a. Steff Bizzle,
            a.k.a. Stef B,
14
                    Defendant.
15

16

17  CERTIFICATION: This memorandum is timely filed.

18          There is no plea agreement in this case. Defendant Stephon James Whitney has filed

19  notice that he intends to change his plea of not guilty to guilty without the benefit of a plea

20  agreement, together with a Memorandum in Support of Guilty Plea without a Plea Agreement.

21  ECF Nos. 33 and 34, respectively. This Memorandum is to aid the Court in advising defendant

22  of the consequences of his guilty plea under Fed. R. Crim. Pro. 11(b).

23

24

## A. CHARGE

The sole count of the indictment charges defendant with Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 1.[1]

## B. STATUTORY MAXIMUM SENTENCE

The statutory maximum sentence the district court can impose for a violation of Felon in Possession of a Firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2), as charged in Count One, is: 10 years imprisonment; a 3-year term of supervised release; a fine pursuant to 18 U.S.C. § 3571(b)(3) of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

## C. ADVISORY SENTENCING GUIDELINES

The sentence will be imposed under 18 U.S.C. § 3553(a). In determining the sentence the Court must consider the United States Sentencing Guidelines. However, the guidelines are only advisory and are just one factor for the Court to consider in arriving at a fair, just and reasonable sentence. The length and terms of that sentence depend upon the nature and number of previous criminal convictions, which are used to determine the advisory offense level and criminal history category under the Sentencing Guidelines. After the Court makes this decision, it then may impose a sentence within the applicable guideline range or any sentence the Court deems reasonable and sufficient but not greater than necessary to comply with the purposes of § 3553(a).

A federal prison sentence can no longer be shortened by early release on parole because parole has been abolished. Under U.S.S.G. § 5D1.1, a term of Supervised Release following any

---

[1] The United States has withdrawn the forfeiture allegations as the firearm is not in the custody of a federal agency. ECF No. 27.

1    period of imprisonment is required when the term of imprisonment is more than a year. Under

2    18 U.S.C. § 3559(a)(3), this is a Class C felony and, therefore, pursuant to U.S.S.G.

3    § 5D1.2(a)(2), a term of Supervised Release of at least one year but not more than three years

4    must be ordered.

5           Supervised release is a period of time following imprisonment during which defendant

6    will be subject to various restrictions and requirements. If defendant violates one or more of the

7    conditions of any supervised release imposed, defendant may be returned to prison for all or part

8    of the term of supervised release authorized by statute for the offense that resulted in the term of

9    supervised release, which could result in defendant serving a total term of imprisonment greater

10   than the statutory maximum stated above.

11          Under the provisions of U.S.S.G. § 5E1.2, a fine must be imposed, depending upon the

12   Court's finding of the appropriate Offense Level within a range to be determined by the

13   Guidelines. However, U.S.S.G. § 5E1.2(e) allows the Court to waive the fine, impose a lesser

14   fine, or impose an alternative sanction, such as community service, if defendant establishes he

15   does not have the ability to pay a fine and is not likely to become able to pay any fine.

16          Both 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1 permit restitution as deemed appropriate by

17   the Court. A mandatory special assessment under 18 U.S.C. § 3013 and U.S.S.G. § 5E1.3 of

18   $100.00 per count must be imposed for the offense.

19          **D.  APPLICABLE ADVISORY SENTENCING GUIDELINES**

20          The Base Offense Levels (BOL) and specific offense characteristics (SOC) applicable to

21   the unlawful possession of a firearm are described by U.S.S.G. § 2K2.1. *See* U.S.S.G.

22   §§ 1B1.1(a)(1) and (2).

23

24

3

1                                        1.      <u>Base Offense Level</u>

2  Where a "defendant committed any part of the instant offense subsequent to sustaining at

3  least two felony convictions of either a crime of violence or a controlled substance offense," the

4  applicable BOL is 24. U.S.S.G. § 2K2.1(a)(2). In the instant case, defendant's prior felony

5  conviction for Robbery with a Deadly Weapon, in the District Court of Nevada in Clark

6  County, Nevada on or about March 26, 2008, in Case No. C-236921, Attachment A, is a crime

7  of violence; his prior conviction for Possession of a Controlled Substance with Intent to Sell, in

8  the District Court of Nevada in Clark County, Nevada on or about July 16, 2009, in Case No.

9  C-19-338650, Attachment B, is a controlled substance offense.

10                                    2.      <u>Specific Offense Characteristics</u>

11  Where a "defendant used or possessed any firearm or ammunition in connection with

12  another felony offense; or possessed or transferred any firearm or ammunition with knowledge,

13  intent or reason to believe it would be used or possessed in connection with another felony

14  offense," the offense level is increased by 4 levels. U.S.S.G. § 2K2.1(b)(6)(B). In the instant case,

15  defendant used and possessed the charged firearm and 100 rounds of 9mm ammunition in

16  connection with the felony offense of Possession of a Controlled Substance with Intent to

