Attachment A

Judgment of Conviction and extracts of record, First Degree Kidnapping, Conspiracy to
Commit Robbery, and Robbery with a Deadly Weapon, in the District Court of Nevada in
Clark County, Nevada, Mar. 26, 2008, Case No. C-236921

JOCP

ORIGINAL

FILED

APR 2 10 06 AM '08

CLERK OF THE COURT

## DISTRICT COURT

## CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

                Plaintiff,

        -vs-

STEPHONE WHITNEY
#2647736

               Defendant.

CASE NO.   C236921

DEPT. NO.  XIV

## JUDGMENT OF CONVICTION

## (PLEA OF GUILTY)

     The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crimes of COUNT 1 – FIRST DEGREE KIDNAPING (Category A Felony) in violation of NRS 200.310, 200.320, COUNT 2 – CONSPIRACY TO COMMIT ROBBERY (Category B Felony) in violation of NRS 199.480, 200.380, and COUNT 3 – ROBBERY WITH USE OF A DEADLY WEAPON (Category B Felony) in violation of NRS 193.165, 200.380; thereafter, on the 26th day of March, 2008, the Defendant was present in court for sentencing with his counsel, KENNETH FRIZZELL, ESQ., and good cause appearing,

RECEIVED

APR 0 2 2008

CLERK OF THE COURT

000149

THE DEFENDANT IS HEREBY ADJUDGED guilty of said offenses and, in addition to the $25.00 Administrative Assessment Fee and $150.00 DNA Analysis Fee including testing to determine genetic markers, the Defendant is sentenced to the Nevada Department of Corrections (NDC) as follows:  AS TO COUNT 1 - TO A MAXIMUM of ONE HUNDRED FIFTY-SIX (156) MONTHS with a MINIMUM parole eligibility of FORTY-EIGHT (48) MONTHS; AS TO COUNT 2 - TO A MAXIMUM of FORTY-EIGHT (48) MONTHS with a MINIMUM parole eligibility of TWELVE (12) MONTHS, COUNT 2 to run CONCURRENT with COUNT 1; AS TO COUNT 3 - TO A MAXIMUM of ONE HUNDRED TWENTY (120) MONTHS and a MINIMUM parole eligibility of TWENTY-SIX (26) MONTHS, plus an EQUAL and CONSECUTIVE term of ONE HUNDRED TWENTY (120) MONTHS MAXIMUM and TWENTY-SIX (26) MONTHS MINIMUM for the Use of a Deadly Weapon, COUNT 3 to run CONCURRENT with COUNT 2; with TWO HUNDRED SEVENTY-TWO (272) DAYS credit for time served.

DATED this ___31st___ day of March, 2008

November 19, 2020



DONALD M. MOSLEY
DISTRICT JUDGE

CERTIFIED COPY
ELECTRONIC SEAL (NRS 1.190(3))

000150

Electronically Filed
09/13/2007 11:04:21 AM

**CLERK OF THE COURT**

1  **INFO**
   DAVID ROGER
2  Clark County District Attorney
   Nevada Bar #002781
3  TINA SEDLOCK
   Deputy District Attorney
4  Nevada Bar #009286
   200 Lewis Avenue
5  Las Vegas, Nevada 89155-2212
   (702) 671-2500
6  Attorney for Plaintiff

7  I.A. 9/24/07                    DISTRICT COURT
   9:00 A.M.              CLARK COUNTY, NEVADA
8  K. FRIZZELL

9

10 THE STATE OF NEVADA,                    )

11              Plaintiff,                  )      Case No:    C236921
                                           )      Dept No:    XIV
12      -vs-                                )
                                           )
13 STEPHONE WHITNEY,                        )
   #2647736                                 )
14                                          )      I N F O R M A T I O N
              Defendant.                    )
15 _____     )

16 STATE OF NEVADA     )
                       ) ss.
17 COUNTY OF CLARK     )

18       DAVID ROGER, District Attorney within and for the County of Clark, State of

19 Nevada, in the name and by the authority of the State of Nevada, informs the Court:

20       That STEPHONE WHITNEY, the Defendant(s) above named, having committed the

21 crimes of **CONSPIRACY TO COMMIT ROBBERY (Felony - NRS 199.480, 200.380);**

22 **BURGLARY WHILE IN POSSESSION OF A FIREARM (Felony - NRS 205.060);**

23 **CONSPIRACY TO COMMIT KIDNAPPING (Felony - NRS 199.480, 200.310,**

24 **200.320); FIRST DEGREE KIDNAPPING WITH USE OF A DEADLY WEAPON**

25 **(Felony - NRS 200.310, 200.320, 193.165) and ROBBERY WITH USE OF A DEADLY**

26 **WEAPON (Felony - NRS 200.380, 193.165)**, on or about the 26th day of June, 2007,

27 within the County of Clark, State of Nevada, contrary to the form, force and effect of statutes

28 in such cases made and provided, and against the peace and dignity of the State of Nevada,

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\230412-288

1    COUNT 1 - CONSPIRACY TO COMMIT ROBBERY

2        did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE

3    MASON and GREGORY FORD and between themselves, and each of them with the other,

4    wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:  robbery,

5    and in furtherance of said conspiracy, Defendant did commit the acts as set forth in Counts 5,

6    6 and 7, said acts being incorporated by this reference as though fully set forth herein.

7    COUNT 2 - BURGLARY WHILE IN POSSESSION OF A FIREARM

8        did, together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

9    GREGORY FORD and an unidentified confederate, then and there wilfully, unlawfully, and

10   feloniously enter, while in possession of a firearm and/or other handgun, with intent to

11   commit larceny, robbery and/or kidnapping, that certain building occupied by GOLD

12   DOCTOR, located at 23 North Mojave Road, Las Vegas, Clark County, Nevada, Defendant

13   and his confederates entering with intent to commit larceny, robbery and/or kidnapping; said

14   offense being committed by one or more of the following means, to-wit: by the Defendant,

15   THURMAN NICKELAS HALL, MIYA PATRIECE MASON and GREGORY FORD and

16   an unidentified confederate acing in concert, by entering into a course of conduct as

17   accomplices, by escorting each other to the scene, by acting as look-out for each other, by

18   accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them away by

19   one or more accomplices entering said business while one or more of said accomplices

20   carried and/or displayed a firearm and/or handgun, by one or more accomplices providing

21   support in numbers upon jointly entering said business and/or accosting the occupants

22   therein; whereby the Defendant being responsible under one or more of the following

23   principles of criminal liability, to-wit:  (1) by directly committing this offense; and/or (2) by

24   knowingly and intentionally aiding or abetting in its perpetration; and/or (3) by conspiring

25   with others whereby Defendant is liable for the acts of accomplices committed in furtherance

26   of the conspiracy for this offense.

27   COUNT 3 - CONSPIRACY TO COMMIT KIDNAPPING

28       did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE

000075

1  MASON and GREGORY FORD and between themselves, and each of them with the other,

2  wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:

3  kidnapping, and in furtherance of said conspiracy, Defendant did commit the acts as set forth

4  in Count 4, said acts being incorporated by this reference as though fully set forth herein.

