Attachment B

Judgment of Conviction and extracts of record, Possession of a Controlled Substance with
Intent to Sell, in the District Court of Nevada in Clark County, Nevada, July 16, 2009,
Case No. C-19-338650

Electronically Filed
7/25/2019 2:06 PM
Steven D. Grierson
CLERK OF THE COURT

1  **JOC**
2  STEVEN B. WOLFSON
   Clark County District Attorney
3  Nevada Bar #001565
   200 Lewis Avenue
4  Las Vegas, Nevada 89155-2212
   (702) 671-2500
5  Attorney for Plaintiff

6                          DISTRICT COURT
                        CLARK COUNTY, NEVADA

7  THE STATE OF NEVADA,

8            Plaintiff,

9       -vs-                              CASE NO:   C-19-338650-1

10 STEPHON JAMES WHITNEY,                 DEPT NO:   XX
   #2647736
11
            Defendant.
12

13                    **JUDGMENT OF CONVICTION**
14                        **(PLEA OF GUILTY)**

15      The defendant previously appeared before the Court with counsel and entered a plea

16 of guilty to the crime(s) of POSSESSION OF CONTROLLED SUBSTANCE WITH

17 INTENT TO SELL (Category D Felony), in violation of NRS 453.337; thereafter, on the

18 16th day of July, 2019, the defendant was present in court for sentencing with his counsel,

19 ROBSON M. HAUSER, Deputy Public Defender, and good cause appearing,

20      THE DEFENDANT WAS HEREBY ADJUDGED guilty of said offense(s) and, in

21 addition to the $25.00 Administrative Assessment Fee, $3.00 DNA Collection fee and the

22 $60 Chemical Analysis fee with the $150 DNA Analysis fee being WAIVED as previously

23 imposed, the defendant was sentenced as follows: To the Nevada Department of Corrections

24 for a MINIMUM term of EIGHTEEN (18) MONTHS with a MAXIMUM term of FORTY-

25 EIGHT (48) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period

26 not to exceed THREE (3) YEARS.

27

28
   C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-

                                                          (WHITNEY__STEPHON)-001.DOCX

                                                                    000143

STANDARD CONDITIONS:

1. REPORTING: You are to report in person to the Division of Parole and Probation as instructed by the Division or its agent. You are required to submit a written report each month on forms supplied by the Division. This report shall be true and correct in all respects.

2. RESIDENCE: You shall not change your place of residence without first obtaining permission from the Division of Parole and Probation, in each instance.

3. INTOXICANTS: You shall not consume or possess any alcoholic beverages WHATSOEVER or recreational marijuana in Nevada or any other State where such possession is considered legal. Upon order of the Division of Parole and Probation or its agent, you shall submit to a medically recognized test for either breath, blood or urine, to determine blood, breath or urine for alcohol, marijuana or THC content.

4. CONTROLLED SUBSTANCES: You shall not use, purchase or possess any illegal drugs, or any prescription drugs, unless first prescribed by a licensed medical professional. You shall immediately notify the Division of Parole and Probation of any prescription received. You shall submit to drug testing as required by the Division or its agent. Absent further Order from the Court, a prescription does not include medical marijuana.

5. WEAPONS: You shall not possess, have access to, or have under your control, any firearm, explosive device or other dangerous weapon as defined by Federal, State or local law.

6. SEARCH: You shall submit your person, property, place of residence, vehicle, or areas under your control to search including electronic surveillance or monitoring of your location, at any time, with or without a search warrant or warrant of arrest, for evidence of a crime or violation of probation by the Division of Parole and Probation or its agent. You shall inform any other occupant of the premises where you reside or area under your control, that the premises or area may be subject to a search pursuant to this condition. As a condition of probation, you specifically consent that your Probation Officer or his or her agent acting at

2

1  your Probation Officer s direction, may search any digital storage media that you use,

2  possess or have access to, including but not limited to laptop or desk top computer, cellular

3  telephone or electronic communication device or other device capable of the electronic or

4  digital storage of information, along with any network applications associated with those

5  devices, including but not limited to social media and remote storage services for any

6  information contained on the digital storage media, including but not limited to documents,

7  photographs, text, or other messages, e-mails, phone or communication records and audio

8  recordings. You shall provide the Probation Officer or their agent any password, unlock

9  codes or account or other information necessary to access the digital storage media.

10      7. ASSOCIATES: You must have prior approval by the Division of Parole and Probation

11  to associate with any person convicted of a felony, or any person on probation or parole

12  supervision. You shall not have any contact with persons confined in a correctional

13  institution unless specific written permission has been granted by the Division and the

14  correctional institution.

15      8. DIRECTIVES AND CONDUCT: You shall follow the directives of the Division of

16  Parole and Probation.

17      9. LAWS: You shall comply with all Municipal, County, State, and Federal laws and

18  ordinances.

19      10. OUT-OF-STATE TRAVEL: You shall not leave the state without first obtaining

20  written permission from the Division of Parole and Probation.

21      11. EMPLOYMENT/PROGRAM: You shall seek and maintain legal employment, or

22  maintain a vocational or educational program approved by the Division of Parole and

23  Probation and not change such employment or program without first obtaining permission.

24  All terminations of employment or program shall be immediately reported to the Division.

25  During any period of time which you are not employed or participating in an approved

26  program full time, the Division of Parole and Probation may require you to participate in up

27  to 60 hours of community service work each month.

28                                  3

12. FINANCIAL OBLIGATION: You shall pay fees, fines, and restitution on a schedule approved by the Division of Parole and Probation. Any excess monies paid will be applied to any other outstanding fees, fines, and/or restitution, even if it is discovered after your discharge.

SPECIAL CONDITIONS:

   1. Submit to substance abuse and alcohol evaluations as deemed necessary by Parole and Probation and complete any recommended care plan, treatment or counseling program based on those evaluations.

   2. Comply with an imposed curfew by Parole and Probation as deemed necessary.

Defendant was advised the above conditions are immediately in effect upon his leaving the Courtroom and not contingent upon the filing of the Judgment of Conviction nor meeting with his Probation Officer. Further, Defendant was directed to report to Parole and Probation within 48 hours of this proceeding.

