JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar No. 7709
DANIEL J. COWHIG
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336
daniel.cowhig@usdoj.gov
*Attorneys for the United States of America*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>STEPHON JAMES WHITNEY,<br>    a.k.a. Stephone James Whitney,<br>    a.k.a. Steff Bizzle,<br>    a.k.a. Stef B,<br><br>        Defendant. | Case No. 2:21-cr-2-JAD-NJK<br><br>United States' Response to Defendant Stephon Whitney's Sentencing Memorandum on the Four-Level Enhancement Under § 2K2.1(b)(6)(B) [ECF No. 41] and Supplemental Sentencing Memorandum [ECF No. 42]. |

Certification: This response is timely filed.

      United States of America, through the United States Attorney, Jason M. Frierson, and the undersigned Assistant United States Attorney, Daniel J. Cowhig, respectfully submits this response to defendant Stephon Whitney's sentencing memoranda, ECF Nos. 41 and 42.

      The United States respectfully requests this Honorable Court sentence defendant Whitney to a 100-month term of custody, consecutive to any term of custody adjudged in the state case, *State of Nevada v Stephon Whitney*, Eighth Judicial District Court in Clark County, Nevada, Case No. C-19-338650, followed by a 3-year term of supervised release on the

conditions recommended by the United States Probation Office (USPO)[1] and the additional special conditions of supervision set out below. Because the defendant appears to lack the resources to pay a punitive fine, the United States respectfully requests the Court not impose a fine.

## I. Brief Summary of Factual and Procedural Context

On January 5, 2021, a grand jury seated in the District of Nevada found probable cause to believe that defendant Whitney knowingly possessed a firearm, specifically a Canik model TP9 SF Elite 9mm semiautomatic pistol bearing serial number 20BH02246, on September 2, 2020, while knowing that he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year. ECF No. 1. Specifically, among the previous crimes and convictions listed in the indictment were:

> Possession of a Controlled Substance with Intent to Sell, in the District Court of Nevada in Clark County, Nevada on or about July 16, 2009, in Case No. C-19-338650;
> First Degree Kidnapping, in the District Court of Nevada in Clark County, Nevada on or about March 26, 2008, in Case No. C-236921;
> Conspiracy to Commit Robbery, in the District Court of Nevada in Clark County, Nevada on or about March 26, 2008, in Case No. C-236921, and;
> Robbery with a Deadly Weapon, in the District Court of Nevada in Clark County, Nevada on or about March 26, 2008, in Case No. C-236921.

*Id*. Finding also that the Canik TP9 SF Elite 9mm handgun had been shipped and transported in interstate commerce, the grand jury returned an indictment charging defendant Whitney with the crime of Felon in Possession of a Firearm in violation of Title 18, United States Code sections 922(g)(1) and 924(a)(2). *Id*.

---

[1] As of the filing of this response to defendant Whitney's sentencing memoranda, defendant Whitney had not objected to the conditions of supervision recommended by the USPO.

2

Defendant Whitney made his initial appearance in this matter on January 22, 2021, before United States Magistrate Judge Ferenbach, having been brought before the Court on a Writ of *Habeas Corpus ad Prosequendum* granted by United States Magistrate Judge Koppe. ECF Nos. 7 and 5, respectively. Defendant Whitney was detained pending trial. ECF Nos. 16 and 17.

On June 21, 2022, defendant Whitney pleaded guilty to the indictment without benefit of a plea agreement. ECF No. 33 (Notice of Intent to Plead Guilty); ECF No. 34 (defendant's Memorandum in Support of Guilty Plea without a Plea Agreement); ECF No. 36 (United States' Memorandum in Support of Plea without a Plea Agreement); ECF No. 37 (Minutes).

By pleading guilty without the benefit of a plea agreement, the defendant entered an unconditional guilty plea. *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). "An unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *Id*.

