```
 1                IN THE UNITED STATES DISTRICT COURT

 2                      FOR THE DISTRICT OF NEVADA

 3   UNITED STATES OF AMERICA,    )
                                  ) Case No. 2:21-cr-00002-JAD-NJK
 4              Plaintiff,        )
                                  ) Las Vegas, Nevada
 5   vs.                          ) June 21, 2022
                                  ) 2:02 p.m. - 2:22 p.m.
 6   STEPHON JAMES WHITNEY,       ) Courtroom 6D
                                  ) CHANGE OF PLEA
 7              Defendant.        )
     _____) C E R T I F I E D   C O P Y
 8

 9                  REPORTER'S TRANSCRIPT OF PROCEEDINGS
                   BEFORE THE HONORABLE JENNIFER A. DORSEY
10                   UNITED STATES DISTRICT COURT JUDGE

11

12   APPEARANCES:

13   For the Government:  DANIEL COWHIG, AUSA
                          UNITED STATES ATTORNEY'S OFFICE
14                        501 Las Vegas Boulevard South, Suite 1100
                          Las Vegas, Nevada 89101
15                        (702) 388-6336

16

17   (Appearances continued on page 2.)

18

19

20

21   Court Reporter:     Amber M. McClane, RPR, CRR, CCR #914
                         United States District Court
22                       333 Las Vegas Boulevard South, Room 1334
                         Las Vegas, Nevada 89101
23                       (702) 384-0429 or AM@nvd.uscourts.gov

24   Proceedings reported by machine shorthand.  Transcript
     produced by computer-aided transcription.
25
```

*2:21-cr-00002-JAD-NJK-1 - June 21, 2022*

```
 1    APPEARANCES CONTINUED:

 2    For the Defendant:

 3        YI LIN ZHENG, ESQ.
          VEGAS GOLDEN LAW
 4        2801 South Valley View Boulevard, Suite 16
          Las Vegas, Nevada 89102
 5        (702) 385-7170

 6                         * * * * *
```

1      LAS VEGAS, NEVADA; TUESDAY, JUNE 21, 2022; 2:02 P.M.
2                              --o0o--
3                          P R O C E E D I N G S
4         **COURTROOM ADMINISTRATOR:**  Now's the time set for a
5    change of plea in Case Number 2:21-cr-2-JAD-NJK, United States
6    of America versus Stephon James Whitney.
7              Counsel, please state your appearances.
8         **MR. COWHIG:**  Good afternoon, Your Honor.  Dan Cowhig
9    for the U.S. Attorney's Office.
10        **MS. ZHENG:**  And good afternoon, Your Honor.  Yi Lin
11   Zheng, CJA counsel, on behalf of Stephon Whitney.  He is
12   present in custody.
13        **THE COURT:**  All right.  Good afternoon.
14             Mr. Whitney, I am Judge Jennifer Dorsey.  You're here
15   in my courtroom in the United States District Court for the
16   District of Nevada.  I understand that you wish to withdraw
17   your previous plea of not guilty and enter a guilty plea to
18   being a felon in possession of a firearm, and you are going to
19   do so without the benefit of a plea deal with the Government;
20   is that right?
21        **THE DEFENDANT:**  Yes.
22        **THE COURT:**  All right.  Would you do me a favor and
23   just pull that microphone down just a little bit so it's
24   closer to you?  Wonderful.  Thank you.
25             Now you have the right to remain silent, but I'm

1    going to ask if you wish to waive that right so you can answer
2    my questions and provide me with the information I need to
3    decide if I can accept your plea.  I advise you that if you
4    waive your right to remain silent anything you say can be held
5    against you for any purpose.  But I ask you, sir:  Do you wish
6    to waive your right to remain silent so we can have this
7    conversation about your plea today?
8            **THE DEFENDANT:**  Yes.
9            **THE COURT:**  Before we start this conversation about
10   your plea, my clerk will administer to you an oath where you
11   will promise to answer my questions truthfully and under
12   penalty of perjury.  Do you understand what that means?
13           **THE DEFENDANT:**  Yes, ma'am.
14           **THE COURT:**  All right.  Would you stand and raise
15   your right hand for me?
16       *(Defendant sworn.)*
17           **THE DEFENDANT:**  Yes.
18           **COURTROOM ADMINISTRATOR:**  Thank you.
19           **THE COURT:**  All right.  Sir, please tell me your full
20   and true name.
21           **THE DEFENDANT:**  Stephon James Whitney.
22           **THE COURT:**  And Mr. Whitney, do you understand that
23   you just took an oath to tell the truth, and that if you don't
24   answer my questions truthfully, your answers may later be used
25   against you in another prosecution for perjury or making a

