*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF NEVADA

UNITED STATES OF AMERICA,    )
                             ) Case No. 2:21-cr-00002-JAD-NJK
           Plaintiff,        )
                             ) Las Vegas, Nevada
vs.                          ) January 22, 2021
                             ) Courtroom 3D
STEPHON JAMES WHITNEY,       )
                             )
                             ) Recording method:
           Defendant.        ) Liberty/CRD
_____) 2:34 p.m. - 2:46 p.m.
                               INITIAL APPEARANCE/ARRAIGNMENT
                               & PLEA
```

## *CERTIFIED COPY*

TRANSCRIPT OF PROCEEDINGS CONDUCTED VIA ZOOM
BEFORE THE HONORABLE CAM FERENBACH
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

APPEARANCES:

For the Government:  **DANIEL COWHIG, AUSA**
                     *UNITED STATES ATTORNEY'S OFFICE*
                     *501 Las Vegas Boulevard South, Suite 1100*
                     *Las Vegas, Nevada 89101*
                     *(702) 388-6336*

(Appearances continued on page 2.)

Recorded by:        Tawnee Renfro

Transcribed by:     Amber M. McClane, RPR, CRR, CCR #914
                    United States District Court
                    333 Las Vegas Boulevard South, Room 1334
                    Las Vegas, Nevada 89101
                    (702) 384-0429 or AM@nvd.uscourts.gov

Proceedings recorded by electronic sound recording.
Transcript produced by mechanical stenography and computer.

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

1   APPEARANCES CONTINUED:

2   For the Defendant:

3       **YI LIN ZHENG, ESQ.**
    *VEGAS GOLDEN LAW*
4       *2801 South Valley View Boulevard, Suite 16*
    *Las Vegas, Nevada 89102*
5       *(702) 385-7170*

6   Also Present:

7       *Jessie Moorehead, Pretrial Services*

8

9                                            * * * * *

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

1     LAS VEGAS, NEVADA; FRIDAY, JANUARY 22, 2021; 2:34 P.M.

2                              --o0o--

3                         P R O C E E D I N G S

4           **COURTROOM ADMINISTRATOR:**  This is the time set for

5    initial appearance and arraignment and plea in Case

6    2:21-cr-2-JAD-NJK, United States of America versus Stephon

7    James Whitney.

8           Counsel, please enter your appearance for the record

9    beginning with the Government.

10          **MR. COWHIG:**  Good afternoon, Your Honor.  Dan Cowhig

11   for the United States.  I ask that the indictment be unsealed.

12          **THE COURT:**  Thank you, Mr. Cowhig.  The indictment

13   will be unsealed.

14          **MS. ZHENG:**  And good afternoon, Your Honor.  Yi Lin

15   Zheng on behalf of the defendant, Stephon Whitney.  He is

16   present in custody at the Nevada Southern Detention Center.

17          **THE COURT:**  Thank you, Ms. Zheng.

18          Mr. Whitney, can you hear me okay?

19          **THE DEFENDANT:**  Yes, sir.

20          **THE COURT:**  All right.  You know, normally we would

21   do this in the courtroom.  The lawyers, you and I, and my

22   deputy, we'd all be in the courtroom.  We can't do that

23   because of the COVID pandemic, so it's important you be able

24   to hear everything okay and see everything.  If there's a

25   problem -- sometimes the Internet slows down, it's hard to

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

1  understand, whatever -- raise your hand, let me know, and
2  we'll make sure we have a complete hearing.  Okay?
3      **THE DEFENDANT:**  Okay.
4      **THE COURT:**  Okay.  The CARES Act, effective
5  March 27th, 2020, authorizes the use of videoconferencing for
6  certain court hearings during the course of the COVID-19
7  emergency.  On March 29th, 2020, the Judicial Conference of
8  the United States also found that emergency conditions exist
9  which materially affect the functioning of the courts.
10 Accordingly, Chief Judge Du entered General Order 2020-5
11 authorizing the use of videoconferencing for this hearing.
12      Mr. Whitney, do you consent to making a video
13 appearance at this hearing?
14      **THE DEFENDANT:**  Yes, sir.
15      **THE COURT:**  Thank you.
16      I find the defendant knowingly and voluntarily waived
17 his right to appear in person.
18      Is your true name Stephon James Whitney?
19      **THE DEFENDANT:**  Yes, sir, it is.
