# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff<br><br>v.<br><br>Stephon James Whitney,<br><br>　　　　Defendant | Case No.: 2:21-cr-00002-JAD-NJK<br><br>**Order Denying Motion to Reduce Sentence**<br><br>[ECF Nos. 71, 75] |

Stephon James Whitney is serving a 54-month sentence for being a felon in possession of a firearm. Whitney has filed two motions—a "motion for reconsideration on sentence reduction" and a motion for a sentence reduction—both based on recent changes to the sentencing guidelines known commonly as Amendment 821, which authorizes the removal of extra criminal-history points known as "status points." His appointed attorney has filed a notice explaining that Whitney does not qualify for a sentence reduction because, even with one less status point, his criminal-history category remains the same. Because I find that Whitney is not eligible for a sentence reduction based on Amendment 821, I deny his motions.

## Discussion

The Sentencing Commission submitted criminal-history amendments to Congress in May 2023, they took effect in November 2023, and courts have been applying them retroactively since February 2024.[1] Whitney argues that he is entitled to a sentence reduction under the change added to the guidelines as § 4A1.1, which reduces the impact of "status points" on a sentence. Status points are additional criminal-history points applied to a defendant who

---

[1] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60534 (Sept. 1, 2023).

committed his crime of conviction while under another criminal-justice sentence.  Because the Commission found that status points are less reliable indicators of rearrest, these changes allow courts to depend less on status points to determine criminal history.[2]  A defendant with seven or more criminal-history points may receive a one-point reduction in his status points, while a defendant with six or fewer criminal-history points may have his status points eliminated for committing his offenses while under a criminal-justice sentence.[3]  A court may reduce a defendant's sentence based on this amendment if his "term of imprisonment [was] based on a sentencing range that has subsequently been lowered by the Sentencing Commission [under] 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[4]

Whitney contends that he is eligible for a sentence reduction based on this amendment, having received a letter from the Office of the Federal Public Defender for the District of Nevada that his criminal-history points had been reduced.[5]  But as his appointed counsel acknowledges in a subsequent filing, Whitney doesn't qualify for this reduction because a reduction in his status points would not change his criminal-history category.[6]  Whitney received two status points at the time of sentencing, which resulted in a total of 11 criminal-history points, placing him in criminal-history category V, the category assigned to individuals with 10–12 criminal-

---

[2] *See* U.S. Sent'g Comm'n, Revisiting Status Points (2022), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2022/20220628_Status.pdf.

[3] Sent'g Guidelines for U.S. Courts, 88 Fed. Reg. 60534, 60535 (Sept. 1, 2023).

[4] 18 U.S.C. § 3582(c)(2) (cleaned up).

[5] ECF No. 71, ECF No. 75 at 3.

[6] ECF No. 76 at 1.

history points.[7]  One of his status points was already removed under Amendment 821, leaving Whitney with 10 criminal-history points.  That reduction did not change his criminal-history category, which remains at V.  Because the removal of a status point does not change his criminal history category, this change would also not result in a lower sentencing guideline range.  So Whitney is not entitled to a sentence reduction.

## Conclusion

Because Stephon James Whitney does not qualify for a sentence reduction under Amendment 821, IT IS THEREFORE ORDERED that his motions for a sentence reduction under Amendment 821 **[ECF Nos. 71, 75] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
October 29, 2024

---

[7] *See* USSG ch. 5, pt. A, Sentencing Table.