17  Distribute (Marijuana) under 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Attachment C through E.

18  The purpose of this section of this memorandum is to advise defendant of the United

19  States' position as to the applicable BOL, SOCs and adjustments under the advisory sentencing

20  guidelines. This section is not intended in any way restrict or limit the Offense Level or Criminal

21  History computations of the United States Probation Office, nor does it do so.

22

23

24

**E.  ELEMENTS OF THE OFFENSE**

Count One: The elements of Felon in Possession of a Firearm under 18 U.S.C.
§§ 922(g)(1) and 924(a)(2) are as follows:

First:    Defendant knowingly possessed the firearm described in the indictment, specifically a Canik model TP9 SF Elite 9mm semiautomatic pistol bearing serial number 20BH02246;

Second:    The specified firearm had been shipped or transported from one state to another or between a foreign nation and the United States,

or,

The specified firearm was possessed in or affecting interstate or foreign commerce;

Third:    At the time defendant possessed the specified firearm, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth:    At the time defendant possessed the firearm, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

See Ninth Circuit Manual of Model Criminal Jury Instructions § 14.16 (2022); *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019); *Huddleston v. United States*, 415 U.S. 814, 833 (1974); *United States v. Bass*, 404 U.S. 336, 338 (1971); 18 U.S.C. § 922(g).

**F.  FACTUAL BASIS FOR THE PLEA**

On or about September 2, 2020, in the State and Federal District of Nevada, defendant knowingly possessed a firearm, specifically the loaded Canik model TP9 SF Elite 9mm

1   semiautomatic pistol bearing serial number 20BH02246 described in the indictment.

2   Attachments C through F. The specified Canik TP9 SF Elite pistol was manufactured outside

3   the state of Nevada and had previously been shipped or transported from one state to another or

4   between a foreign nation and the United States before defendant possessed it in Nevada on

5   September 2, 2020. Attachments G through I. Before defendant possessed the specified Canik

6   TP9 SF Elite pistol, defendant had sustained multiple felony convictions punishable by a term of

7   imprisonment exceeding one year, specifically: Possession of a Stolen Vehicle, in the District

8   Court of Nevada in Clark County, Nevada on or about July 16, 2009, in Case No. C-19-340689;

9   Possession of a Controlled Substance with Intent to Sell, in the District Court of Nevada in Clark

10  County, Nevada on or about July 16, 2009, in Case No. C-19-338650; First Degree Kidnapping

11  in the District Court of Nevada in Clark County, Nevada on or about March 26, 2008, in Case

12  No. C-236921; Conspiracy to Commit Robbery in the District Court of Nevada in Clark County,

13  Nevada on or about March 26, 2008, in Case No. C-236921, and; Robbery with a Deadly

14  Weapon, in the District Court of Nevada in Clark County, Nevada on or about March 26, 2008,

15  in Case No. C-236921. Attachments A and B. At the time defendant possessed the firearm, he

16  knew he had been convicted of a crime punishable by a term of imprisonment exceeding one

17  year. *Id.*

18  Respectfully submitted this June 13, 2022.

19                                          JASON M. FRIERSON
                                            United States Attorney
20

21                                          *//s// Daniel J Cowhig*
                                            _____
22                                          DANIEL J. COWHIG
                                            Assistant United States Attorney
23

24

1

**INDEX OF ATTACHMENTS**

2    A.    Judgment of Conviction and extracts of record, First Degree Kidnapping, Conspiracy
          to Commit Robbery, and Robbery with a Deadly Weapon, in the District Court of
3          Nevada in Clark County, Nevada, Mar. 26, 2008, Case No. C-236921

4    B.    Judgment of Conviction and extracts of record, Possession of a Controlled Substance
          with Intent to Sell, in the District Court of Nevada in Clark County, Nevada, July 16,
5          2009, Case No. C-19-338650

6    C.    Declaration of Arrest Report (DOAR), Las Vegas Metropolitan Police Department
          (LVMPD) Event No. LLV200900007194, Sept. 2, 2020

7
     D.    Images taken during LVMPD investigation in LLV200900007194
8
     E.    Transcript of Sept. 3, 2020, Voluntary Statement of Stephon Whitney
9
     F.    LVMPD Forensic Laboratory Amended Report of Investigation, Biology/DNA, dated
10         Dec. 11, 2020

11   G.    Firearms Trace Summary (eTrace) of the Canik model TP9 SF Elite 9mm
          semiautomatic pistol bearing serial number 20BH02246
12
     H.    Firearms Transaction Record (ATF Form 4473), recording the sale of the Canik model
13         TP9 SF Elite 9mm semiautomatic pistol bearing serial number 20BH02246 to Jessica
          Rodosh, dated Apr. 27, 2020
14
     I.    Nexus Determination, ATF Report of Investigation 2 in Whitney, Stephon
15

16

17

18

19

20

21

22

23

24

**CERTIFICATE OF SERVICE**

I certify that on June 13, 2022, I electronically filed the foregoing United States Memorandum in Support of Guilty Plea Without a Plea Agreement as to Stephon James Whitney with the Clerk of the Court by using the CM/ECF system.

Dated June 13, 2022

//s// *Daniel J Cowhig*
DANIEL J. COWHIG
Assistant United States Attorney