5  COUNT 4 - FIRST DEGREE KIDNAPPING WITH USE OF A DEADLY WEAPON

6       did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

7  GREGORY FORD and an unidentified confederate, wilfully, unlawfully, feloniously, and

8  without authority of law, seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, or

9  carry away BEATRIZ HERNANDEZ, a human being, with the intent to hold or detain the

10  said BEATRIZ HERNANDEZ against her will, and without her consent, for the purpose of

11  committing robbery, said Defendant using a deadly weapon, to-wit:  one or more firearms

12  and/or other handguns, during the commission of said crime, said offense being committed

13  by one or more of the following means, to-wit:  by the Defendant, THURMAN NICKELAS

14  HALL, MIYA PATRIECE MASON, GREGORY FORD and an unidentified confederate

15  acting in concert, by entering into a course of conduct as accomplices, by escorting each

16  other to the scene, by acting as look-out for each other, by accomplice MIYA PATRIECE

17  MASON waiting in the get-away car to drive them away, by one or more accomplices

18  entering said business with one or more of said accomplices carrying and/or displaying a

19  firearm and/or handgun, by one or more accomplices providing support in numbers upon

20  jointly entering said business and/or accosting the occupants therein with said weapons, by

21  accomplice THURMAN NICKELAS HALL displaying a firearm and moving BEATRIZ

22  HERNANDEZ into a bathroom; whereby the Defendant is responsible under one or more of

23  the following principles of criminal liability, to-wit:  (1) by actually committing said offense;

24  (2) by knowingly and intentionally aiding or abetting in its perpetration; and/or (3) by

25  conspiring with others whereby the Defendant is liable for the acts of accomplices

26  committed in furtherance of the conspiracy for this offense.

27  COUNT 5 - ROBBERY WITH USE OF A DEADLY WEAPON

28       did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\230412-288

3

1   GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

2   feloniously take personal property, to-wit: jewelry, from the person of KENNETH

3   KALBACH, or in his presence, by means of force or violence or fear of injury to, and

4   without the consent and against the will of the said KENNETH KALBACH, said Defendant

5   using a deadly weapon, to-wit: a firearm and/or other handgun, during the commission of

6   said crime, said offense being committed by one or more of the following means, to-wit: by

7   the Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY

8   FORD and an unidentified confederate acting in concert, by entering into a course of

9   conduct as accomplices, by escorting each other to the scene, by acting as look-out for each

10  other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them

11  away, by the other accomplices entering the GOLD DOCTOR and/or C & H

12  ENTERPRISES business with one or more of said accomplices displaying handguns, by one

13  or more accomplices providing support in numbers upon jointly entering said business

14  and/or accosting the owners and/or employees BEATRIZ HERNANDEZ, KENNETH

15  KALBACH and/or DENNIS ZANE HOUSTON, by accomplice THURMAN NICKELAS

16  HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a back bathroom; by

17  one or more accomplices standing guard and/or watching employee BEATRIZ

18  HERNANDEZ remain in the back bathroom, by one or more accomplices rummaging

19  through and/or taking several pieces of jewelry from store display cases, by accomplice

20  GREGORY FORD shooting a handgun and/or fighting over a handgun with

21  employee/owners KENNETH KALBACH and/or DENNIS ZANE HOUSTON, by the

22  Defendant punching at or toward employee BEATRIZ HERNANDEZ, and/or by one or

23  more accomplices fleeing the scene with one or more pieces of jewelry; whereby the

24  Defendant is responsible under one or more of the following principles of criminal liability,

25  to-wit: (1) by actually committing said offense; (2) by knowingly and intentionally aiding or

26  abetting in its perpetration; and/or (3) by conspiring with others whereby the Defendant is

27  liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.

28  ///

1   COUNT 6 - ROBBERY WITH USE OF A DEADLY WEAPON

2        did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

3   GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

4   feloniously take personal property, to-wit: several pieces of jewelry, from the presence of

5   owner/employee DENNIS ZANE HOUSTON, or in his presence, by means of force or

6   violence or fear of injury to, and without the consent and against the will of the said

7   DENNIS ZANE HOUSTON, said Defendant using a deadly weapon, to-wit: a firearm

8   and/or other handgun, during the commission of said crime; said offense being committed by

9   one or means under one or more of the principles of criminal liability set forth in Count 5

10  above incorporated by this reference as though fully set forth herein.

11  COUNT 7 - ROBBERY WITH USE OF A DEADLY WEAPON

12       did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

13  GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

14  feloniously take personal property, to-wit: several pieces of jewelry, from the presence of

15  employee BEATRIZ HERNANDEZ, or in her presence, by means of force or violence or

16  fear of injury to, and without the consent and against the will of the said BEATRIZ

17  HERNANDEZ, said Defendant using a deadly weapon, to-wit: a firearm and/or other

18  handgun, during the commission of said crime; said offense being committed by one or

19  means under one or more of the principles of criminal liability set forth in Court 5 above

20  incorporated by this reference as though fully set forth herein.

21

22

23

24  BY

25  DAVID ROGER
    DISTRICT ATTORNEY
26  Nevada Bar #002781

27

JAN 19 2021

28
    CERTIFIED COPY
    DOCUMENT ATTACHED IS A
    TRUE AND CORRECT COPY
    OF THE DOCUMENT ON FILE

    C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP230412-2889
    5

| | |
|---|---|
| 1 | Names of witnesses known to the District Attorney's Office at the time of filing this |
| 2 | Information are as follows: |

| NAME | ADDRESS |
|---|---|
| CUSTODIAN OF RECORDS | LVMPD – DISPATCH |
| ANDERSEN, LAURA CLARK | LVMPD P#2780 |
| WALLACE, MICHAEL ALLEN | LVMPD P#4761 |
| HERNANDEZ, BEATRIZ | 4360 HINSDALE AV, LVN 89115 |
| KALBACH, KENNETH | 4335 TOPAZ ST, LVN 89121 |
| HOUSTON, DENNIS ZANE | 4335 TOPAZ ST, LVN 89121 |

DA#07F16888X/rad
LVMPD EV#0706261424
CONSP ROBB; BURG WFA; CONSP KIDN; 1ST DEG KWDW; RWDW - F
(TK5)

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\230412-2889

6

Electronically Filed
02/04/2008 11:47:55 AM

*[signature]*

**CLERK OF THE COURT**

1   **AINF**
    DAVID ROGER
2   Clark County District Attorney
    Nevada Bar #002781
3   TINA SEDLOCK
    Deputy District Attorney
4   Nevada Bar #009286
    200 Lewis Avenue
5   Las Vegas, Nevada 89155-2212
    (702) 671-2500
6   Attorney for Plaintiff