   DATED this ___25___ day of July, 2019.



DISTRICT JUDGE

ERIC JOHNSON

November 19, 2020

CERTIFIED COPY
ELECTRONIC SEAL (NRS 1.190(3))

18F13525X/ckb/L4

4

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-

(WHITNEY__STEPHON)-001.DOCX

000146

**JOC**
STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565
200 Lewis Avenue
Las Vegas, Nevada 89155-2212
(702) 671-2500
Attorney for Plaintiff

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

        Plaintiff,

    -vs-

RICHARD ENGLAND,
#2655483

        Defendant.

CASE NO:   C-19-340689-1

DEPT NO:   XX

**JUDGMENT OF CONVICTION
(PLEA OF GUILTY)**

The defendant previously appeared before the Court with counsel and entered a plea of guilty to the crime(s) of POSSESSION OF STOLEN VEHICLE (Category C Felony), in violation of NRS 205.273.3; thereafter, on the 16th day of July, 2019, the defendant was present in court for sentencing with his counsel, ALEXANDER B. BASSETT, Deputy Public Defender, and good cause appearing,

THE DEFENDANT WAS HEREBY ADJUDGED guilty of said offense(s) and, in addition to the $25.00 Administrative Assessment Fee, and the $3.00 DNA Collection fee with the $150 DNA Analysis fee being WAIVED as previously imposed, the defendant was sentenced as follows: To the Nevada Department of Corrections for a MINIMUM term of TWELVE (12) MONTHS with a MAXIMUM term of THIRTY (30) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period not to exceed EIGHTEEN (18) MONTHS.

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\19F09545-JOC-

(ENGLAND__RICHARD)-001.DOCX

ONLY CONDITION:

1. SERVE ONE HUNDRED EIGHTY (180) DAYS in the Clark County Detention Center with 65 days credit for time served.

Upon completion of above, Defendant is to be HONORABLY DISCHARGED from probation.

DATED this ___25___ day of July, 2019.

DISTRICT JUDGE
ERIC JOHNSON

19F09545X/ckb/L4

2

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\19F09545-JOC-(ENGLAND__RICHARD)-001.DOCX

000148

Electronically Filed
3/7/2019 3:32 PM
Steven D. Grierson
CLERK OF THE COURT

**INFM**
STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565
MADILYN COLE
Deputy District Attorney
Nevada Bar #014693
200 Lewis Avenue
Las Vegas, Nevada 89155-2212
(702) 671-2500
Attorney for Plaintiff

I.A. 03/18/19
10:00 AM
PD-HAUSER

### DISTRICT COURT
### CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

            Plaintiff,

    -vs-

STEPHON JAMES WHITNEY,
#2647736

            Defendant.

CASE NO:    C-19-338650-1

DEPT NO:    XX

INFORMATION

STATE OF NEVADA  )
               ) ss.
COUNTY OF CLARK  )

    STEVEN B. WOLFSON, District Attorney within and for the County of Clark, State of Nevada, in the name and by the authority of the State of Nevada, informs the Court:

    That STEPHON JAMES WHITNEY, the Defendant(s) above named, having committed the crime of **POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO SELL (Category D Felony - NRS 453.337 - NOC 51141)**, on or about the 22nd day of July, 2018, within the County of Clark, State of Nevada, contrary to the form, force and effect of statutes in such cases made and provided, and against the peace and dignity

//
//
//
//
//

ORIGINAL

FILED IN OPEN COURT
STEVEN D. GRIERSON
CLERK OF THE COURT

MAR 18 2019

*Krista Brown*
KRISTEN BROWN, DEPUTY

1  **GPA**
   STEVEN B. WOLFSON
2  Clark County District Attorney
   Nevada Bar #001565
3  MADILYN COLE
   Deputy District Attorney
4  Nevada Bar #014693
   200 Lewis Avenue
5  Las Vegas, NV 89155-2212
   (702) 671-2500
6  Attorney for Plaintiff

7                    DISTRICT COURT
                  CLARK COUNTY, NEVADA
8

9  THE STATE OF NEVADA,

10                 Plaintiff,

11        -vs-                          CASE NO:   C-19-338650-1

12  STEPHON JAMES WHITNEY,              DEPT NO:   XX
    #2647736
13
                   Defendant.
14

15                GUILTY PLEA AGREEMENT

16        I hereby agree to plead guilty to: **POSSESSION OF CONTROLLED SUBSTANCE**

17  **WITH INTENT TO SELL (Category D Felony - NRS 453.337 - NOC 51141)**, as more

18  fully alleged in the charging document attached hereto as Exhibit "1".

19        My decision to plead guilty is based upon the plea agreement in this case which is as

20  follows:

21        The State will make no recommendation at rendition of sentencing.   I agree to the

22  forfeiture as set forth in the Stipulation for Compromise of Seized Property which is attached

23  hereto and incorporated herein by reference as Exhibit "2".

24        I agree to the forfeiture of any and all weapons or any interest in any weapons seized

25  and/or impounded in connection with the instant case and/or any other case negotiated in

26  whole or in part in conjunction with this plea agreement.

27  //

28  //

C-19-338650-1
GPA
Guilty Plea Agreement
4823786

W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY_STEPHON)-001.DOCX

000118

1    I understand and agree that, if I fail to interview with the Department of Parole and
2    Probation, fail to appear at any subsequent hearings in this case, or an independent magistrate,
3    by affidavit review, confirms probable cause against me for new criminal charges including
4    reckless driving or DUI, but excluding minor traffic violations, the State will have the
5    unqualified right to argue for any legal sentence and term of confinement allowable for the
6    crime(s) to which I am pleading guilty, including the use of any prior convictions I may have
7    to increase my sentence as an habitual criminal to five (5) to twenty (20) years, life without
8    the possibility of parole, life with the possibility of parole after ten (10) years, or a definite
9    twenty-five (25) year term with the possibility of parole after ten (10) years.