The USPO Presentence Investigation Report (PSR) prepared on August 11, 2022, and revised on October 27, 2022, includes a description of the offense conduct:

> On September 2, 2020, officers with Nevada Parole and Probation conducted a home search on Stephon Whitney, who was on probation for the conviction of Possession of a Controlled Substance with Intent to Sell. As a condition of Whitney's probation, a search condition was imposed.
> Upon conducting a search of Whitney's bedroom, officers observed in plain view on the top shelf of the closet, two fully loaded semi-automatic firearm magazines, containing 9 mm ammunition. A detective with the Las Vegas Metropolitan Police Department subsequently assisted officers and spoke with Whitney's girlfriend, Jessica Rodosh, who advised that she did not own any weapons, nor would she allow any in her residence due to the presence of her son. She further advised that she had no idea about the loaded magazines.
> As the search continued, detectives located a Canik Model TP9-SF Elite, 9mm pistol, bearing serial number 20BH02246, and a second fully loaded magazine hidden inside the headboard in Whitney's bedroom. On top of the handgun was an envelope containing $4,450 in United States currency. Also found in Whitney's bedroom were two large jars containing marijuana as well as a large plastic bag containing marijuana, which was later weighed and found to be approximately a half pound of marijuana. In the laundry

>area, detectives located a box of plastic sandwich bags that contained a digital scale. The scale had a green leafy residue consistent with marijuana.
>
>Whitney was subsequently interviewed after being advised of his Miranda Rights and agreed to speak with detectives, and eventually admitted that he had knowledge of both the firearm and the marijuana, and that his girlfriend did not have any knowledge of what was occurring. He further admitted that his DNA would be located on the firearm and that due to the current pandemic, he had lost his job and began selling marijuana to make money. He further indicated that he had been selling narcotics since approximately nine years of age and did not know what else to do.

PSR at paras. 6-9. Defendant Whitney objected only to the last of these paragraphs in the PSR, asserting that the paragraph 9 "summary does not accurately reflect [defendant's] custodial interview," PSR at 27 (Objection No. 4), supplying the LVMPD transcript of defendant's voluntary statement as an exhibit to his Sentencing Memorandum on the Four-Level Enhancement Under § 2K2.1(b)(6)(B). ECF No. 41, Ex. F.

    A more comprehensive description of the offense conduct is contained in the Officer's Report (OR), Las Vegas Metropolitan Police Department (LVMPD) Event No. LLV200900007194, dated September 2, 2020. ECF No. 36, Ex C. Images taken during LVMPD investigation in Event No. LLV200900007194 provide further detail. *Id.* at Ex. D; ECF No. 41 at 14 and Ex. B.

## II.  Offense Level Computations and Defendant's Objections

    The Base Offense Level (BOL) and specific offense characteristics (SOC) applicable to the unlawful possession of a firearm are described by U.S.S.G. § 2K2.1.

### a.  Base Offense Level

    Where "the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense," the applicable BOL is 24 under U.S.S.G. § 2K2.1(a)(2). In this case, defendant's prior felony conviction for Robbery with a Deadly Weapon, in the District Court of Nevada in Clark

County, Nevada on or about March 26, 2008, in Case No. C-236921, ECF No 36, Ex. A, is a crime of violence; his prior conviction for Possession of a Controlled Substance with Intent to Sell, in the District Court of Nevada in Clark County, Nevada on or about July 16, 2009, in Case No. C-19-338650, *id*., Ex. B, is a controlled substance offense.

The USPO also assessed a BOL of 24 under U.S.S.G. § 2K2.1(a)(2). PSR at para. 16.

Defendant Whitney has not objected to the BOL assessed by the USPO. *See* ECF Nos. 41 and 42. Defendant Whitney acknowledges the application of the 24-level BOL under U.S.S.G. § 2K2.1(a)(2), ECF No. 21 at 3:25, and argues that "the increase in Base Offense Level overrepresents the severity of [defendant]'s criminal history," ECF No 42 at 6:7-8.

b. <u>Specific Offense Characteristics</u>

Where a defendant "used or possessed any firearm or ammunition in connection with another felony offense," the offense level is increased by 4 levels. U.S.S.G. § 2K2.1(b)(6)(B).

In this case, defendant Whitney possessed the charged firearm and the 9mm ammunition in connection with the felony offense of Possession of a Controlled Substance with Intent to Distribute (Marijuana) under 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). PSR at paras. 6-9; ECF Nos. 36 and 41.