1    false statement?
2             **THE DEFENDANT:**  Yes, ma'am.
3             **THE COURT:**  And do you read, write, and understand
4    the English language fluently?
5             **THE DEFENDANT:**  Yes.
6             **THE COURT:**  How old are you, sir?
7             **THE DEFENDANT:**  Thirty-two.
8             **THE COURT:**  And how far did you go in school?
9             **THE DEFENDANT:**  I completed 12th grade, but I didn't
10   graduate.
11            **THE COURT:**  Okay.  Tell me about the last job you
12   had.
13            **THE DEFENDANT:**  Desert Breeze Cleaning Service.
14            **THE COURT:**  What were you doing there?
15            **THE DEFENDANT:**  Cleaning houses and commercial
16   places, like PetSmarts and stuff like that.
17            **THE COURT:**  How long did you do that?
18            **THE DEFENDANT:**  About six months or so.
19            **THE COURT:**  What's the longest job you've ever held?
20            **THE DEFENDANT:**  I think a year, a little over a year.
21            **THE COURT:**  What were you doing?
22            **THE DEFENDANT:**  I worked at Granny's Kitchen, like a
23   food place.
24            **THE COURT:**  Okay.  And what were you doing there?
25            **THE DEFENDANT:**  Food prep and, like, cleaning.

1   Anything she really asked of me.
2           **THE COURT:** Okay.  Have you taken any drugs or
3   medicine or pills in the last 24 hours?
4           **THE DEFENDANT:** No, ma'am.
5           **THE COURT:** Have you been treated recently for any
6   mental illness or an addiction?
7           **THE DEFENDANT:** No, ma'am.
8           **THE COURT:** Do you feel that you fully understand
9   everything going on in this hearing?
10          **THE DEFENDANT:** Yes.
11          **THE COURT:** Would you say that you feel clear-minded?
12          **THE DEFENDANT:** Yes.
13          **THE COURT:** Have you had sufficient time to consult
14  with your attorney to be fully prepared to plead guilty today?
15          **THE DEFENDANT:** Yes.
16          **THE COURT:** Was your attorney able to answer all of
17  your questions?
18          **THE DEFENDANT:** Yes, ma'am.
19          **THE COURT:** Are you satisfied with your attorney's
20  representation of you?
21          **THE DEFENDANT:** I am.
22          **THE COURT:** Ms. Zheng, in the course of your
23  representation of this client, how many times did you
24  personally meet with him?
25          **MS. ZHENG:** We were just out in Pahrump yesterday,

1  and then throughout the course of the pandemic I think we had
2  maybe three video visits.  And then, in between that, maybe
3  once a month we would have a phone call.
4              **THE COURT:**  All right.
5              **MS. ZHENG:**  Yeah?
6              **THE COURT:**  During those meetings --
7              **THE DEFENDANT:**  Not really in person --
8              **THE COURT:**  During those meetings, did you see
9  anything that would cause you to doubt his competence?
10             **MS. ZHENG:**  No, Your Honor.
11             **THE COURT:**  Mr. Cowhig, is the Government aware of
12 anything that would cause it to doubt the defendant's
13 competence?
14             **MR. COWHIG:**  No, Your Honor.
15             **THE COURT:**  Thank you.
16             Based on counsels' representations and the
17 conversation that I've been having in the courtroom here so
18 far with the defendant and also based on my personal
19 observations of him here in this courtroom, I do find he is
20 competent to plead and waive rights in this case.
21             Sir, let's talk about the charge against you.  You
22 have been charged by a document called an indictment, a
23 criminal indictment, and it charges you with a single count of
24 being a felon in possession of a firearm in violation of Title
25 18 United States Code §§ 922(g)(1) and 924(a)(2).  That itself