20      **THE COURT:**  How old are you, Mr. Whitney?
21      **THE DEFENDANT:**  Thirty years old, sir.
22      **THE COURT:**  How far have you gone in school?
23      **THE DEFENDANT:**  I got all my credits, but I didn't
24 graduate because of proficiency.  So I would say 12th grade.
25      **THE COURT:**  All right.  That's fair.

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

1          You've been charged in an indictment in this
2   district, one count felon in possession of a firearm.  Have
3   you read that charge against you?
4          **THE DEFENDANT:**  Yes, sir.
5          **THE COURT:**  You're not required to make any statement
6   about that charge either here in court or to any law
7   enforcement officer.  Anything you do say can be used against
8   you.  You have the right to trial by jury, the right to
9   subpoena witnesses to appear at the trial, the right to
10  assistance of counsel at all stages of these proceedings.  If
11  you cannot afford a lawyer, the Court will appoint a lawyer
12  for you at the public's expense.
13         Do you understand these rights?
14         **THE DEFENDANT:**  Yes, sir.
15         **THE COURT:**  Can you afford to hire an attorney today?
16         **THE DEFENDANT:**  No, sir.
17         **THE COURT:**  Okay.  I've received a financial
18  affidavit which has your name on it and some financial
19  information.  Earlier today were you able to convey financial
20  information to Ms. Zheng so she could put it on this affidavit
21  and send it to the Court?
22         **THE DEFENDANT:**  Yes, I believe so.
23         **THE COURT:**  All right.  And was all the information
24  you gave her true and correct?
25         **THE DEFENDANT:**  Yes, sir.

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR, CCR #914

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

1  **THE COURT:** And was it complete?
2  **THE DEFENDANT:** Yes, sir.
3  **THE COURT:** And you understand that this information
4  is given to the Court under penalty of perjury?
5  **THE DEFENDANT:** Yes, sir.
6  **THE COURT:** Thank you.
7  Based on the affidavit, the Court finds the defendant
8  is financially unable to retain counsel.  Therefore, Ms. Zheng
9  is appointed to represent him in this case.
10  Did you have a chance to speak to Ms. Zheng regarding
11  what you're charged with in the indictment?
12  **THE DEFENDANT:** Yes, sir, I did.
13  **THE COURT:** Good.
14  Do you understand the nature of the charges against
15  you?
16  **THE DEFENDANT:** Yes, sir, I do.
17  **THE COURT:** And do you understand the purpose of
18  today's hearing?
19  **THE DEFENDANT:** Yes, sir, I do.
20  **THE COURT:** Thank you.
21  Ms. Zheng, do you have any reason to question the
22  competence of your client to understand the charges against
23  him and to assist in his defense?
24  **MS. ZHENG:** I do not, Your Honor.
25  **THE COURT:** Do you waive the reading of the

1    indictment?
2            **MS. ZHENG:**  Yes, please, Your Honor.
3            **THE COURT:**  Thank you.
4            Mr. Whitney, how do you plead to the one count
5    alleged against you in this indictment, guilty or not guilty?
6            **THE DEFENDANT:**  Not guilty.
7            **THE COURT:**  Trial in this case is set for
8    March 23rd -- March 23rd, 2021, at 9:00 a.m., and that's in
9    Courtroom 6D, with a calendar call March 15th, 2021,
10   1:30 p.m., also Courtroom 6D.
11           Mr. Cowhig, what's the Government's position on
12   discovery in this case, please?
13           **MR. COWHIG:**  Your Honor, this is not a complex case.
14   There are audio recordings in the English language that will
15   be provided in the course of discovery [indiscernible]
16   standard order regarding pretrial procedure should apply, and
17   we'll file a government disclosure statement.
18           **THE COURT:**  Thank you.
19           The standard order regarding pretrial procedure will
20   be entered, and this case will be governed by Local Criminal
21   Rule 16-1(b).
22           What's the Government's position on pretrial release?
23           **MR. COWHIG:**  Your Honor, we believe that Mr. Whitney
24   should be detained under 3142(f)(1)(E) as both a flight risk
25   and a danger.

1       **THE COURT:** All right.  Are you ready to proceed?

2       **MR. COWHIG:** Yes, Your Honor.