7                 **DISTRICT COURT**
8             **CLARK COUNTY, NEVADA**

9   THE STATE OF NEVADA,

10          Plaintiff,        Case No:    C236921

11     -vs-               Dept No:    XIV

12   STEPHONE WHITNEY,         A M E N D E D
    #2647736
13                  I N F O R M A T I O N
            Defendant.
14

15   STATE OF NEVADA     )
                   ) ss.
16   COUNTY OF CLARK    )

17        DAVID ROGER, District Attorney within and for the County of Clark, State of

18   Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19        That STEPHONE WHITNEY, the Defendant(s) above named, having committed the

20   crimes of **FIRST DEGREE KIDNAPPING WITH USE OF A DEADLY WEAPON**

21   **(Category A Felony - NRS 200.310, 200.320, 193.165); CONSPIRACY TO COMMIT**

22   **ROBBERY (Category B Felony - NRS 199.480, 200.380) and ROBBERY WITH USE**

23   **OF A DEADLY WEAPON (Category B Felony - NRS 200.380, 193.165)**, on or about the

24   26th day of June, 2007, within the County of Clark, State of Nevada, contrary to the form,

25   force and effect of statutes in such cases made and provided, and against the peace and

26   dignity of the State of Nevada,

27   <u>COUNT 1</u> - FIRST DEGREE KIDNAPPING WITH USE OF A DEADLY WEAPON

28        did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP273739-3351

000080

1  GREGORY FORD and an unidentified confederate, wilfully, unlawfully, feloniously, and

2  without authority of law, seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, or

3  carry away BEATRIZ HERNANDEZ, a human being, with the intent to hold or detain the

4  said BEATRIZ HERNANDEZ against her will, and without her consent, for the purpose of

5  committing robbery, said Defendant using a deadly weapon, to-wit:  one or more firearms

6  and/or other handguns, during the commission of said crime, said offense being committed

7  by one or more of the following means, to-wit:  by the Defendant, THURMAN NICKELAS

8  HALL, MIYA PATRIECE MASON, GREGORY FORD and an unidentified confederate

9  acting in concert, by entering into a course of conduct as accomplices, by escorting each

10  other to the scene, by acting as look-out for each other, by accomplice MIYA PATRIECE

11  MASON waiting in the get-away car to drive them away, by one or more accomplices

12  entering said business with one or more of said accomplices carrying and/or displaying a

13  firearm and/or handgun, by one or more accomplices providing support in numbers upon

14  jointly entering said business and/or accosting the occupants therein with said weapons, by

15  accomplice THURMAN NICKELAS HALL displaying a firearm and moving BEATRIZ

16  HERNANDEZ into a bathroom; whereby the Defendant is responsible under one or more of

17  the following principles of criminal liability, to-wit:  (1) by actually committing said offense;

18  (2) by knowingly and intentionally aiding or abetting in its perpetration; and/or (3) by

19  conspiring with others whereby the Defendant is liable for the acts of accomplices

20  committed in furtherance of the conspiracy for this offense.

21  COUNT 2 - CONSPIRACY TO COMMIT ROBBERY

22          did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE

23  MASON and GREGORY FORD and between themselves, and each of them with the other,

24  wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:  robbery,

25  and in furtherance of said conspiracy, Defendant did commit the acts as set forth in Count 3,

26  said acts being incorporated by this reference as though fully set forth herein.

27  COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON

28          did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

1   GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and
2   feloniously take personal property, to-wit: jewelry, from the person of KENNETH
3   KALBACH and/or the person of DENNIS ZANE HOUSTON and/or the person of
4   BEATRIZ HERNANDEZ, or in their presence, by means of force or violence or fear of
5   injury to, and without the consent and against the will of the said KENNETH KALBACH
6   and/or DENNIS ZANE HOUSTON and/or BEATRIZ HERNANDEZ, said Defendant using
7   a deadly weapon, to-wit: a firearm and/or other handgun, during the commission of said
8   crime, said offense being committed by one or more of the following means, to-wit:  by the
9   Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY
10  FORD and an unidentified confederate acting in concert, by entering into a course of
11  conduct as accomplices, by escorting each other to the scene, by acting as look-out for each
12  other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them
13  away, by the other accomplices entering the GOLD DOCTOR and/or C & H
14  ENTERPRISES business with one or more of said accomplices displaying handguns, by one
15  or more accomplices providing support in numbers upon jointly entering said business
16  and/or accosting the owners and/or employees BEATRIZ HERNANDEZ, KENNETH
17  KALBACH and/or DENNIS ZANE HOUSTON, by accomplice THURMAN NICKELAS
18  HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a back bathroom; by
19  one or more accomplices standing guard and/or watching employee BEATRIZ
20  HERNANDEZ remain in the back bathroom, by one or more accomplices rummaging
21  through and/or taking several pieces of jewelry from store display cases, by accomplice
22  GREGORY FORD shooting a handgun and/or fighting over a handgun with
23  employee/owners KENNETH KALBACH and/or DENNIS ZANE HOUSTON, by the
24  Defendant punching at or toward employee BEATRIZ HERNANDEZ, and/or by one or
25  more accomplices fleeing the scene with one or more pieces of jewelry; whereby the
26  Defendant is responsible under one or more of the following principles of criminal liability,
27  to-wit:  (1) by actually committing said offense; (2) by knowingly and intentionally aiding or
28  ///

1    abetting in its perpetration; and/or (3) by conspiring with others whereby the Defendant is

2    liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.

BY    _David Roger_

DAVID ROGER
DISTRICT ATTORNEY
Nevada Bar #002781

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

DA#07F16888X/jmj
LVMPD EV#0706261424
1ST DEG KWDW; CONSP ROBB; RWDW - F
(TK5)

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273739-335

4

Electronically Filed
02/04/2008 02:50:55 PM

*CRaig SPC*

CLERK OF THE COURT

1   **AINF**
    DAVID ROGER
2   Clark County District Attorney
    Nevada Bar #002781
3   TINA SEDLOCK
    Deputy District Attorney
4   Nevada Bar #009286
    200 Lewis Avenue
5   Las Vegas, Nevada 89155-2212
    (702) 671-2500
6   Attorney for Plaintiff

7                 DISTRICT COURT
            CLARK COUNTY, NEVADA
8

9   THE STATE OF NEVADA,       )

10           Plaintiff,      )   Case No:    C236921
                       )   Dept No:    XIV
11     -vs-              )

12   STEPHONE WHITNEY,      )       SECOND
    #2647736             )
13                      )   A M E N D E D
          Defendant.    )
14   ──────────────────────────   I N F O R M A T I O N

15   STATE OF NEVADA    )
                       } ss.
16   COUNTY OF CLARK   )

17        DAVID ROGER, District Attorney within and for the County of Clark, State of

18   Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19        That STEPHONE WHITNEY, the Defendant(s) above named, having committed the

20   crimes of **FIRST DEGREE KIDNAPPING (Category A Felony - NRS 200.310,**

21   **200.320); CONSPIRACY TO COMMIT ROBBERY (Category B Felony - NRS**

22   **199.480, 200.380) and ROBBERY WITH USE OF A DEADLY WEAPON (Category B**

23   **Felony - NRS 200.380, 193.165)**, on or about the 26th day of June, 2007, within the County