10    Otherwise I am entitled to receive the benefits of these negotiations as stated in this
11    plea agreement.

12                                CONSEQUENCES OF THE PLEA

13    I understand that by pleading guilty I admit the facts which support all the elements of
14    the offense(s) to which I now plead as set forth in Exhibit "1".

15    I understand that as a consequence of my plea of guilty The Court must sentence me to
16    imprisonment in the Nevada Department of Corrections for a minimum term of not less than
17    ONE (1) year and a maximum term of not more than FOUR (4) years. The minimum term of
18    imprisonment may not exceed forty percent (40%) of the maximum term of imprisonment. I
19    understand that I may also be fined up to $5,000.00. I understand that the law requires me to
20    pay an Administrative Assessment Fee. I also understand that a conviction of any violation of
21    NRS Chapter 453, the Uniform Controlled Substance Act, requires that I pay a controlled
22    substance analysis fee.

23    I understand that, if appropriate, I will be ordered to make restitution to the victim of
24    the offense(s) to which I am pleading guilty and to the victim of any related offense which is
25    being dismissed or not prosecuted pursuant to this agreement. I will also be ordered to
26    reimburse the State of Nevada for any expenses related to my extradition, if any.

27    I understand that I am eligible for probation for the offense to which I am pleading
28    guilty. I understand that, except as otherwise provided by statute, the question of whether I

2

1   receive probation is in the discretion of the sentencing judge.

2       I understand that I must submit to blood and/or saliva tests under the Direction of the

3   Division of Parole and Probation to determine genetic markers and/or secretor status.

4       I understand that if I am pleading guilty to charges of Burglary, Invasion of the Home,

5   Possession of a Controlled Substance with Intent to Sell, Sale of a Controlled Substance, or

6   Gaming Crimes, for which I have prior felony conviction(s), I will not be eligible for probation

7   and may receive a higher sentencing range.

8       I understand that if more than one sentence of imprisonment is imposed and I am

9   eligible to serve the sentences concurrently, the sentencing judge has the discretion to order

10  the sentences served concurrently or consecutively.

11      I understand that information regarding charges not filed, dismissed charges, or charges

12  to be dismissed pursuant to this agreement may be considered by the judge at sentencing.

13      I have not been promised or guaranteed any particular sentence by anyone. I know that

14  my sentence is to be determined by the Court within the limits prescribed by statute.

15      I understand that if my attorney or the State of Nevada or both recommend any specific

16  punishment to the Court, the Court is not obligated to accept the recommendation.

17      I understand that if the offense(s) to which I am pleading guilty was committed while I

18  was incarcerated on another charge or while I was on probation or parole that I am not eligible

19  for credit for time served toward the instant offense(s).

20      I understand that if I am not a United States citizen, any criminal conviction will likely

21  result in serious negative immigration consequences including but not limited to:

22          1.    The removal from the United States through deportation;

23          2.    An inability to reenter the United States;

24          3.    The inability to gain United States citizenship or legal residency;

25          4.    An inability to renew and/or retain any legal residency status; and/or

26          5.    An indeterminate term of confinement, with the United States Federal
                  Government based on my conviction and immigration status.

27  //

28  //

3

1    Regardless of what I have been told by any attorney, no one can promise me that this

2    conviction will not result in negative immigration consequences and/or impact my ability to

3    become a United States citizen and/or a legal resident.

4    I understand that the Division of Parole and Probation will prepare a report for the

5    sentencing judge prior to sentencing.  This report will include matters relevant to the issue of

6    sentencing, including my criminal history.  This report may contain hearsay information

7    regarding my background and criminal history.  My attorney and I will each have the

8    opportunity to comment on the information contained in the report at the time of sentencing.

9    Unless the District Attorney has specifically agreed otherwise, the District Attorney may also

10   comment on this report.

11                                  <u>WAIVER OF RIGHTS</u>

12   By entering my plea of guilty, I understand that I am waiving and forever giving up the

13   following rights and privileges:

14       1.    The constitutional privilege against self-incrimination, including the right
to refuse to testify at trial, in which event the prosecution would not be
15           allowed to comment to the jury about my refusal to testify.

16       2.    The constitutional right to a speedy and public trial by an impartial jury,
free of excessive pretrial publicity prejudicial to the defense, at which
17           trial I would be entitled to the assistance of an attorney, either appointed
or retained.  At trial the State would bear the burden of proving beyond
18           a reasonable doubt each element of the offense(s) charged.

19       3.    The constitutional right to confront and cross-examine any witnesses who
would testify against me.

20

21       4.    The constitutional right to subpoena witnesses to testify on my behalf.

22       5.    The constitutional right to testify in my own defense.

23       6.    The right to appeal the conviction with the assistance of an attorney,
either appointed or retained, unless specifically reserved in writing and
24           agreed upon as provided in NRS 174.035(3).  I understand this means I
am unconditionally waiving my right to a direct appeal of this conviction,
25           including any challenge based upon reasonable constitutional,
jurisdictional or other grounds that challenge the legality of the
26           proceedings as stated in NRS 177.015(4).  However, I remain free to
challenge my conviction through other post-conviction remedies
     including a habeas corpus petition pursuant to NRS Chapter 34.

27   //

28   //

                                                4

## VOLUNTARINESS OF PLEA

I have discussed the elements of all of the original charge(s) against me with my attorney and I understand the nature of the charge(s) against me.

I understand that the State would have to prove each element of the charge(s) against me at trial.

I have discussed with my attorney any possible defenses, defense strategies and circumstances which might be in my favor.

All of the foregoing elements, consequences, rights, and waiver of rights have been thoroughly explained to me by my attorney.

I believe that pleading guilty and accepting this plea bargain is in my best interest, and that a trial would be contrary to my best interest.

I am signing this agreement voluntarily, after consultation with my attorney, and I am not acting under duress or coercion or by virtue of any promises of leniency, except for those set forth in this agreement.

I am not now under the influence of any intoxicating liquor, a controlled substance or other drug which would in any manner impair my ability to comprehend or understand this agreement or the proceedings surrounding my entry of this plea.