On September 2, 2020, the Nevada Probation & Parole (P&P) officer supervising defendant Whitney in *State of Nevada v. Stephon James Whitney*, Eighth Judicial District Court in Clark County, Nevada, Case No. C-19-338650, Officer J. Vargas, conducted a home visit with defendant Whitney. ECF No. 36 at 1; ECF No. 41, Ex. E. On August 28, 2020, law enforcement had found defendant Whitney in vehicle in the community during hours of his supervision curfew, in the company of felons who possessed 3 firearms. *Id*. Defendant Whitney had provided a false identity to law enforcement, delaying their identification of defendant Whitney and impeding his supervision. *Id*. During the September 2, 2020, inspection, P&P

officers, aided by LVMPD officers, found and seized the Canik 9mm handgun charged in the instant case, along with two loaded magazines fitting the handgun, 70 more rounds of 9mm ammunition, two large jars and a separate plastic bag containing 264.5 gross grams of marijuana, and a box containing small baggies and a digital scale with marijuana residue. *Id.*; ECF No 36, Ex. D; ECF No. 41, Ex. A. Some of the marijuana in one of the jars was subdivided into separate baggies. ECF No 36, Ex. D at 6. None of the jars was consistent with "dispensary marijuana." *Id.* The handgun, the magazines, the ammunition, and all but one of the jars of marijuana were all found in the master bedroom and closets of the master bedroom. *Id.* The other jar of marijuana was found in the bathroom, and the baggies and digital scale were found in the laundry, both close to the master bedroom. *Id.*

During a warned, recorded, post-arrest interview, defendant Whitney initially falsely denied possessing the Canik 9mm handgun, the ammunition, or the marijuana. ECF No. 41 at 4-8. Defendant Whitney also falsely told the interviewing officers his deoxyribonucleic acid (DNA) would not be found on the firearm. *Id.* at 5. Through the course of a 90-minute interview, defendant Whitney came to admit that he possessed the Canik 9mm handgun and the magazines, describing the firearm and its location as well as the location of the magazines for the officers. *Id.* at 64-69. Whitney also came to admit that some of the marijuana was his, and that he was selling marijuana to make ends meet during COVID. *Id.* Defendant Whitney described how the marijuana was packaged and where the marijuana was found, and that the baggies and scale were together. *Id.* None of those facts was supplied by the interviewing officers. *Id.*

The quantity of marijuana, the packaging of the marijuana, the storage of a small digital scale with marijuana residue in a box of small baggies in the same area as the marijuana but well

away from a kitchen, are all objective physical evidence of marijuana distribution. Defendant Whitney's admission that he was distributing marijuana, coupled with the objective physical evidence of distribution, is more than sufficient to show by a preponderance of the evidence that defendant Whitney was engaged in the felony offense of Possession of a Controlled Substance with Intent to Distribute (Marijuana) under 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

Defendant Whitney's assertion in his sentencing memoranda that the digital scale "would be necessary to weigh out individual servings before consumption," rather than serving as a tool of distribution, is an absurdity. ECF No. 41 at 6:25-26.

Under U.S.S.G. § 2K2.1(b)(6)(B), the offense level is increased by 4 levels where a defendant "used or possessed any firearm or ammunition in connection with" a felony "drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1, comment. (n. 14(B)).

In this case, defendant Whitney possessed the charged firearm and the 9mm ammunition in connection with the felony offense of Possession of a Controlled Substance with Intent to Distribute (Marijuana) under 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Defendant Whitney was engaged in the business of distributing marijuana out of the apartment, specifically the area of the master bedroom of the apartment. The drugs, drug-manufacturing materials, and drug paraphernalia all were found in or near the master bedroom, as were the Canik 9mm handgun, the magazines and the ammunition. In cases involving "a drug trafficking offense in which a firearm is found in close proximity to drugs," the four-level enhancement is warranted "because the presence of the firearm has the potential of facilitating another felony offense." *United States v. Chadwell*, 798 F.3d 910, 916 (9th Cir. 2015) (quoting U.S.S.G. § 2K2.1 cmt. n. 14(B)).

The USPO also assessed 4 additional levels under U.S.S.G. § 2K2.1(b)(6)(B). PSR at paras. 17 and p. 28 ("Response No. 5").