1  is a felony offense.
2          Do you understand that that's the charge against you
3  and that's how it was brought?
4          **THE DEFENDANT:**  Yes, ma'am.
5          **THE COURT:**  And have you read this indictment?
6          **THE DEFENDANT:**  Yes.
7          **THE COURT:**  And did your attorney fully explain this
8  indictment to you?
9          **THE DEFENDANT:**  Yes, ma'am.
10         **THE COURT:**  And do you believe you fully understand
11 everything in this indictment?
12         **THE DEFENDANT:**  Yes, ma'am.
13         **THE COURT:**  All right.  Ms. Zheng, does your client
14 waive the reading of the indictment?
15         **MS. ZHENG:**  Yes, please, Your Honor.
16         **THE COURT:**  So the offense that you're charged with
17 has certain essential elements that the Government would have
18 to prove against you beyond a reasonable doubt if you took
19 this case to trial.  Those elements are written down inside
20 this memorandum, and I'm going to go over those with you now.
21         So the essential elements of being a felon in
22 possession of a firearm, as you're charged in this case, are:
23         First, that you knowingly possessed the firearm
24 described in the indictment.  And here that's a Canik -- I'm
25 unfamiliar with that one -- C-a-n-i-k -- Model TP9 SF Elite

1  nine millimeter semiautomatic pistol bearing Serial
2  Number 20BH02246;
3          Second, that gun had been shipped or transported from
4  one state to another or between a foreign nation and the
5  United States or the firearm was possessed in or affecting
6  interstate or foreign commerce;
7          Third, at the time that you possessed this gun you
8  had been convicted of a crime punishable by imprisonment for a
9  term exceeding one year; and
10         Fourth, at the time that you possessed this gun you
11 knew you had been convicted of a crime punishable by
12 imprisonment for a term exceeding one year.
13         Do you understand that these are the essential
14 elements of the charge in the indictment against you?
15         **THE DEFENDANT:**  Yes.
16         **THE COURT:**  And do you understand that, if you took
17 this case to trial, the Government would have to prove each of
18 those essential elements against you beyond a reasonable doubt
19 in order for you to be convicted of this charge?
20         **THE DEFENDANT:**  Yes, ma'am.
21         **THE COURT:**  And do you understand by pleading guilty
22 to this charge you are admitting that each of those essential
23 elements is true as it applies to you?
24         **THE DEFENDANT:**  Yes, ma'am.
25         **THE COURT:**  Ms. Zheng, have you explained the

```
 1  essential elements of this offense to your client?
 2          MS. ZHENG:  I have, Your Honor.
 3          THE COURT:  Are you satisfied that he fully
 4  understands them?
 5          MS. ZHENG:  Yes.
 6          THE COURT:  So, sir, I understand you're here today
 7  because you intend to plead guilty to this charge against you
 8  without any plea agreement whatsoever with the Government; is
 9  that true?
10          THE DEFENDANT:  Yes.
11          THE COURT:  Did the Government make you any promises
12  to cause you to plead guilty?
13          THE DEFENDANT:  No, ma'am.
14          THE COURT:  Did anybody promise you a certain
15  sentence in this case or not to file additional charges or
16  anything at all in exchange for your plea?
17          THE DEFENDANT:  No, ma'am.
18          THE COURT:  Are you pleading guilty in reliance on
19  something that the Government said or did for you?
20          THE DEFENDANT:  No, ma'am.
21          THE COURT:  Did anybody threaten you to get you to
22  plead guilty?
23          THE DEFENDANT:  No, ma'am.
24          THE COURT:  As you sit here today, do you feel
25  coerced or forced under duress and that's why you're going to
```