3       **THE COURT:** Ms. Zheng, are you ready to proceed?

4       **MS. ZHENG:** Yes, Your Honor.

5       **THE COURT:** All right.  I notice your client did not
6  interview.  Are you going to be opposing detention?

7       **MS. ZHENG:** He did interview.  I have a Pretrial
8  Services report, Your Honor.  Oh.  Oh.  But it says he
9  declined.

10      **THE COURT:** Your client declined to interview, yeah.

11      **MS. ZHENG:** Well, Your Honor, in this case, a
12 slightly different situation.  I had also submitted to the
13 Court a waiver of temporary right to custody under the
14 Interstate Agreement Detainer Act.  Mr. Whitney --

15      **THE COURT:** I've got it here.

16      **MS. ZHENG:** Mr. Whitney was writted over from a state
17 sentence that he is serving as a result of a probation
18 violation as a result of this case which is now before the
19 Court.

20      **THE COURT:** Right.

21      **MS. ZHENG:** So he has fully been sentenced in that
22 case.  So our agreement was -- and I had discussed this with
23 Mr. Whitney -- is that we would at this point temporarily
24 submit to detention in this case because, regardless of the
25 argument here, he is going to be returned to custody.  And

1  that we would ask that because he has parole coming up on the
2  state case, to allow him to return to finish his sentence in
3  the state case so that he could at least go to the Parole
4  Board and then to be returned back to federal custody
5  following that. And we would ask then to reserve the right to
6  revisit the issue of detention.
7        **THE COURT:** Well, I'm not sure I can do all that.
8  You know, the -- under the Bail Reform Act, you know, I have
9  to -- I can allow the Government a three-day continuance. I
10 can allow you up to a five-day continuance absent good cause.
11       So let me ask Mr. Cowhig. I guess the proposal is
12 that mister -- Mr. Whitney go back to state custody and then,
13 when his time is up, he come back to federal custody and then
14 he would move for release.
15       Is that what you're saying, Ms. Zheng?
16       **MS. ZHENG:** Yes. That's what I'm hoping to.
17       **THE COURT:** Yeah --
18       **MS. ZHENG:** And we -- I've previously done this in a
19 different case.
20       **THE COURT:** Well, okay. Mr. Cowhig, what's the
21 Government's position on that proposal?
22       **MR. COWHIG:** Your Honor, we believe that Mr. Whitney
23 should be detained regardless of what -- his state custody
24 status based upon his criminal history and the other factors
25 set out by the Pretrial Services officer.

1    **THE COURT:** Okay. That's good. I don't want you to
2    argue the whole thing. I just want to just see if you were
3    interested in this proposal.
4        Hold on a minute. Let me try to sort this out
5    because I want to make sure it -- it -- Mr. Whitney and
6    Ms. Zheng were under the impression that somehow this could be
7    delayed, and they're not prepared to do it and he didn't
8    interview. I don't want to cut him off because, I mean, he
9    does have a right to a detention hearing.
10       And I guess the other thing I need to straighten out,
11   I don't have this Interstate Agreement on Detainers Act come
12   up very often, and I know it's the anti-shuttling statute.
13       This document you submitted, Ms. Zheng, as I
14   understand it, your defendant waived his right to stay in
15   temporary federal custody. So that just means it would be
16   possible for him to be transferred back to state custody, but
17   I don't know that he has a right to be transferred back to
18   state custody. And if that's your position, you're going to
19   have to file some type of motion, and I'll get everybody to
20   brief me on that. Because as I understand this act, it's just
21   set up so that, you know, a person doesn't get shuttled back
22   and forth, back and forth, you know, but I don't think, just
23   because you're waiving that, means he has to go back to state
24   custody. I need briefing on that before I could go that way.
25       **MS. ZHENG:** Would the Court be willing to grant me a

1 continuance to do that?  I don't -- I can provide some
2 briefing as to the issue.
3         **THE COURT:**  Right.  And then if it -- and you might
4 also want to have your client interview if you really want to