24   of Clark, State of Nevada, contrary to the form, force and effect of statutes in such cases

25   made and provided, and against the peace and dignity of the State of Nevada,

26   <u>COUNT 1</u> - FIRST DEGREE KIDNAPPING

27       did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

28   GREGORY FORD and an unidentified confederate, wilfully, unlawfully, feloniously, and

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-335\

1   without authority of law, seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, or

2   carry away BEATRIZ HERNANDEZ, a human being, with the intent to hold or detain the

3   said BEATRIZ HERNANDEZ against her will, and without her consent, for the purpose of

4   committing robbery, said offense being committed by one or more of the following means,

5   to-wit:  by the Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

6   GREGORY FORD and an unidentified confederate acting in concert, by entering into a

7   course of conduct as accomplices, by escorting each other to the scene, by acting as look-out

8   for each other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to

9   drive them away, by one or more accomplices entering said business with one or more of

10   said accomplices carrying and/or displaying a firearm and/or handgun, by one or more

11   accomplices providing support in numbers upon jointly entering said business and/or

12   accosting the occupants therein with said weapons, by accomplice THURMAN NICKELAS

13   HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a bathroom;

14   whereby the Defendant is responsible under one or more of the following principles of

15   criminal liability, to-wit:  (1) by actually committing said offense; (2) by knowingly and

16   intentionally aiding or abetting in its perpetration; and/or (3) by conspiring with others

17   whereby the Defendant is liable for the acts of accomplices committed in furtherance of the

18   conspiracy for this offense.

19   COUNT 2 - CONSPIRACY TO COMMIT ROBBERY

20       did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE

21   MASON and GREGORY FORD and between themselves, and each of them with the other,

22   wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:  robbery,

23   and in furtherance of said conspiracy, Defendant did commit the acts as set forth in Count 3,

24   said acts being incorporated by this reference as though fully set forth herein.

25   COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON

26       did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

27   GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and

28   feloniously take personal property, to-wit: jewelry, from the person of KENNETH

1    KALBACH and/or the person of DENNIS ZANE HOUSTON and/or the person of

2    BEATRIZ HERNANDEZ, or in their presence, by means of force or violence or fear of

3    injury to, and without the consent and against the will of the said KENNETH KALBACH

4    and/or DENNIS ZANE HOUSTON and/or BEATRIZ HERNANDEZ, said Defendant using

5    a deadly weapon, to-wit: a firearm and/or other handgun, during the commission of said

6    crime, said offense being committed by one or more of the following means, to-wit:  by the

7    Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY

8    FORD and an unidentified confederate acting in concert, by entering into a course of

9    conduct as accomplices, by escorting each other to the scene, by acting as look-out for each

10   other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them

11   away, by the other accomplices entering the GOLD DOCTOR and/or C & H

12   ENTERPRISES business with one or more of said accomplices displaying handguns, by one

13   or more accomplices providing support in numbers upon jointly entering said business

14   and/or accosting the owners and/or employees BEATRIZ HERNANDEZ, KENNETH

15   KALBACH and/or DENNIS ZANE HOUSTON, by accomplice THURMAN NICKELAS

16   HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a back bathroom; by

17   one or more accomplices standing guard and/or watching employee BEATRIZ

18   HERNANDEZ remain in the back bathroom, by one or more accomplices rummaging

19   through and/or taking several pieces of jewelry from store display cases, by accomplice

20   GREGORY FORD shooting a handgun and/or fighting over a handgun with

21   employee/owners KENNETH KALBACH and/or DENNIS ZANE HOUSTON, by the

22   Defendant punching at or toward employee BEATRIZ HERNANDEZ, and/or by one or

23   more accomplices fleeing the scene with one or more pieces of jewelry; whereby the

24   Defendant is responsible under one or more of the following principles of criminal liability,

25   to-wit:  (1) by actually committing said offense; (2) by knowingly and intentionally aiding or

26   ///

27   ///

28   ///

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-335...

3

1  abetting in its perpetration; and/or (3) by conspiring with others whereby the Defendant is

2  liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.

BY

DAVID ROGER
DISTRICT ATTORNEY
Nevada Bar #002781

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

DA#07F16888X/jmj
LVMPD EV#0706261424
1ST DEG KIDNAP; CONSP ROBB; RWDW - F
(TK5)

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-335

4

000087

ORIGINAL

1 | **GMEM**
2 | DAVID ROGER
   | DISTRICT ATTORNEY
3 | Nevada Bar #002781
   | TINA SEDLOCK
4 | Deputy District Attorney
   | Nevada Bar #009286
5 | 200 Lewis Avenue
   | Las Vegas, NV 89155-2212
6 | (702) 671-2500
   | Attorney for Plaintiff

FILED IN OPEN COURT
FEB 05 2008
_____ 20 ___
CHARLES J. SHORT
CLERK OF THE COURT
BY _Linda Skinner_
DEPUTY
LINDA SKINNER

7 | DISTRICT COURT

8 | CLARK COUNTY, NEVADA

9 | THE STATE OF NEVADA,

10 |                    Plaintiff,       CASE NO:    C236921
                                        DEPT NO:    XIV
11 |     -vs-

12 | STEPHONE WHITNEY,
    | #2647736

13 |

14 |                    Defendant. _____ )

15 |                   GUILTY PLEA AGREEMENT

16 |     I hereby agree to plead guilty to:  FIRST DEGREE KIDNAPPING (Category A

17 | Felony - NRS 200.310, 200.320); CONSPIRACY TO COMMIT ROBBERY (Category B

18 | Felony - NRS 199.480, 200.380) and ROBBERY WITH USE OF A DEADLY WEAPON

19 | (Category B Felony - NRS 200.380, 193.165); as more fully alleged in the charging

20 | document attached hereto as Exhibit "1".

21 |     My decision to plead guilty is based upon the plea agreement in this case which is as

22 | follows:

23 |     The State has agreed to retain the right to argue at rendition of sentence.

24 |                   CONSEQUENCES OF THE PLEA

25 |     I understand that by pleading guilty I admit the facts which support all the elements of

26 | the offense(s) to which I now plead as set forth in Exhibit "1".

27 |     As to **COUNT 1,** I understand that as a consequence of my plea of guilty the Court

28 | must sentence me to imprisonment in the Nevada Department of Corrections for life with the

P:\WPDOCS\INF\716\71688803.doc

1     possibility of parole with parole eligibility beginning at five (5) years OR for a definite term

2     of fifteen (15) years with eligibility for parole beginning at five (5) years.

3         As to **COUNT 2**, the Court must sentence me to imprisonment in the Nevada

4     Department of Corrections for a minimum term of not less than one (1) year and a maximum

5     term of not more than six (6) years. The minimum term of imprisonment may not exceed

6     forty percent (40%) of the maximum term of imprisonment.