My attorney has answered all my questions regarding this guilty plea agreement and its consequences to my satisfaction and I am satisfied with the services provided by my attorney.

DATED this _18_ day of March, 2019.

STEPHON JAMES WHITNEY
Defendant

AGREED TO BY:

MADILYN COLE
Deputy District Attorney
Nevada Bar #014693

5

W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY_STEPHON)-001.DOCX

000122

CERTIFICATE OF COUNSEL:

I, the undersigned, as the attorney for the Defendant named herein and as an officer of the court hereby certify that:

1.    I have fully explained to the Defendant the allegations contained in the charge(s) to which guilty pleas are being entered.

2.    I have advised the Defendant of the penalties for each charge and the restitution that the Defendant may be ordered to pay.

3.    I have inquired of Defendant facts concerning Defendant's immigration status and explained to Defendant that if Defendant is not a United States citizen any criminal conviction will most likely result in serious negative immigration consequences including but not limited to:

   a.    The removal from the United States through deportation;

   b.    An inability to reenter the United States;

   c.    The inability to gain United States citizenship or legal residency;

   d.    An inability to renew and/or retain any legal residency status; and/or

   e.    An indeterminate term of confinement, by with United States Federal Government based on the conviction and immigration status.

   Moreover, I have explained that regardless of what Defendant may have been told by any attorney, no one can promise Defendant that this conviction will not result in negative immigration consequences and/or impact Defendant's ability to become a United States citizen and/or legal resident.

4.    All pleas of guilty offered by the Defendant pursuant to this agreement are consistent with the facts known to me and are made with my advice to the Defendant.

5.    To the best of my knowledge and belief, the Defendant:

   a.    Is competent and understands the charges and the consequences of pleading guilty as provided in this agreement,

   b.    Executed this agreement and will enter all guilty pleas pursuant hereto voluntarily, and

   c.    Was not under the influence of intoxicating liquor, a controlled substance or other drug at the time I consulted with the Defendant as certified in paragraphs 1 and 2 above.

Dated: This 18 day of March, 2019.

_____
ATTORNEY FOR DEFENDANT

ckb/L4

JAN 19 2021
CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

6

W:\2018\2018F\135\25\18F13525-GPA-(WHITNEY__STEPHON)-001.DOCX

Electronically Filed
3/7/2019 3:32 PM
Steven D. Grierson
CLERK OF THE COURT

1  INFM
   STEVEN B. WOLFSON
2  Clark County District Attorney
   Nevada Bar #001565
3  MADILYN COLE
   Deputy District Attorney
4  Nevada Bar #014693
   200 Lewis Avenue
5  Las Vegas, Nevada 89155-2212
   (702) 671-2500
6  Attorney for Plaintiff

7  I.A. 03/18/19                DISTRICT COURT
   10:00 AM              CLARK COUNTY, NEVADA
8  PD-HAUSER

9  THE STATE OF NEVADA,

10              Plaintiff,            CASE NO:    C-19-338650-1

11      -vs-                          DEPT NO:    XX

12  STEPHON JAMES WHITNEY,
    #2647736
13                                         INFORMATION
                Defendant.
14

15  STATE OF NEVADA      )
                         ) ss.
16  COUNTY OF CLARK      )

17        STEVEN B. WOLFSON, District Attorney within and for the County of Clark, State

18  of Nevada, in the name and by the authority of the State of Nevada, informs the Court:

19        That STEPHON JAMES WHITNEY, the Defendant(s) above named, having

20  committed the crime of **POSSESSION OF CONTROLLED SUBSTANCE WITH**

21  **INTENT TO SELL (Category D Felony - NRS 453.337 - NOC 51141)**, on or about the

22  22nd day of July, 2018, within the County of Clark, State of Nevada, contrary to the form,

23  force and effect of statutes in such cases made and provided, and against the peace and dignity

24  //

25  //

26  //

27  //

28  //

W:\2018\2018F\135\25\18F13525-INFM-(WHITNEY__STEPHON)-001.DOCX

*EXHIBIT "1"*

Case Number: C-19-338650-1

000124

1  of the State of Nevada, did willfully, unlawfully, and feloniously possess, for the purpose of

2  sale, a controlled substance, to wit: Cocaine.

3                                      STEVEN B. WOLFSON
                                       Clark County District Attorney
4                                      Nevada Bar #001565

5                                   BY _____

6                                      MADILYN COLE
                                       Deputy District Attorney
7                                      Nevada Bar #014693

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  18F13525X/ckb/L4
    LVMPD EV#1807220537
28  (TK9)

                                       2

                          W:\2018\2018F\135\25\18F13525-INFM-(WHITNEY__STEPHON)-001.DOCX

# STIPULATION FOR COMPROMISE OF SEIZED PROPERTY

**DEFENDANT**    STEPHON JAMES WHITNEY    **ID#**    2647736    **CRIMINALCASE#**    C-19-338650-1

Seizing Law Enforcement Agency    LAS VEGAS METROPOLITAN POLICE DEPARTMENT

Seizure Event Number    1807220537

IT IS HEREBY STIPULATED and AGREED by and between STEVEN B. WOLFSON, Clark County District Attorney through his undersigned Deputy, and the Defendant that a stipulation for compromise be entered into and resolved as part of the negotiations in the aforementioned criminal case(s) pertaining to property impounded or seized by the aforementioned law enforcement agency under the aforementioned event number(s), as follows:

1.    PROSECUTOR CHECKS THE APPROPRIATE PARAGRAPHS:

__X__    a.    TOTAL FORFEITURE: That Defendant agrees to release and waive any and all right, title and interest in said property as being forfeited to the seizing law enforcement agency and subject to disposition pursuant to Nevada Revised Statutes 179.1175, 179.118 and 179.1185.

Property To Be Forfeited:    **Any and all property and/or money seized under Las Vegas Metropolitan Police Department event number 1807220537.**

___    b.    PARTIAL FORFEITURE: Within the guidelines and policies of the seizing law enforcement agency, the prosecution agrees to release to the Defendant or his designee the above-described property. That in exchange for release of the aforementioned property, Defendant agrees to release and waive any and all right, title and interest in the remainder of the seized property as being forfeited to the seizing law enforcement agency and subject to disposition pursuant to Nevada Revised Statutes 179.1175, 179.118 and 179.1185.