Defendant Whitney has objected to the application of the U.S.S.G. § 2K2.1(b)(6)(B) Specific Offense Characteristic (SOC) that he "used or possessed any firearm or ammunition in connection with another felony offense." ECF No. 41. To support his argument, defendant Whitney attaches the transcript of the September 22, 2020, Revocation of Probation Hearing in *State of Nevada v. Stephon James Whitney*, Eighth Judicial District Court in Clark County, Nevada, Case No. C-19-338650. ECF No. 41, Ex E. In that proceeding, it should be noted that the presiding judge found defendant in violation of the terms of his probation, specifically that:

> I do find him in violation as to the second home visit based upon the results of the search and the information provided in the declaration of arrest. The defendant knew or had access to a semi-automatic handgun with two loaded magazines involving at least -- and then there was additional 70 rounds of nine millimeter ammo that was found. There was a substantial amount of marijuana. The circumstances here suggest that it was being sold, and especially looking at the amount of currency found in the house. So I do find him in violation and sufficient evidence of his possession and access both to the magazines -- loaded magazines and to the firearm. I am going to revoke his probation; institute the original sentence of 18 to 48 months in the Nevada Department of Corrections.

ECF No. 41, Ex. E at 24:25-25:11.

Notably, the presiding judge in that matter did not have the opportunity to consider the LVMPD Forensic Laboratory Report matching trace DNA found on the Canik firearm and the two magazines to that of defendant Whitney in the September 22, 2020, Revocation of Probation Hearing. *Id.*; ECF No. 36, Ex. F. The LVMPD Forensic Laboratory Report was not distributed until December 11, 2020. *Id.*

The standard of proof applicable to probation revocation in Nevada state court proceedings, defined by the Supreme Court of Nevada in *Lewis v. State*, 529 P.2d 796 (1974), differs from the preponderance of the evidence standard generally applicable to Federal sentencing proceedings, *United States v. Kilby*, 443 F.3d 1135, 1140 (9th Cir.2006); *United States v. Garcia*, 522 F.3d 855, 860 (9th Cir. 2008). Under *Lewis*, "[e]vidence beyond a reasonable doubt is

8

not required to support a [Nevada state] court's discretionary order revoking probation." Instead, "[t]he evidence and facts must reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *Lewis* at 797. While the Supreme Court of Nevada has observed that the *Lewis* "reasonably satisfied" standard differs from "a preponderance of the evidence standard," that difference is effectively undefined. *Dail v. State*, 610 P.2d 1193, 1196 (1980). As a consequence of that distinction, this Honorable Court should not rely entirely upon the judgment on revocation in the state proceeding, but should also examine the evidence that informed that judgment, together with other relevant evidence.

In his instant motions, while urging this Honorable Court to disregard the findings of the presiding judge on revocation in that state proceeding, "afford[ing] those conclusions no weight" because of that distinction, ECF No. 41 at 5:9, defendant Whitney quotes and relies upon the testimony of Jessica Rodosh during that proceeding. ECF No. 41 at 7:3-8:6. It is the testimony of that witness that should be given no weight. When the witness' quoted statements are examined in the context of the remainder of the witness' testimony, that testimony is plainly contradicted not only by defendant Whitney's plea in the instant case, but also by extrinsic facts, including the LVMPD Forensic Laboratory Report:

> Q: … you know that ultimately there were items that were found in the bedroom that would constitute contraband for Mr. Vargas?
> A: I think -- I didn't know until they said they were seizing the house.
> Q: Did you know that those items were in the house?
> A: Yes.
> Q: And why do you know that those items were in the house?
> A: Because they were mine.
> Q: And *when you say that they were yours, what items are you referring to?*
> A: *The gun*, the money, *ammunition*, and the marijuana.
> Q: And do you know where they were located?
> A: I do.
> Q: As to -- so you heard a lot of testimony in regards to the loaded magazine that was found in the closet. Whose closet did that -- was that magazine in?
> A: That was my closet.