1   plead guilty?
2          **THE DEFENDANT:**  No, ma'am.
3          **THE COURT:**  Do you understand that because you have
4   no agreement whatsoever with the Government, the Government
5   does not have to give you any benefit for pleading guilty,
6   which means they don't have to agree to argue for your
7   sentence to be reduced for acceptance of responsibility, they
8   don't have to forgo additional charges or dismiss charges;
9   they don't have to give you any benefit at all.  Do you
10  understand that?
11         **THE DEFENDANT:**  Yes, ma'am.
12         **THE COURT:**  All right.  I want to make sure there's
13  sufficient facts to support your guilty plea.
14         Mr. Cowhig, have you reviewed the memorandum in
15  support of a guilty plea without a plea agreement submitted by
16  defense?
17         **MR. COWHIG:**  I have, Your Honor.
18         **THE COURT:**  And do you find those facts to be
19  sufficient?  Before I ask him to commit to those facts, I
20  wanted to make sure the Government was satisfied with them.
21         **MR. COWHIG:**  I think they're a bit nebulous,
22  Your Honor.  Particular points that might be of concern is the
23  term "felon" does not actually appear in the statute.
24         **THE COURT:**  Right.
25         **MR. COWHIG:**  The prohibition is that a person has

1  been convicted of a crime punishable by more than a year's
2  time in prison and that the individual was aware that he was
3  convicted of -- under *Rehaif*, of that offense or an offense
4  that would involve more than a year in prison potentially.
5         **THE COURT:** Okay. All right. So let's -- why don't
6  we try to go -- so, Ms. Zheng, I'm going to take a look at the
7  factual basis in the Government's memo.
8         **MS. ZHENG:** Sure.
9         **THE COURT:** And I'll ask Mr. Whitney a few questions
10 then.
11        Mr. Whitney, do you -- is the true that on or about
12 September 2nd of 2020 in the state and federal district of
13 Nevada you knowingly possessed a firearm, and that firearm was
14 the Canik Model TP9 SF Elite nine millimeter semiautomatic
15 pistol bearing Serial Number 20BH02246?
16        **THE DEFENDANT:** Yes, ma'am.
17        **THE COURT:** And do you acknowledge that that gun was
18 manufactured outside the state of Nevada, and so to get here
19 it had to be shipped or transported from another state or
20 another nation to get into Nevada?
21        **THE DEFENDANT:** Yes, ma'am.
22        **THE COURT:** And is it true that before you possessed
23 that gun you had sustained multiple felony convictions
24 punishable by a term of imprisonment exceeding one year?
25        **THE DEFENDANT:** Yes, ma'am.

1 **THE COURT:** And at the time you possessed that gun,
2 did you know that you had sustained multiple felony
3 convictions punishable by a term of imprisonment exceeding one
4 year?
5 **THE DEFENDANT:** Yes, ma'am.
6 **THE COURT:** Mr. Cowhig, is the Government satisfied
7 by the factual basis for those admissions?
8 **MR. COWHIG:** Yes, Your Honor. Thank you.
9 **THE COURT:** Thank you.
10 All right. Mr. Whitney, do you understand that by
11 admitting those facts under penalty of perjury, those facts
12 could later be used against you for any reason, even if for
13 some reason you are permitted to withdraw your guilty plea?
14 **THE DEFENDANT:** Yes, ma'am.
15 **THE COURT:** Sir, by pleading guilty you'll be giving
16 up a number of important legal rights. I'm going to now list
17 them, and after I do I'm going to ask you whether you
18 understand that you have those rights and you are giving them
19 up by pleading guilty today. There are about eight of them.
20 You are entitled to plead not guilty and have a
21 speedy and public jury trial here in this courthouse. You
22 have the right to an attorney at trial and at all stages of
23 proceedings against you. At trial you would be presumed
24 innocent, and before you could be convicted the Government
25 would have to overcome that presumption of innocence and prove