5 try to get him released.  Because I -- I don't see how I could
6 release him if he doesn't interview with -- with everything
7 else that I have in front of me right now.
8         So I can give you up to a five-day continuance --
9         **MS. ZHENG:**  Sure.
10         **THE COURT:**  -- and you can -- you know, you can try
11 and figure out which way you want to go with this.  All right?
12 Okay.
13         **MS. ZHENG:**  If the Court would please grant me a
14 five-day continuance so that I would be able to do some
15 briefing, and I'll contact the pretrial officer again and
16 speak to Mr. Whitney.
17         **THE COURT:**  All right.  Well, I mean, Mr. Cowhig,
18 does the Government have any -- want to take any position on
19 this?  I mean, she has a right to a five-day continuance under
20 the Bail Reform Act, but I'll hear from you --
21         **MR. COWHIG:**  No, Your Honor.  I think it -- I think
22 it would be appropriate to -- to grant the continuance, and if
23 Mr. Whitney wanted to interview at this juncture, that he be
24 allowed to do so.
25         **THE COURT:**  Right.  I think that's right because he

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

1    does have a right to a detention hearing, and -- and just make
2    sure, now that we have on the record what -- what happened up
3    to this point, I think that's a good idea.
4             So what -- what -- what do we have for a date and
5    time?
6             **COURTROOM ADMINISTRATOR:** [Indiscernible].
7             **THE COURT:** Yeah, Friday's five days. Yeah.
8             **COURTROOM ADMINISTRATOR:** [Indiscernible].
9             **THE COURT:** It's five business days.
10            **COURTROOM ADMINISTRATOR:** So it would be Friday,
11   January 29th at 10:00 o'clock a.m.
12            **THE COURT:** Okay. So, Mr. Whitney, just so you know,
13   your attorney has asked for a continuance on your behalf, and
14   you're entitled to it and I'm granting it. But that does, of
15   course, mean you'll remain temporarily detained until we can
16   hold your detention hearing, certainly until then, next
17   Friday. You understand?
18            **THE DEFENDANT:** Yes.
19            **THE COURT:** Okay. All right. Let's see. I've given
20   you the dates.
21            Oh, I have to do this one last thing. Hold on.
22            Under federal law, including Rule 5(f) of the Federal
23   Rules of Criminal Procedure, the Supreme Court decision in
24   *Brady versus Maryland* and all applicable decisions
25   interpreting *Brady*, the Government is ordered to disclose to

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

1  the defendant in a timely manner all information or evidence
2  known to the Government that is either, one, relevant to the
3  defendant's guilt or punishment; or, two, favorable to the
4  defendant on the issue of guilt or punishment.
5           The consequences for violating this order or the
6  Government's obligation under *Brady* include, but are not
7  limited to, the following:  Contempt, sanction, referral to a
8  disciplinary authority, adverse jury instruction, exclusion of
9  evidence, and dismissal of charges.  A written order will
10 follow.
11          Okay.  Everybody have a good and safe weekend,
12 please.
13          **MR. COWHIG:**  I'm sorry to interrupt, Your Honor.
14          **THE COURT:**  Oh.
15          **MR. COWHIG:**  I may have been distracted.  Did you
16 order -- issue a temporary detention order pending our hearing
17 next week?
18          **THE COURT:**  Right.  Yes.  Yeah, I -- I did.  I mean,
19 that happens --
20          **MR. COWHIG:**  Thank you, Your Honor.
21          **THE COURT:**  -- automatically.  That happens
22 automatically.  I explained it to the defendant.  Okay?
23          **MR. COWHIG:**  Thank you, Your Honor.
24          **THE COURT:**  Thank you.  Bye-bye.
25      *(Proceedings adjourned at 2:46 p.m.)*

*TRANSCRIBED FROM DIGITAL RECORDING*
*2:21-cr-00002-JAD-NJK-1 • 1/22/2021*

```
 1                        * * * * *

 2        I, AMBER M. McCLANE, court-appointed transcriber, certify

 3   that the foregoing is a correct transcript transcribed from

 4   the official electronic sound recording of the proceedings in

 5   the above-entitled matter.

 6

 7     /s/    Amber M. McClane              5/1/2023
            AMBER MCCLANE, RPR, CRR, CCR #914      Date
```