7         As to **COUNT 3**, the Court must sentence me to imprisonment in the Nevada

8     Department of Corrections for a minimum term of not less than two (2) years and a

9     maximum term of not more than fifteen (15) years plus an equal and consecutive term for

10    use of a deadly weapon. The minimum term of imprisonment may not exceed forty percent

11    (40%) of the maximum term of imprisonment.

12        I understand that the law requires me to pay an Administrative Assessment Fee.

13        I understand that, if appropriate, I will be ordered to make restitution to the victim of

14    the offense(s) to which I am pleading guilty and to the victim of any related offense which is

15    being dismissed or not prosecuted pursuant to this agreement. I will also be ordered to

16    reimburse the State of Nevada for any expenses related to my extradition, if any.

17        I understand that I am not eligible for probation for the offense to which I am leading

18    guilty.

19        I understand that if more than one sentence of imprisonment is imposed and I am

20    eligible to serve the sentences concurrently, the sentencing judge has the discretion to order

21    the sentences served concurrently or consecutively.

22        I also understand that information regarding charges not filed, dismissed charges, or

23    charges to be dismissed pursuant to this agreement may be considered by the judge at

24    sentencing.

25        I have not been promised or guaranteed any particular sentence by anyone. I know

26    that my sentence is to be determined by the Court within the limits prescribed by statute.

27        I understand that if my attorney or the State of Nevada or both recommend any

28    specific punishment to the Court, the Court is not obligated to accept the recommendation.

2

1    I understand that if the State of Nevada has agreed to recommend or stipulate a

2    particular sentence or has agreed not to present argument regarding the sentence, or agreed

3    not to oppose a particular sentence, or has agreed to disposition as a gross misdemeanor

4    when the offense could have been treated as a felony, such agreement is contingent upon my

5    appearance in court on the initial sentencing date (and any subsequent dates if the sentencing

6    is continued).  I understand that if I fail to appear for the scheduled sentencing date or I

7    commit a new criminal offense prior to sentencing the State of Nevada would regain the full

8    right to argue for any lawful sentence.

9    I understand if the offense(s) to which I am pleading guilty to was committed while I

10   was incarcerated on another charge or while I was on probation or parole that I am not

11   eligible for credit for time served toward the instant offense(s).

12   I understand that as a consequence of my plea of guilty, if I am not a citizen of the

13   United States, I may, in addition to other consequences provided for by federal law, be

14   removed, deported, excluded from entry into the United States or denied naturalization.

15   I understand that the Division of Parole and Probation will prepare a report for the

16   sentencing judge prior to sentencing. This report will include matters relevant to the issue of

17   sentencing, including my criminal history.  This report may contain hearsay information

18   regarding my background and criminal history.  My attorney and I will each have the

19   opportunity to comment on the information contained in the report at the time of sentencing.

20   Unless the District Attorney has specifically agreed otherwise, then the District Attorney

21   may also comment on this report.

22                               WAIVER OF RIGHTS

23   By entering my plea of guilty, I understand that I am waiving and forever giving up

24   the following rights and privileges:

25   1. The constitutional privilege against self-incrimination, including the right to refuse

26   to testify at trial, in which event the prosecution would not be allowed to comment to the

27   jury about my refusal to testify.

28   2. The constitutional right to a speedy and public trial by an impartial jury, free of

3

1   excessive pretrial publicity prejudicial to the defense, at which trial I would be entitled to the
2   assistance of an attorney, either appointed or retained.    At trial the State would bear the
3   burden of proving beyond a reasonable doubt each element of the offense charged.

4        3.  The constitutional right to confront and cross-examine any witnesses who would
5   testify against me.

6        4.  The constitutional right to subpoena witnesses to testify on my behalf.

7        5.  The constitutional right to testify in my own defense.

8        6.  The right to appeal the conviction, with the assistance of an attorney, either
9   appointed or retained, unless the appeal is based upon reasonable constitutional jurisdictional
10  or other grounds that challenge the legality of the proceedings and except as otherwise
11  provided in subsection 3 of NRS 174.035.

12                                VOLUNTARINESS OF PLEA

13       I have discussed the elements of all of the original charge(s) against me with my
14  attorney and I understand the nature of the charge(s) against me.

15       I understand that the State would have to prove each element of the charge(s) against
16  me at trial.

17       I have discussed with my attorney any possible defenses, defense strategies and
18  circumstances which might be in my favor.

19       All of the foregoing elements, consequences, rights, and waiver of rights have been
20  thoroughly explained to me by my attorney.

21       I believe that pleading guilty and accepting this plea bargain is in my best interest,
22  and that a trial would be contrary to my best interest.

23       I am signing this agreement voluntarily, after consultation with my attorney, and I am
24  not acting under duress or coercion or by virtue of any promises of leniency, except for those
25  set forth in this agreement.

26       I am not now under the influence of any intoxicating liquor, a controlled substance or
27  other drug which would in any manner impair my ability to comprehend or understand this
28  agreement or the proceedings surrounding my entry of this plea.

4

1    My attorney has answered all my questions regarding this guilty plea agreement and

2    its consequences to my satisfaction and I am satisfied with the services provided by my

3    attorney.

4    DATED this ⁵ day of February, 2008.

5

6    STEPHONE WHITNEY
     Defendant

7

8    AGREED TO BY:

9

10   TINA SEDLOCK
     Deputy District Attorney
11   Nevada Bar #009286

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

CERTIFICATE OF COUNSEL:

I, the undersigned, as the attorney for the Defendant named herein and as an officer of the court hereby certify that:

1. I have fully explained to the Defendant the allegations contained in the charge(s) to which guilty pleas are being entered.

2. I have advised the Defendant of the penalties for each charge and the restitution that the Defendant may be ordered to pay.

3. All pleas of guilty offered by the Defendant pursuant to this agreement are consistent with the facts known to me and are made with my advice to the Defendant.

4. To the best of my knowledge and belief, the Defendant:

     a. Is competent and understands the charges and the consequences of pleading guilty as provided in this agreement.

     b. Executed this agreement and will enter all guilty pleas pursuant hereto voluntarily.

     c. Was not under the influence of intoxicating liquor, a controlled substance or other drug at the time I consulted with the defendant as certified in paragraphs 1 and 2 above.

Dated: This 5 day of February, 2008.