Property To Be **Forfeited:**    _____

Property To Be **Returned:**    _____

___    c.    VEHICLE FORFEITURE: Said property includes, but is not limited to, a motor vehicle **whereby the Defendant agrees to release and waive any and all right, title and interest in said motor vehicle** as being forfeited to the seizing law enforcement agency and subject to disposition pursuant to Nevada Revised Statutes 179.1175, 179.118 and 179.1185.

2.    That the Defendant hereby authorizes the District Attorney's Office and the seizing law enforcement agency to take such action as is necessary, including, but not limited to, using this agreement to secure a judgment or an ex-parte order in any contemplated or pending companion forfeiture proceeding in order to give full force and effect to this agreement.

3.    That the parties agree that this forfeiture, or any subsequent action taken to secure full force and effect of this **agreement, does not and will not be considered** as putting the Defendant in jeopardy of life, limb or property for the same offense under the Fifth Amendment of the United States Constitution and under Section Eight of Article One of the Nevada Constitution; and, that this forfeiture, or any subsequent action taken to secure full force and effect of this agreement, does not or will not constitute an excessive fine under the Eighth Amendment of the United States Constitution and under Section Six of Article **One of the Nevada Constitution.**

4.    That the parties agree that any breach, withdrawal, repeal, rejection or any other abrogation of the negotiations in the aforementioned criminal case(s) shall not have any effect upon the finality of this stipulation; and, that any breach, withdrawal, repeal, rejection or any other abrogation of this stipulation shall not have any effect upon the finality of the negotiations in the aforementioned criminal case(s).

5.    That this Stipulation for Compromise shall incorporate all of the protections attendant to such stipulations as contemplated under the provisions of NRS 48.105 as to all parties named herein; and, this Stipulation for Compromise shall not be construed in any fashion as an admission pertaining to any criminal charges, and shall not and does not constitute an admission of civil liability or fault on the part of any of the undersigned parties, or their present or former agents, servants,

## EXHIBIT "2"

w:\2018\2018F\135\25\18F13525-STIP-(Whitney__Stephon)-001.docx

employees or others.

6.  That the parties agree to accept these terms in full settlement and satisfaction of any and all civil claims and demands which each party or assignees may have against each other, agents and employees on account of the seizure or impoundment of said property.

7.  That this Stipulation for Compromise shall forever, and completely bar any action or claim in any tribunal in any matter whatsoever, whether State, Federal or otherwise by the Defendant herein concerning the forfeiture of said property.

8.  That the respective parties bear their own civil costs and attorney's fees which may have been occasioned and occurred as a result of the seizure and forfeiture of said property.

IT IS SO STIPULATED and AGREED

_____                    3/18/19
Defendant                                              Date

_____  5/03              3/18/19
Attorney for Defendant, Nevada Bar #                   Date

_____                    2/7/19
Clark County Deputy District Attorney, Nevada Bar #014693    Date

**EXHIBIT "2"**

w:\2018\2018F\135\25\18F13525-STIP-(Whitney__Stephon)-001.docx

000127

Electronically Filed
7/25/2019 2:06 PM
Steven D. Grierson
CLERK OF THE COURT

1

**JOC**
STEVEN B. WOLFSON
2   Clark County District Attorney
Nevada Bar #001565
3   200 Lewis Avenue
Las Vegas, Nevada 89155-2212
4   (702) 671-2500
Attorney for Plaintiff
5

## DISTRICT COURT
## CLARK COUNTY, NEVADA
6

7   THE STATE OF NEVADA,

8                     Plaintiff,

9        -vs-                                CASE NO:   C-19-338650-1

10  STEPHON JAMES WHITNEY,              DEPT NO:   XX
    #2647736
11
                      Defendant.
12

13                    **JUDGMENT OF CONVICTION**
                           **(PLEA OF GUILTY)**
14

15          The defendant previously appeared before the Court with counsel and entered a plea

16  of guilty to the crime(s) of POSSESSION OF CONTROLLED SUBSTANCE WITH

17  INTENT TO SELL (Category D Felony), in violation of NRS 453.337; thereafter, on the

18  16th day of July, 2019, the defendant was present in court for sentencing with his counsel,

19  ROBSON M. HAUSER, Deputy Public Defender, and good cause appearing,

20          THE DEFENDANT WAS HEREBY ADJUDGED guilty of said offense(s) and, in

21  addition to the $25.00 Administrative Assessment Fee, $3.00 DNA Collection fee and the

22  $60 Chemical Analysis fee with the $150 DNA Analysis fee being WAIVED as previously

23  imposed, the defendant was sentenced as follows: To the Nevada Department of Corrections

24  for a MINIMUM term of EIGHTEEN (18) MONTHS with a MAXIMUM term of FORTY-

25  EIGHT (48) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period

26  not to exceed THREE (3) YEARS.

27

28
          C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-

                                                            (WHITNEY__STEPHON)-001.DOCX

STANDARD CONDITIONS:

1. REPORTING: You are to report in person to the Division of Parole and Probation as instructed by the Division or its agent. You are required to submit a written report each month on forms supplied by the Division. This report shall be true and correct in all respects.

2. RESIDENCE: You shall not change your place of residence without first obtaining permission from the Division of Parole and Probation, in each instance.

3. INTOXICANTS: You shall not consume or possess any alcoholic beverages WHATSOEVER or recreational marijuana in Nevada or any other State where such possession is considered legal. Upon order of the Division of Parole and Probation or its agent, you shall submit to a medically recognized test for either breath, blood or urine, to determine blood, breath or urine for alcohol, marijuana or THC content.

4. CONTROLLED SUBSTANCES: You shall not use, purchase or possess any illegal drugs, or any prescription drugs, unless first prescribed by a licensed medical professional. You shall immediately notify the Division of Parole and Probation of any prescription received. You shall submit to drug testing as required by the Division or its agent. Absent further Order from the Court, a prescription does not include medical marijuana.