> Q: And how many closets are in that bedroom?
> A: There's two closets in the bedroom. When you walk in, there's the one that's right there to the right. And then you go further in the bedroom, which is mine on the left. Stephon's is in -- so Stephon's is right there on the right-hand side when you walk in the bedroom, it's all male's clothes. And that's -- I have a lot of clothes, so I have my own closet which is on the left.
> Q: And that's the closet that Officer Vargas is referring to in regards to whether there were purses that are located?
> A: Yes.
> Q: And then, is the side that Stephon sleeps on the bed, is that closer to your closet? However, that is not the closet on the left is necessarily his closet.
> A: No.
> Q: But he sleeps closer to the left side of the closet on the left?
> A: Yeah. I mean, if -- kind of. We just -- yeah.
> Q: So he would not necessarily have known the entirety of the contents that were in your closet?
> A: No.
> Q: And with respect ultimately to the marijuana that was found, it was hidden in a laundry hamper?
> A: It was.
> Q: *And your testimony here today is that those items belonged to you?*
> A: *They do.*

ECF No. 41, Ex. E at 18:4-19:24 (emphasis added). Even in the absence of the conclusions of the LVMPD Forensic Laboratory Report matching trace DNA found on the Canik firearm and the two magazines to that of defendant Whitney, the presiding judge in that hearing clearly found Ms. Rodosh's testimony unpersuasive. *Id.* at 24:25-25:11.

c. <u>Adjustments</u>

Based on defendant Whitney's timely plea of guilty, the United States motions the Court for the application of U.S.S.G. §§ 3E1.1(a) and (b), affording a combined 3-level reduction for acceptance of responsibility. With these adjustments, the final Total Offense Level is 25.

As noted above, the USPO applied the same offense level computations. PSR at paras. 16-25.

### III. Criminal History Computation

The USPO computed defendant Whitney's total Criminal History Score as 11. PSR at paras. 27-39. The USPO computed defendant Whitney's Criminal History Category as V. *Id.* at para. 39. The United States concurs with those computations.

Defendant Whitney objects to the USPO computation of his Criminal History Score and Category, asserting that his April 19, 2017, conviction of Possession of a Drug Not to be Introduced into Interstate Commerce (Cocaine) in *Nevada v. Whitney*, Las Vegas Justice Court Dept 11, Case No. 17F06735X at paragraph 33 of the PSR "was amended to 'loitering about a school or public place' in violation of NRS 207.270. Because the conviction is now for loitering, this offense no longer counts for criminal history under 4A1.2(c)(2)." PSR at p. 28 ("Objection 6"). Defendant Whitney provided the amended judgment. Ex. A.

The probable cause arrest documents, criminal complaint, minute order at initial appearance, judgment of conviction and previous register of actions all are consistent with the original conviction. Ex. B.  On September 14, 2022, defendant Whitney had filed a motion to amend the judgment in *Nevada v Whitney*, Las Vegas Justice Court Dept 11, Case No. 17F06735X to change the "disposition and judgement notice to a conviction of loitering in a public place for an unlawful purpose, pursuant to NRS 207.270, by agreement of the parties in this matter." Ex C. That motion cited NRS Chapter 176 as the authority for the "correction." *Id.* The state magistrate, after a sidebar, granted the motion on September 21, 2022, changing the judgment to a conviction for "Loiter in or about public toilet for lewd, lascivious or unlawful act [53148]" Ex. D. A second minute order revised the judgment again to "loitering about a school or public place." Ex. E.

"In our American system of dual sovereignty, each sovereign – whether the Federal Government or a State – is responsible for the administration of its own criminal justice system." *Setser v. United States*, 566 U.S. 231, 241 (2012) (internal quotation marks and citations removed). "State courts cannot be given the authority to change a defendant's federal sentence by issuing a ruling that alters history and the underlying facts." *United States v. Yepez*, 704 F.3d 1087, 1091 (9th Cir. 2012) (*en banc*), *cert. denied* 569 U.S. 969 (2013); *United States v. Lizarraga-Carrizales*, 757 F.3d 995, 1000 (9th Cir. 2014). "[S]tate courts may not interfere in federal sentencing by retroactively altering a defendant's status after commission of a federal offense." *United States v. Jones*, No. 3:07-CR-00168-MO, 2014 WL 3818671, at *9 (D. Or. Aug. 4, 2014), vacated and remanded on other grounds, No. 14-35706, 2015 WL 13932567 (9th Cir. Oct. 29, 2015).

The USPO computation of defendant Whitney's total Criminal History Score as 11 and Criminal History Category as V are correct. Defendant Whitney's effort to manipulate his criminal history score and category are unavailing.

### IV.  Applicable Law

Under Title 18, United States Code section 3553(a), the factors to be considered when imposing a sentence include both "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 USC § 3553(a)(1).