1  to the jury that you are guilty beyond a reasonable doubt.  In
2  order for you to be convicted at trial, all of the jurors --
3  and there would be 12 of them -- would have to agree that you
4  are guilty beyond a reasonable doubt.
5       At trial, the witnesses for the Government would have
6  to come to court and testify in your presence, and your
7  attorney could cross-examine those witnesses, object to any
8  evidence that she believed was objectionable, offer evidence
9  on your behalf, and use the Court's subpoena power to compel
10 witnesses to come to court and testify on your behalf.  At a
11 trial, while you would have a right to testify if you chose
12 to, you also would have the right to remain silent and not
13 testify.  If you decided not to testify or decided not to put
14 on any evidence at your trial, those decisions could not be
15 used against you in any way.  And finally, if you were tried
16 by a jury and found guilty, you would have the right to appeal
17 that verdict to a higher court than this one.
18       Do you understand that you have all of these rights?
19       **THE DEFENDANT:**  Yes, ma'am.
20       **THE COURT:**  And do you understand that you are
21 waiving these rights and instead entering a guilty plea
22 without going to trial?
23       **THE DEFENDANT:**  Yes, ma'am.
24       **THE COURT:**  And did you make to decision to give up
25 all of these rights only after fully consulting with your

1  attorney about these important rights and waivers?
2          **THE DEFENDANT:**  Yes, ma'am.
3          **THE COURT:**  Has your attorney explained to you about
4  the federal sentencing guidelines and how she believes they
5  may affect your sentence in this case?
6          **THE DEFENDANT:**  Yes, ma'am.
7          **THE COURT:**  I must calculate the sentencing guideline
8  range that applies to you and consider it and any possible
9  departures and all sentencing factors under Title 18 of the
10 United States Code § 3553(a) when determining your sentence in
11 this case.  But the guidelines are only advisory, and the
12 Court can impose a sentence on you that's either within or
13 outside of the guidelines.  Do you understand that?
14         **THE DEFENDANT:**  Yes, ma'am.
15         **THE COURT:**  Regardless of what the attorneys argue,
16 request, or recommend, it is up to the Court to decide what
17 sentence you will receive in this case.  Do you understand
18 that?
19         **THE DEFENDANT:**  Yes, ma'am.
20         **THE COURT:**  The Court will not be able to determine
21 your sentencing range under the guidelines until after an
22 investigation and report have been completed by the Probation
23 Office.  And after that process is over it's possible that the
24 sentencing guidelines that apply to you may be different from
25 the level you expect.  Do you understand that if that happens

1   and it's a different guideline level than you're expecting,
2   that would not give you a basis to withdraw your plea?
3            **THE DEFENDANT:**  Yes, ma'am.
4            **THE COURT:**  The Probation Office will review your
5   criminal history and assign points to certain qualifying
6   convictions.  Those points affect the guideline range.
7   Roughly, the more points, the longer the sentence.  You may
8   have some idea of your criminal history score or category, but
9   if they're different than you were expecting, that will not
10  give you a basis to withdraw your plea.  Do you understand
11  that?
12           **THE DEFENDANT:**  Yes, ma'am.
13           **THE COURT:**  During Probation's investigation it may
14  be determined that you are subject to an enhancement to your
15  sentence such as enhancements that apply to people
16  characterized under the law as career offenders due to their
17  extensive criminal history.  I don't know whether that will
18  happen to you or not, but if it does happen and it's
19  determined that your sentence must be enhanced, that would not
20  give you a basis to withdraw your guilty plea.  Do you
21  understand that?
22           **THE DEFENDANT:**  Yes, ma'am.
23           **THE COURT:**  Do you understand that the offense you're
24  pleading guilty to carries a sentence of up to ten years, and
25  even if I were to sentence you to ten years in prison, that

1  would not give you a basis to withdraw your plea?
2      **THE DEFENDANT:**  Yes, ma'am.
3      **THE COURT:**  Ms. Zheng, is your client subject to a
4  state court proceeding?
5      **MS. ZHENG:**  He is no longer, Your Honor.
6      **THE COURT:**  He is not?
7      **MS. ZHENG:**  No.
8      **THE COURT:**  Okay.  Do you understand, sir, that a
9  federal prison sentence cannot be shortened by parole because
10 there is no parole in the federal system?
11     **THE DEFENDANT:**  Yes, ma'am.
12     **THE COURT:**  After completing a term in prison, you
13 may be required to serve a term of supervised release of
14 three -- of up to three years, and there would be terms and
15 conditions that would apply to your supervised release.  And
16 if you violated them, your supervised release could be
17 revoked, and you could be imprisoned for the full term of
18 supervised release without credit for good time served while
19 you were out on supervised release.  Do you understand that?
20     **THE DEFENDANT:**  Yes, ma'am.
21     **THE COURT:**  In addition to giving you a prison
22 sentence, the Court can impose a fine on you of up to a
23 quarter of a million dollars, and the Court must impose a
24 special assessment of $100 against you at sentencing.  Do you
25 understand?