ATTORNEY FOR DEFENDANT

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

jmj

6

Electronically Filed
02/04/2008 02:50:55 PM

CLERK OF THE COURT

1  AINF
   DAVID ROGER
2  Clark County District Attorney
   Nevada Bar #002781
3  TINA SEDLOCK
   Deputy District Attorney
4  Nevada Bar #009286
   200 Lewis Avenue
5  Las Vegas, Nevada 89155-2212
   (702) 671-2500
6  Attorney for Plaintiff

7                    DISTRICT COURT
                 CLARK COUNTY, NEVADA
8

9  THE STATE OF NEVADA,            )
10              Plaintiff,         )      Case No:      C236921
                                   )      Dept No:      XIV
11      -vs-                       )
                                   )          SECOND
12 STEPHONE WHITNEY,               )
   #2647736                        )      A M E N D E D
13                                 )
                Defendant.         )      I N F O R M A T I O N
14 _____)

15 STATE OF NEVADA    )
                      ) ss.
16 COUNTY OF CLARK    )

17     DAVID ROGER, District Attorney within and for the County of Clark, State of

18 Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19     That STEPHONE WHITNEY, the Defendant(s) above named, having committed the

20 crimes of **FIRST DEGREE KIDNAPPING (Category A Felony - NRS 200.310,**

21 **200.320); CONSPIRACY TO COMMIT ROBBERY (Category B Felony - NRS**

22 **199.480, 200.380) and ROBBERY WITH USE OF A DEADLY WEAPON (Category B**

23 **Felony - NRS 200.380, 193.165)**, on or about the 26th day of June, 2007, within the County

24 of Clark, State of Nevada, contrary to the form, force and effect of statutes in such cases

25 made and provided, and against the peace and dignity of the State of Nevada,

26 COUNT 1 - FIRST DEGREE KIDNAPPING

27     did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,

28 GREGORY FORD and an unidentified confederate, wilfully, unlawfully, feloniously, and

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-13526:

EXHIBIT "1"

1   without authority of law, seize, confine, inveigle, entice, decoy, abduct, conceal, kidnap, or
2   carry away BEATRIZ HERNANDEZ, a human being, with the intent to hold or detain the
3   said BEATRIZ HERNANDEZ against her will, and without her consent, for the purpose of
4   committing robbery, said offense being committed by one or more of the following means,
5   to-wit:  by the Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON,
6   GREGORY FORD and an unidentified confederate acting in concert, by entering into a
7   course of conduct as accomplices, by escorting each other to the scene, by acting as look-out
8   for each other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to
9   drive them away, by one or more accomplices entering said business with one or more of
10  said accomplices carrying and/or displaying a firearm and/or handgun, by one or more
11  accomplices providing support in numbers upon jointly entering said business and/or
12  accosting the occupants therein with said weapons, by accomplice THURMAN NICKELAS
13  HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a bathroom;
14  whereby the Defendant is responsible under one or more of the following principles of
15  criminal liability, to-wit:  (1) by actually committing said offense; (2) by knowingly and
16  intentionally aiding or abetting in its perpetration; and/or (3) by conspiring with others
17  whereby the Defendant is liable for the acts of accomplices committed in furtherance of the
18  conspiracy for this offense.

19  COUNT 2 - CONSPIRACY TO COMMIT ROBBERY
20          did then and there meet with THURMAN NICKELAS HALL, MIYA PATRIECE
21  MASON and GREGORY FORD and between themselves, and each of them with the other,
22  wilfully, unlawfully, and feloniously conspire and agree to commit a crime, to-wit:  robbery,
23  and in furtherance of said conspiracy, Defendant did commit the acts as set forth in Count 3,
24  said acts being incorporated by this reference as though fully set forth herein.

25  COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON
26          did together with THURMAN NICKELAS HALL, MIYA PATRIECE MASON,
27  GREGORY FORD and an unidentified confederate then and there wilfully, unlawfully, and
28  feloniously take personal property, to-wit: jewelry, from the person of KENNETH

1   KALBACH and/or the person of DENNIS ZANE HOUSTON and/or the person of

2   BEATRIZ HERNANDEZ, or in their presence, by means of force or violence or fear of

3   injury to, and without the consent and against the will of the said KENNETH KALBACH

4   and/or DENNIS ZANE HOUSTON and/or BEATRIZ HERNANDEZ, said Defendant using

5   a deadly weapon, to-wit: a firearm and/or other handgun, during the commission of said

6   crime, said offense being committed by one or more of the following means, to-wit:  by the

7   Defendant, THURMAN NICKELAS HALL, MIYA PATRIECE MASON, GREGORY

8   FORD and an unidentified confederate acting in concert, by entering into a course of

9   conduct as accomplices, by escorting each other to the scene, by acting as look-out for each

10   other, by accomplice MIYA PATRIECE MASON waiting in the get-away car to drive them

11   away, by the other accomplices entering the GOLD DOCTOR and/or C & H

12   ENTERPRISES business with one or more of said accomplices displaying handguns, by one

13   or more accomplices providing support in numbers upon jointly entering said business

14   and/or accosting the owners and/or employees BEATRIZ HERNANDEZ, KENNETH

15   KALBACH and/or DENNIS ZANE HOUSTON, by accomplice THURMAN NICKELAS

16   HALL displaying a firearm and moving BEATRIZ HERNANDEZ into a back bathroom; by

17   one or more accomplices standing guard and/or watching employee BEATRIZ

18   HERNANDEZ remain in the back bathroom, by one or more accomplices rummaging

19   through and/or taking several pieces of jewelry from store display cases, by accomplice

20   GREGORY FORD shooting a handgun and/or fighting over a handgun with

21   employee/owners KENNETH KALBACH and/or DENNIS ZANE HOUSTON, by the

22   Defendant punching at or toward employee BEATRIZ HERNANDEZ, and/or by one or

23   more accomplices fleeing the scene with one or more pieces of jewelry; whereby the

24   Defendant is responsible under one or more of the following principles of criminal liability,

25   to-wit:  (1) by actually committing said offense; (2) by knowingly and intentionally aiding or

26   ///

27   ///

28   ///

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-\3526;

3

1  abetting in its perpetration; and/or (3) by conspiring with others whereby the Defendant is

2  liable for the acts of accomplices committed in furtherance of the conspiracy for this offense.

3

4

5

6  BY

7  DAVID ROGER
   DISTRICT ATTORNEY
8  Nevada Bar #002781

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  DA#07F16888X/jmj
27  LVMPD EV#0706261424
   1ST DEG KIDNAP; CONSP ROBB; RWDW - F
28  (TK5)

C:\PROGRAM FILES\NEEVIA.COM\DOCUMENT CONVERTER\TEMP\273858-\3526\
4

JOCP

ORIGINAL

FILED

APR 2  10 06 AM '08

CLERK OF THE COURT

DISTRICT COURT

CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

               Plaintiff,

       -vs-

STEPHONE WHITNEY
#2647736

             Defendant.