5. WEAPONS: You shall not possess, have access to, or have under your control, any firearm, explosive device or other dangerous weapon as defined by Federal, State or local law.

6. SEARCH: You shall submit your person, property, place of residence, vehicle, or areas under your control to search including electronic surveillance or monitoring of your location, at any time, with or without a search warrant or warrant of arrest, for evidence of a crime or violation of probation by the Division of Parole and Probation or its agent. You shall inform any other occupant of the premises where you reside or area under your control, that the premises or area may be subject to a search pursuant to this condition. As a condition of probation, you specifically consent that your Probation Officer or his or her agent acting at

2

1   your Probation Officer s direction, may search any digital storage media that you use,

2   possess or have access to, including but not limited to laptop or desk top computer, cellular

3   telephone or electronic communication device or other device capable of the electronic or

4   digital storage of information, along with any network applications associated with those

5   devices, including but not limited to social media and remote storage services for any

6   information contained on the digital storage media, including but not limited to documents,

7   photographs, text, or other messages, e-mails, phone or communication records and audio

8   recordings. You shall provide the Probation Officer or their agent any password, unlock

9   codes or account or other information necessary to access the digital storage media.

10      7. ASSOCIATES: You must have prior approval by the Division of Parole and Probation

11   to associate with any person convicted of a felony, or any person on probation or parole

12   supervision. You shall not have any contact with persons confined in a correctional

13   institution unless specific written permission has been granted by the Division and the

14   correctional institution.

15      8. DIRECTIVES AND CONDUCT: You shall follow the directives of the Division of

16   Parole and Probation.

17      9. LAWS: You shall comply with all Municipal, County, State, and Federal laws and

18   ordinances.

19      10. OUT-OF-STATE TRAVEL: You shall not leave the state without first obtaining

20   written permission from the Division of Parole and Probation.

21      11. EMPLOYMENT/PROGRAM: You shall seek and maintain legal employment, or

22   maintain a vocational or educational program approved by the Division of Parole and

23   Probation and not change such employment or program without first obtaining permission.

24   All terminations of employment or program shall be immediately reported to the Division.

25   During any period of time which you are not employed or participating in an approved

26   program full time, the Division of Parole and Probation may require you to participate in up

27   to 60 hours of community service work each month.

28

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\18F13525-JOC-

(WHITNEY__STEPHON)-001.DOCX

000130

12. FINANCIAL OBLIGATION: You shall pay fees, fines, and restitution on a schedule approved by the Division of Parole and Probation. Any excess monies paid will be applied to any other outstanding fees, fines, and/or restitution, even if it is discovered after your discharge.

SPECIAL CONDITIONS:

1. Submit to substance abuse and alcohol evaluations as deemed necessary by Parole and Probation and complete any recommended care plan, treatment or counseling program based on those evaluations.

2. Comply with an imposed curfew by Parole and Probation as deemed necessary.

Defendant was advised the above conditions are immediately in effect upon his leaving the Courtroom and not contingent upon the filing of the Judgment of Conviction nor meeting with his Probation Officer. Further, Defendant was directed to report to Parole and Probation within 48 hours of this proceeding.

DATED this ___25___ day of July, 2019.

DISTRICT JUDGE

ERIC JOHNSON

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

18F13525X/ckb/L4

4

**JOC**
STEVEN B. WOLFSON
Clark County District Attorney
Nevada Bar #001565
200 Lewis Avenue
Las Vegas, Nevada 89155-2212
(702) 671-2500
Attorney for Plaintiff

DISTRICT COURT
CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

               Plaintiff,

    -vs-

RICHARD ENGLAND,
#2655483

               Defendant.

CASE NO:   C-19-340689-1

DEPT NO:   XX

## JUDGMENT OF CONVICTION
### (PLEA OF GUILTY)

    The defendant previously appeared before the Court with counsel and entered a plea of guilty to the crime(s) of POSSESSION OF STOLEN VEHICLE (Category C Felony), in violation of NRS 205.273.3; thereafter, on the 16th day of July, 2019, the defendant was present in court for sentencing with his counsel, ALEXANDER B. BASSETT, Deputy Public Defender, and good cause appearing,

    THE DEFENDANT WAS HEREBY ADJUDGED guilty of said offense(s) and, in addition to the $25.00 Administrative Assessment Fee, and the $3.00 DNA Collection fee with the $150 DNA Analysis fee being WAIVED as previously imposed, the defendant was sentenced as follows: To the Nevada Department of Corrections for a MINIMUM term of TWELVE (12) MONTHS with a MAXIMUM term of THIRTY (30) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period not to exceed EIGHTEEN (18) MONTHS.

C:\USERS\SKINNERL\APPDATA\LOCAL\MICROSOFT\WINDOWS\INETCACHE\CONTENT.OUTLOOK\QSC7JRMZ\19F09545-JOC-

(ENGLAND__RICHARD)-001.DOCX

1

2    ONLY CONDITION:

3        1.  SERVE ONE HUNDRED EIGHTY (180) DAYS in the Clark County Detention

4            Center with 65 days credit for time served.

5    Upon completion of above, Defendant is to be HONORABLY DISCHARGED from

6    probation.

7

8    DATED this ___25___ day of July, 2019.

9

10                                DISTRICT JUDGE

11                                ERIC JOHNSON

12

13

14

15

16

17

18

19

20

21

22    19F09545X/ckb/L4

23

24

25

26

27

28                                            2

Electronically Filed
09/30/2020 5:00 PM

CLERK OF THE COURT

AJOC

DISTRICT COURT

CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

               Plaintiff,

         -vs-

STEPHON JAMES WHITNEY
#2647736

              Defendant.

CASE NO.   C-19-338650-1

DEPT. NO.  XX

ORDER FOR REVOCATION OF PROBATION AND

AMENDED JUDGMENT OF CONVICTION

     The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crime of POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO SELL (Category D Felony) in violation of NRS 453.337; thereafter, on the 16th day of July, 2019, the Defendant was present in court for sentencing with counsel, wherein the Court did adjudge the Defendant guilty thereof by reason of the plea of guilty, suspended the execution of the sentence imposed and granted probation to the Defendant.