Title 18, United States Code section 3553(a) mandates that "the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in 18 USC § 3553(a)(2). Those purposes include "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or

vocational training, medical care, or other correctional treatment in the most effective manner." 18 USC § 3553(a)(2).

The law also requires the Court to consider "the kinds of sentences available," 18 USC § 3553(a)(3); "the kinds of sentence and the sentencing range established … set forth in the guidelines … issued by the Sentencing Commission pursuant to" Title 28, United States Code section 994(a)(1), 18 USC § 3553(a)(4), and; pertinent policy statements issued by the sentencing Commission, 18 USC § 3553(a)(5).

Section 3553(a) also requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 USC § 3553(a)(6).

Finally, section 3553(a) requires the Court to consider "the need to provide restitution to any victims of the offense." 18 USC § 3553(a)(7).

### V. United States' Sentencing Recommendation and Rationale

United States respectfully requests this Honorable Court sentence defendant Whitney to a 110-month term of custody, the high end of the applicable guideline range, and a 3-year term of supervised release on the conditions recommended by the USPO, "a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Title 18, United States Code section 3553(a)(2).

The United States respectfully requests the Court not impose a fine as defendant Whitney does not appear to have the resources to pay a punitive fine. Restitution is not applicable in this case. *See* 18 U.S.C. §§ 3663 and 3663A; USSG § 5E1.1.

Taken as a whole, the nature and circumstances of the offense and the characteristics of the defendant do not present mitigating factors that would militate for a downward variance or departure from the guideline range. *See* PSR at paras. 93-94; 18 USC §§ 3553(a). Here,

imposition of a guideline range sentence would adequately address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 USC § 3553(a)(6).

The United States concurs with the sentencing justification set out by the USPO in Part G of the PSR. PSR at paras. 95-98.

Defendant Whitney, a mature man of 32, has a lengthy criminal history extending back to when he was 17, with prior felony convictions of First Degree Kidnapping, Conspiracy to Commit Robbery, and Robbery with a Deadly Weapon, in the District Court of Nevada in Clark County, Nevada on or about March 26, 2008, in Case No. C-236921, for which he was sentenced to 48 to 156 months custody, and; Possession of a Controlled Substance with Intent to Sell, in the District Court of Nevada in Clark County, Nevada on or about July 16, 2009, in Case No. C-19-338650, for which he was sentenced to 18 to 48 months custody. These prior sentences did not deter defendant Whitney from reoffending.

Defendant Whitney possessed the charged Canik 9mm handgun and the ammunition in connection with another felony offense, Possession of a Controlled Substance with Intent to Distribute (Marijuana) under 21 U.S.C. §§ 841(a)(1) and (b)(1)(D). Anything less than a 110-month term of custody would be insufficient "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

In his sentencing memorandum, defendant Whitney urges this Honorable Court to grant an 82-month downward departure from his custodial sentence. Such an extreme departure is inconsistent with the purposes of sentencing.

The United States respectfully requests this Honorable Court sentence defendant Whitney to a 110-month term of custody, the low end of the applicable guideline range, consecutive to any term of custody adjudged in the related state case, *State of Nevada v Julio*

*Whitney*, Eighth Judicial District Court in Clark County, Nevada, Case No. C-21-357095, followed by a 3-year term of supervised release on the conditions recommended by the USPO. Because defendant Whitney appears to lack the resources to pay a punitive fine, the United States respectfully requests the Court not impose a fine.

    The United States respectfully requests to be permitted to supplement this filing should new circumstances require.

Respectfully submitted this November 3, 2022.

                                  JASON M. FRIERSON
                                  United States Attorney

                                *//s// Daniel J Cowhig*
                                DANIEL J. COWHIG
                                Assistant United States Attorney

**INDEX OF ATTACHMENTS**

A. Amended Judgement in *Nevada v. Whitney*, Las Vegas Justice Court Dept 11, Case No. 17F06735X

B. Probable Cause Arrest Documents, Criminal Complaint, Minute Order at Initial Appearance, Judgment of Conviction and previous Register of Actions

C. Motion to Amend the Judgment

D. Minute Order Amending the Judgement to "Loiter in or about public toilet for lewd, lascivious or unlawful act [53148]

E. Minute Order Amending the Judgement to "loitering about a school or public place."