1      **THE DEFENDANT:**  Yes, ma'am.

2      **THE COURT:**  Are you a U.S. citizen, sir?

3      **THE DEFENDANT:**  I am.

4      **THE COURT:**  As you sit here in court today, sir, do
5  you feel that you fully understand all the possible
6  consequences of pleading guilty in this case without a benefit
7  of a plea agreement?

8      **THE DEFENDANT:**  Yes, ma'am, I do.

9      **THE COURT:**  We are almost done.  In just a minute I'm
10 going to ask you to stand and tell me how you wish to plead.
11 But before I do that, do you have any remaining questions you
12 would like to ask your attorney about as you sit there
13 privately at the table with her or any questions for
14 Government counsel or for the Court?

15     **THE DEFENDANT:**  No, ma'am.

16     **THE COURT:**  Counsel, is there anything that I missed
17 in the canvass or that I need to revisit or address?

18     **MR. COWHIG:**  No, Your Honor.  Thank you.

19     **MS. ZHENG:**  None that I can think of, Your Honor.

20     **THE COURT:**  Thank you.

21         All right.  Mr. Whitney, please stand.

22         With respect to the single count against you charging
23 you with being a felon in possession of a firearm, a felony
24 offense, in violation of Title 18 United States Code
25 §§ 922(g)(1) and 924(a)(2), how do you plead, sir?

1         **THE DEFENDANT:** Guilty, Your Honor.

2         **THE COURT:** Are you pleading guilty because in truth
3 and in fact you are guilty and for no other reason?

4         **THE DEFENDANT:** Yes, ma'am.

5         **THE COURT:** All right. You can sit down.

6         It is finding of the Court that the defendant is
7 fully competent and capable of entering an informed plea and
8 that he is aware of the nature of the charge and the
9 consequences of his guilty plea and that his plea of guilty is
10 a knowing, intelligent, and voluntary plea supported by an
11 independent factual basis containing each one of the essential
12 elements of this offense. His plea's accepted, and he is now
13 adjudged guilty of the offense as charged.

14         The Court will now order a Presentence Investigation
15 Report to be prepared by the Probation Office. When that
16 document is completed, a copy will be provided to your
17 attorney, and she'll review it with you. If there are any
18 errors in that document or anything has been left out, that
19 can all be brought to the attention of the Probation Office
20 and to this Court before your sentencing hearing.

21         At your sentencing hearing, your attorney will, of
22 course, argue on your behalf, but you'll have an opportunity
23 that day to speak to the Court and tell me why you -- or tell
24 me anything that you think I should consider in deciding what
25 sentence to give you in this case.

```
 1          This matter is now referred to the U.S. Probation
 2   Office for presentence investigation and report.  We will
 3   return here for your sentencing on September 19th at 3:00 p.m.
 4   September 19th at 3:00 p.m.
 5          Is there anything else that we need to address?
 6          MR. COWHIG:  Not from the Government, Your Honor.
 7   Thank you.
 8          THE COURT:  Ms. Zheng?
 9          MS. ZHENG:  None from the defense either, Your Honor.
10          THE COURT:  All right.  Defendant's remanded to the
11   custody of the Marshal to await sentencing.  We'll see you in
12   September.
13      (Proceedings adjourned at 2:22 p.m.)
14                            --o0o--
15                  COURT REPORTER'S CERTIFICATE
16
17      I, AMBER M. McCLANE, Official Court Reporter, United
18   States District Court, District of Nevada, Las Vegas, Nevada,
19   do hereby certify that pursuant to 28 U.S.C. § 753 the
20   foregoing is a true, complete, and correct transcript of the
21   proceedings had in connection with the above-entitled matter.
22
23   DATED:  5/1/2023
24
25                       /s/  Amber M. McClane
                         AMBER McCLANE, RPR, CRR, CCR #914
```