CASE NO.  C236921

DEPT. NO.  XIV

## JUDGMENT OF CONVICTION

### (PLEA OF GUILTY)

    The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crimes of COUNT 1 – FIRST DEGREE KIDNAPING (Category A Felony) in violation of NRS 200.310, 200.320, COUNT 2 – CONSPIRACY TO COMMIT ROBBERY (Category B Felony) in violation of NRS 199.480, 200.380,  and  COUNT 3 – ROBBERY WITH USE OF A DEADLY WEAPON (Category B Felony) in violation of NRS 193.165, 200.380; thereafter, on the 26th day of March, 2008, the Defendant was present in court for sentencing with his counsel, KENNETH FRIZZELL, ESQ., and good cause appearing,

RECEIVED

APR 0 2 2008

CLERK OF THE COURT

1    THE DEFENDANT IS HEREBY ADJUDGED guilty of said offenses and, in

2    addition to the $25.00 Administrative Assessment Fee and $150.00 DNA Analysis Fee

3    including testing to determine genetic markers, the Defendant is sentenced to the

4    
5    Nevada Department of Corrections (NDC) as follows:  AS TO COUNT 1 - TO A

6    MAXIMUM of ONE HUNDRED FIFTY-SIX (156) MONTHS with a MINIMUM parole

7    eligibility of FORTY-EIGHT (48) MONTHS; AS TO COUNT 2 - TO A MAXIMUM of

8    FORTY-EIGHT (48) MONTHS with a MINIMUM parole eligibility of TWELVE (12)

9    
10   MONTHS, COUNT 2 to run CONCURRENT with COUNT 1; AS TO COUNT 3 - TO A

11   MAXIMUM of ONE HUNDRED TWENTY (120) MONTHS and a MINIMUM parole

12   eligibility of TWENTY-SIX (26) MONTHS, plus an EQUAL and CONSECUTIVE term of

13   ONE HUNDRED TWENTY (120) MONTHS MAXIMUM and TWENTY-SIX (26)

14   MONTHS MINIMUM for the Use of a Deadly Weapon, COUNT 3 to run CONCURRENT

15   
16   with COUNT 2; with TWO HUNDRED SEVENTY-TWO (272) DAYS credit for time

17   served.

18   

19   DATED this ___31st___ day of March, 2008

20   

21   

22   DONALD M. MOSLEY

23   DISTRICT JUDGE

24   

25   

26   JAN 19 2021

27   CERTIFIED COPY
     DOCUMENT ATTACHED IS A
     TRUE AND CORRECT COPY
28   OF THE DOCUMENT ON FILE

        2              S:\Forms\JOC-Plea 2 Ct/3/27/2008

07C236921

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | **COURT MINUTES** | September 24, 2007 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| September 24, 2007 | 9:00 AM | **Initial Arraignment** | **INITIAL ARRAIGNMENT Court Clerk: Sharry Frascarelli Relief Clerk: Conan Vanderbusse/cv Reporter/Recorder: Kiara Schmidt Heard By: J. CHARLES THOMPSON** |
|---|---|---|---|

**HEARD BY:**                          **COURTROOM:**  No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
| Thomas, Michelle L. | Attorney |
| Whitney, Stephone | Defendant |

## JOURNAL ENTRIES

- DEFT. WHITNEY ARRAIGNED, PLED NOT GUILTY and INVOKED THE 60-DAY RULE.  COURT ORDERED, matter set for trial.
CUSTODY
11/20/07 9:00 AM  CALENDAR CALL (DEPT 14)
11/26/07 1:30 PM  JURY TRIAL (DEPT 14)

| PRINT DATE:   01/19/2021 | Page 1 of 7 | Minutes Date:   September 24, 2007 |
|---|---|---|

07C236921

000101

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | October 24, 2007 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

**October 24, 2007**     **9:00 AM**     **Status Check**

**HEARD BY:**                         **COURTROOM:**

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

### JOURNAL ENTRIES

000102

**07C236921**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | October 24, 2007 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| October 24, 2007 | 9:00 AM | Status Check | **STATUS CHECK: DISCOVERY AND TRIAL  Court Clerk: Linda Skinner Reporter/Recorder: Joe D'Amato  Heard By: JOSEPH BONAVENTURE** |
|---|---|---|---|

**HEARD BY:**                                          **COURTROOM:**  No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| | Frizzell III, Kenneth G. | Attorney |
|---|---|---|
| | Nance, Aaron M. | Attorney |
| | Whitney, Stephone | Defendant |

## JOURNAL ENTRIES

- Mr. Frizzell advised he has all of the discovery and is ready for trial. COURT ORDERED, matter RESOLVED.
CUSTODY

PRINT DATE:    01/19/2021                    Page 4 of 7          Minutes Date:    September 24, 2007

**07C236921**

PRINT DATE:    01/19/2021          Page 5 of 7          Minutes Date:    September 24, 2007

000104

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | November 20, 2007 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| November 20, 2007 | 9:00 AM | Calendar Call | **CALENDAR CALL**<br>**Court Clerk: Linda Skinner**<br>**Reporter/Recorder: Joe D'Amato  Heard By: Donald Mosley** |
|---|---|---|---|

**HEARD BY:**

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| | | |
|---|---|---|
| Frizzell III, Kenneth G. | Attorney |
| Sedlock, Priyanka T. | Attorney |
| Whitney, Stephone | Defendant |

### JOURNAL ENTRIES

- Court noted this matter was discussed in chambers and that it maybe resolved.  Mr. Frizzell stated they are very close to negotiations, would request the trial date be vacated and reset and that Defendant will waive the 60 day rule.  Ms. Sedlock had no objection.  COURT ORDERED, trial date VACATED and RESET.
CUSTODY
1/8/08 9:00 AM  CALENDAR CALL
1/14/08  1:30 PM  JURY TRIAL

| PRINT DATE: | 01/19/2021 | Page 6 of 7 | Minutes Date: | September 24, 2007 |
|---|---|---|---|---|

000105

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | November 26, 2007 |
| --- | --- | --- |

| 07C236921 | The State of Nevada vs Stephone Whitney |
| --- | --- |

**November 26, 2007**   **1:30 PM**   **Jury Trial**

**HEARD BY:**                    **COURTROOM:**

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES
PRESENT:**

### JOURNAL ENTRIES

JAN 19 2021
CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

PRINT DATE:   01/19/2021            Page 7 of 7      Minutes Date:   September 24, 2007

07C236921

# DISTRICT COURT
## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | January 08, 2008 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| January 08, 2008 | 9:00 AM | Calendar Call | CALENDAR CALL<br>Court Clerk: Linda Skinner<br>Reporter/Recorder: Maureen Schorn<br>Heard By: Mosley, Donald M. |
|---|---|---|---|

**HEARD BY:**

**COURTROOM:** No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
|---|---|
| Rickert, David J. | Attorney |
| Whitney, Stephone | Defendant |

## JOURNAL ENTRIES

- Upon Court's inquiry, Mr. Frizzell advised he is ready for trial. Mr. Rickert advise the State is close to being ready and requested a continuance to Thursday. COURT SO ORDERED.
CUSTODY

PRINT DATE:   01/19/2021          Page 1 of 8          Minutes Date:   January 08, 2008

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | January 10, 2008 |
| --- | --- | --- |

| 07C236921 | The State of Nevada vs Stephone Whitney |
| --- | --- |

| January 10, 2008 | 9:00 AM | Calendar Call | **CALENDAR CALL**<br>**Court Clerk: Linda**<br>**Skinner**<br>**Reporter/Recorder:**<br>**Maureen Schorn**<br>**Heard By: Donald**<br>**Mosley** |
| --- | --- | --- | --- |