     THEREAFTER, a parole and probation officer provided the Court with a written statement setting forth that the Defendant has, in the judgment of the parole and probation officer, violated the conditions of probation; and on the 22nd day of September, 2020, the

1  Defendant appeared in court with counsel YI LIN ZHENG, ESQ., and pursuant to a probation

2  violation hearing/proceeding and good cause appearing to amend the Judgment of Conviction,

3       IT IS HEREBY ORDERED that the probation previously granted to the Defendant is

4  REVOKED; in addition to the original fees, fines and assessments, IT IS FURTHER

5  ORDERED that the original sentence is imposed as follows:  a MAXIMUM of FORTY-EIGHT

6  (48) MONTHS with a MINIMUM parole eligibility of EIGHTEEN (18) MONTHS in the

7  Nevada Department of Corrections (NDC); with THIRTY (30) DAYS credit for time served.

8       DATED this _____ day of September, 2020.    Dated this 30th day of September, 2020

ERIC JOHNSON
DISTRICT COURT JUDGE
**89B C1B 30E6 1A44**
**Eric Johnson**
**District Court Judge**

JAN 19 2021

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE AND CORRECT COPY
OF THE DOCUMENT ON FILE

2

000135

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

State of Nevada

vs

Stephon Whitney

CASE NO: C-19-338650-1

DEPT. NO.  Department 20

## AUTOMATED CERTIFICATE OF SERVICE

    This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Amended Judgment of Conviction was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 9/30/2020

Cynthia Bush               Cynthia.Bush@ClarkCountyDA.com

C-19-338650-1

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| **Felony/Gross Misdemeanor** | **COURT MINUTES** | **March 18, 2019** |

| | | |
|---|---|---|
| C-19-338650-1 | State of Nevada | |
| | vs | |
| | Stephon Whitney | |

| **March 18, 2019** | **10:00 AM** | **Initial Arraignment** |
|---|---|---|

**HEARD BY:**   Wittenberger, Shannon          **COURTROOM:**   RJC Lower Level Arraignment

**COURT CLERK:**
               Rem Lord

**RECORDER:**   Sharon Nichols

**REPORTER:**

**PARTIES
PRESENT:**      Richards, Daren B.                 Attorney
               Whitney, Stephon James             Defendant

## JOURNAL ENTRIES

- Deputy Law Clerk Andrea Orwoll present on behalf of the State.

NEGOTIATIONS are as contained in the Guilty Plea Agreement FILED IN OPEN COURT.  DEFT. WHITNEY ARRAIGNED AND PLED GUILTY TO POSSESSION OF CONTROLLED SUBSTANCES WITH INTENT TO SELL (F). Court ACCEPTED plea and, ORDERED, matter referred to the Division of Parole and Probation (P&P) and set for SENTENCING.  Court DIRECTED Deft. To report to P&P within 24 hours.

BOND

7/16/19  8:30 AM  SENTENCING (DEPT 20)

PRINT DATE:    01/19/2021              Page 1 of 6       Minutes Date:    March 18, 2019

000137

C-19-338650-1

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | July 16, 2019 |
|---|---|---|

| C-19-338650-1 | State of Nevada |
|---|---|
| | vs |
| | Stephon Whitney |

**July 16, 2019**      **8:30 AM**      **Sentencing**

**HEARD BY:**  Johnson, Eric                **COURTROOM:**  RJC Courtroom 12A

**COURT CLERK:**  Linda Skinner

**RECORDER:**  Angie Calvillo

**REPORTER:**

**PARTIES
PRESENT:**

| Hauser, Robson M. | Attorney |
|---|---|
| Public Defender | Attorney |
| State of Nevada | Plaintiff |
| Thomson, Megan | Attorney |
| Whitney, Stephon James | Defendant |

### JOURNAL ENTRIES

- Upon Court's inquiry, Mr. Hauser and Defendant advised there are no issues pursuant to the Stockmeier decision.  By virtue of his plea and by Order of this Court, DEFENDANT WHITNEY ADJUDGED GUILTY of POSSESSION OF CONTROLLED SUBSTANCE WITH INTENT TO SELL (F).  Matter submitted by Ms. Thomson.  Statements by Mr. Hauser and Defendant.  COURT ORDERED, in addition to the $25 Administrative Assessment fee, $3.00 DNA Collection fee and the $60 Chemical Analysis fee with the $150 DNA Analysis fee being WAIVED as previously imposed, DEFENDANT SENTENCED to the Nevada Department of Corrections for a MINIMUM term of EIGHTEEN (18) MONTHS with a MAXIMUM term of FORTY-EIGHT (48) MONTHS; SUSPENDED; placed on PROBATION for an indeterminate period not to exceed THREE (3) YEARS.

STANDARD CONDITIONS:
    1. REPORTING:   You are to report in person to the Division of Parole and Probation as instructed

| PRINT DATE: | 01/19/2021 | Page 2 of 6 | Minutes Date: | March 18, 2019 |
|---|---|---|---|---|

000138

C-19-338650-1

by the Division or its agent. You are required to submit a written report each month on forms supplied by the Division. This report shall be true and correct in all respects.

2. RESIDENCE:  You shall not change your place of residence without first obtaining permission from the Division of Parole and Probation, in each instance.

3. INTOXICANTS:  You shall not consume or possess any alcoholic beverages WHATSOEVER or recreational marijuana  in Nevada or any other State where such possession is considered legal. Upon order of the Division of Parole and Probation or its agent, you shall submit to a medically recognized test for either breath, blood or urine, to determine blood, breath or urine for alcohol, marijuana or THC content.

4. CONTROLLED SUBSTANCES:  You shall not use, purchase or possess any illegal drugs, or any prescription drugs, unless first prescribed by a licensed medical professional. You shall immediately notify the Division of Parole and Probation of any prescription received. You shall submit to drug testing as required by the Division or its agent.  Absent further Order from the Court, a prescription does not include medical marijuana.