**HEARD BY:**                                    **COURTROOM:**  No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES**
**PRESENT:**          Frizzell III, Kenneth G.              Attorney
                     Sedlock, Priyanka T.                 Attorney
                     Whitney, Stephone                    Defendant

### JOURNAL ENTRIES

- Court noted this matter was discussed in chambers.  Mr. Frizzell concurred and advised a plea has been offered, however, he would request a continuance to speak with Defendant and Defendant's parents about the plea.  Further, there is a hearing on the writ with the co-defendant in the other case and would request a 3 week continuance.  Ms. Sedlock had no objection. COURT ORDERED, trial date VACATED and set for status check in 3 weeks.
CUSTODY
1/31/08  9:00 AM  STATUS CHECK: TRIAL SETTING

PRINT DATE:    01/19/2021              Page 2 of 8          Minutes Date:    January 08, 2008

**07C236921**

PRINT DATE:   01/19/2021          Page 3 of 8          Minutes Date:   January 08, 2008

000109

07C236921

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | January 14, 2008 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

**January 14, 2008**       **1:30 PM**       **Jury Trial**

**HEARD BY:**                                    **COURTROOM:**

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

### JOURNAL ENTRIES

PRINT DATE:   01/19/2021              Page 4 of 8       Minutes Date:   January 08, 2008

07C236921

# DISTRICT COURT

# CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | January 31, 2008 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| January 31, 2008 | 9:00 AM | Status Check | STATUS CHECK: TRIAL SETTING/NEGOTIATIONS  Court Clerk: Linda Skinner/ls Relief Clerk: Becky Foster Reporter/Recorder: Joe D'Amato  Heard By: Mosley, Donald M. |
|---|---|---|---|

**HEARD BY:**

**COURTROOM:**  No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
| Stege, Amos R. | Attorney |
| Whitney, Stephone | Defendant |

## JOURNAL ENTRIES

- Mr. Frizzell advised Defendant is only 17; he was able to speak to Defendant's parents regarding the negotiations, however, has not been able to speak to Defendant.  Mr. Frizzell requested a short continuance.  Mr. Stege had no objection.  COURT ORDERED, matter CONTINUED. CUSTODY

| PRINT DATE: | 01/19/2021 | Page 5 of 8 | Minutes Date: | January 08, 2008 |
|---|---|---|---|---|

07C236921

PRINT DATE:    01/19/2021                    Page 6 of 8          Minutes Date:    January 08, 2008

**07C236921**

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | **COURT MINUTES** | February 05, 2008 |
|---|---|---|

07C236921          The State of Nevada vs Stephone Whitney

| February 05, 2008 | 9:00 AM | **Status Check** | **STATUS CHECK: TRIAL SETTING/NEGOTIA TIONS  Court Clerk: Linda Skinner/ls Relief Clerk: Becky Foster Reporter/Recorder: Joe D'Amato  Heard By: Donald Mosley** |
|---|---|---|---|

**HEARD BY:**                                    **COURTROOM:**  No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**
          Frizzell III, Kenneth G.          Attorney
          Miller, James J.          Attorney
          Whitney, Stephone          Defendant

## JOURNAL ENTRIES

- Mr. Frizzell advised matter is resolved.  Mr. Miller advised the Second Amended Information was filed yesterday.  Guilty Plea Agreement FILED IN OPEN COURT.  NEGOTIATIONS: State retains the right to argue at time of sentencing.  Mr. Miller concurred.  DEFENDANT WHITNEY WITHDREW NOT GUILTY PLEA AND PLED GUILTY to COUNT 1 - FIRST DEGREE KIDNAPPING (F); COUNT 2 - CONSPIRACY TO COMMIT ROBBERY (F) and COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON (F).  Court ACCEPTED pleas; referred matter to the

PRINT DATE:     01/19/2021                    Page 7 of 8          Minutes Date:     January 08, 2008

**07C236921**

Division of Parole and Probation for a Pre-sentence Investigation Report and ORDERED, set for sentencing.
CUSTODY
3/26/08  9:00 AM  SENTENCING

JAN 1 9 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY

PRINT DATE:    01/19/2021                    Page 8 of 8          Minutes Date:    January 08, 2008

**07C236921**

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | March 26, 2008 |
|---|---|---|

| 07C236921 | The State of Nevada vs Stephone Whitney |
|---|---|

| March 26, 2008 | 9:00 AM | Sentencing | SENTENCING<br>Court Clerk: Linda Skinner<br>Reporter/Recorder: Maureen Schorn<br>Heard By: Donald Mosley |
|---|---|---|---|

**HEARD BY:**  **COURTROOM:**  No Location

**COURT CLERK:**

**RECORDER:**

**REPORTER:**

**PARTIES PRESENT:**

| Frizzell III, Kenneth G. | Attorney |
| Rickert, David J. | Attorney |
| Whitney, Stephone | Defendant |

## JOURNAL ENTRIES

- By virtue of his plea, DEFENDANT WHITNEY ADJUDGED GUILTY of COUNT 1 - FIRST DEGREE KIDNAPPING (F); COUNT 2 - CONSPIRACY TO COMMIT ROBBERY (F) and COUNT 3 - ROBBERY WITH USE OF A DEADLY WEAPON (F).  Statements by Mr. Rickert, Defendant and Mr. Frizzell.  COURT ORDERED, DEFENDANT SENTENCED to the Nevada Department of Corrections as to: COUNT 1 - a MAXIMUM term of ONE HUNDRED FIFTY-SIX (156) MONTHS with a MINIMUM parole eligibility of FORTY-EIGHT (48) MONTHS, and; COUNT 2 - a MAXIMUM term of FORTY-EIGHT (48) MONTHS with a MINIMUM parole eligibility of TWELVE (12) MONTHS, to run CONCURRENT with Count 1, and; COUNT 3 - a MAXIMUM term of ONE HUNDRED TWENTY (120) MONTHS with a MINIMUM parole eligibility of TWENTY-SIX (26) MONTHS, plus an EQUAL AND CONSECUTIVE term of ONE HUNDRED TWENTY (120) MONTHS MAXIMUM

PRINT DATE:   01/19/2021        Page 1 of 2        Minutes Date:   March 26, 2008

000115

**07C236921**

with a MINIMUM parole eligibility of TWENTY-SIX (26) MONTHS, for Use of a Deadly Weapon;
Count 3 to run CONCURRENT with Count 2, with 272 days credit for time served.
Defendant was referred to the 184 Drug Program in prison.
CLERK'S NOTE:  Pursuant to statute and Pre-sentence Report, a $25 Administrative Assessment fee
and $150 DNA Analysis fee is imposed with Defendant submitting to genetic markers testing.
BOND, if any, EXONERATED.

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

PRINT DATE:    01/19/2021                Page 2 of 2          Minutes Date:    March 26, 2008

000116