5. WEAPONS:  You shall not possess, have access to, or have under your control, any firearm, explosive device or other dangerous weapon as defined by Federal, State or local law.

6. SEARCH:  You shall submit your person, property, place of residence, vehicle, or areas under your control to search including electronic surveillance or monitoring of your location, at any time, with or without a search warrant or warrant of arrest, for evidence of a crime or violation of probation by the Division of Parole and Probation or its agent.  You shall inform any other occupant of the premises where you  reside or area under your control, that the premises or area may be subject to a search pursuant to this condition.  As a condition of probation, you specifically consent that your Probation Officer or his or her agent acting at your Probation Officer s direction, may search any digital storage media that you use, possess or have access to, including but not limited to laptop or desk top computer, cellular telephone or electronic communication device or other device capable of the electronic or digital storage of information, along with any network applications associated with those devices, including but not limited to social media and remote storage services for any information contained on the digital storage media, including but not limited to documents, photographs, text, or other messages, e-mails, phone or communication records and audio recordings. You shall provide the Probation Officer or their agent any password, unlock codes or account or other information necessary to access the digital storage media.

7. ASSOCIATES:  You must have prior approval by the Division of Parole and Probation to associate with any person convicted of a felony, or any person on probation or parole supervision. You shall not have any contact with persons confined in a correctional institution unless specific written permission has been granted by the Division and the correctional institution.

8. DIRECTIVES AND CONDUCT:  You shall follow the directives of the Division of Parole and Probation.

9. LAWS:  You shall comply with all Municipal, County, State, and Federal laws and ordinances.

10. OUT-OF-STATE TRAVEL:  You shall not leave the state without first obtaining written permission from the Division of Parole and Probation.

11. EMPLOYMENT/PROGRAM:  You shall seek and maintain legal employment, or maintain a

PRINT DATE:   01/19/2021              Page 3 of 6         Minutes Date:    March 18, 2019

000139

C-19-338650-1

vocational or educational program approved by the Division of Parole and Probation and not change such employment or program without first obtaining permission. All terminations of employment or program shall be immediately reported to the Division.  During any period of time which you are not employed or participating in an approved program full time, the Division of Parole and Probation may require you to participate in up to 60  hours of community service work each month.

   12.  FINANCIAL OBLIGATION:  You shall pay fees, fines, and restitution on a schedule approved by the Division of Parole and Probation. Any excess monies paid will be applied to any other outstanding fees, fines, and/or restitution, even if it is discovered after your discharge.

SPECIAL CONDITIONS:
   1.  Submit to substance abuse and alcohol evaluations as deemed necessary by Parole and Probation and complete any recommended care plan, treatment or counseling program based on those evaluations.
   2.  Comply with an imposed curfew by Parole and Probation as deemed necessary.

Defendant was advised the above conditions are immediately in effect upon his leaving the Courtroom and not contingent upon the filing of the Judgment of Conviction nor meeting with his Probation Officer.  Further, Defendant was directed to report to Parole and Probation within 48 hours of this proceeding.

BOND, if any, EXONERATED.

NIC

000140

C-19-338650-1

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| Felony/Gross Misdemeanor | COURT MINUTES | September 17, 2020 |
|---|---|---|

| C-19-338650-1 | State of Nevada |
|---|---|
| | vs |
| | Stephon Whitney |

| September 17, 2020 | 1:45 PM | Revocation of Probation |
|---|---|---|

**HEARD BY:** Johnson, Eric          **COURTROOM:** RJC Courtroom 12A

**COURT CLERK:** Grecia Snow

**RECORDER:** Angie Calvillo

**REPORTER:**

**PARTIES
PRESENT:**

| Conlin, Elise M | Attorney |
|---|---|
| State of Nevada | Plaintiff |
| Whitney, Stephon James | Defendant |
| Zheng, Yi Lin | Attorney |

## JOURNAL ENTRIES

- Officer J. Vargas of Parole and Probation (P & P) present. Matter Trailed for Ms. Zheng's witness.

Matter Recalled. Ms. Zheng advised she would be disputing the violations as non-technical violations. Court advised it would continue the matter due to technical difficulties. COURT ORDERED, matter CONTINUED.

CUSTODY

9/22/20 1:45 PM - REVOCATION OF PROBATION

| PRINT DATE: | 01/19/2021 | Page 5 of 6 | Minutes Date: | March 18, 2019 |
|---|---|---|---|---|

000141

C-19-338650-1

# DISTRICT COURT

## CLARK COUNTY, NEVADA

| | | |
|---|---|---|
| Felony/Gross Misdemeanor | **COURT MINUTES** | September 22, 2020 |

| | | |
|---|---|---|
| C-19-338650-1 | State of Nevada | |
| | vs | |
| | Stephon Whitney | |

**September 22, 2020**      **1:45 PM**      **Revocation of Probation**

**HEARD BY:**  Johnson, Eric                **COURTROOM:**  RJC Courtroom 12A

**COURT CLERK:**  Grecia Snow

**RECORDER:**  Angie Calvillo

**REPORTER:**

**PARTIES
PRESENT:**

| | |
|---|---|
| State of Nevada | Plaintiff |
| Thomson, Megan | Attorney |
| Whitney, Stephon James | Defendant |
| Zheng, Yi Lin | Attorney |

## JOURNAL ENTRIES

- Officer J. Vargas of Parole and Probation (P & P) present.  Ms. Zheng advised Deft. would stipulate to testing positive for Marijuana, curfew violation, and Deft's new case and would argue for reinstatement.  Officer J. Vargas and Jessica Rodosh SWORN and TESTIFIED.  Arguments by counsel.  Court FINDS Deft. in violation of probation and ORDERED, PROBATION REVOKED; original sentence of a MAXIMUM of FORTY-EIGHT (48) MONTHS and a MINIMUM of EIGHTEEN (18) MONTHS in the Nevada Department of Corrections (NDC), is hereby IMPOSED with THIRTY (30) DAYS credit for time served.

NDC

PRINT DATE:   01/19/2021          Page 6 of 6          Minutes Date:   March 18, 2019

000142