1        **UNITED STATES DISTRICT COURT**

2             **DISTRICT OF NEVADA**

3   United States of America,                     Case No.: 2:21-cr-00002-JAD-NJK

4        Plaintiff

                                                  **Order Denying Motion to Vacate,**
5   v.                                            **Set Aside, or Correct Sentence**

6   Stephon James Whitney,                        [ECF No. 82]

7        Defendant

8

9        Defendant and petitioner Stephon James Whitney is serving a 54-month sentence for

10  being a felon in possession of a firearm.  Whitney now seeks habeas relief under

11  28 U.S.C. § 2255 based on four grounds, all of which he says are ineffective-assistance-of-

12  counsel claims: (1) a misdemeanor conviction was improperly assessed in his criminal-history

13  score, (2) a delay in parole from state custody meant that he did not receive 19 months of credit

14  for time served, (3) his trial and appellate counsel failed to "provide written proof that [he] was

15  paroled from state custody . . . to receive credit for time served," and (4) his appellate attorney

16  refused to remove himself from the case before submitting the direct appeal.[1]  The government

17  responds that Whitney does not sufficiently plead any of these claims and that they are supported

18  by neither fact nor law.  Because Whitney's motion contains no legal argument for modification

19  or vacatur of his sentence and the record conclusively establishes that he is not entitled to the

20  relief he seeks, I deny his motion.

21

22

23

---

[1] ECF No. 82 at 5–9.

1

**Background**

2       In January 2021, the government indicted Stephon Whitney on one charge of being a

3  felon in possession of a firearm.[2]  Whitney initially pled not guilty, but in June of that year, he

4  changed his plea and entered a guilty plea without a plea agreement.[3]  He was sentenced six

5  months later, after I considered the parties' extensive evidence during a hearing that lasted

6  several hours, listened to arguments from counsel, and heard Whitney's allocution.[4]  I granted

7  the defendant's request for a downward variance under 18 U.S.C. § 3553(a) and sentenced him

8  to 54 months in prison to run concurrent with a sentence he was serving on state-court

9  convictions.[5]  Whitney appealed, and the Ninth Circuit affirmed his sentence but remanded "(1)

10  to correct the special mental health condition under *United States v. Nishida*, 53 F.4th 1144

11  (9th Cir. 2022), and (2) to correct the district court's imposition of discretionary supervision

12  conditions under *United States v. Montoya*, 82 F.4th 640 (9th Cir. 2023)."[6]  I made those

13  corrections on remand and entered an amended judgment.[7]

14       On August 30, 2024, and September 6, 2024, Whitney filed two pro se motions—a

15  "motion for reconsideration on sentence reduction" and a motion for a sentence reduction—both

16  based on recent changes to the sentencing guidelines commonly known as Amendment 821.[8]

17  But as his appointed counsel acknowledged in a subsequent filing, Whitney did not qualify for a

18

19  _____

[2] ECF No. 1.

20  [3] ECF Nos. 7, 37.

21  [4] ECF Nos. 45, 48.

[5] ECF No. 50.

22  [6] ECF No. 64 at 8.

23  [7] ECF Nos. 80, 81.

[8] ECF Nos. 71, 75.

sentence reduction.[9]  I denied both motions because the removal of a status point would not change his criminal-history category, and such a change would also not result in a lower sentencing-guideline range, so he was not entitled to a sentence reduction.[10]

Whitney now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[11]  He brings four claims for ineffective assistance of counsel, arguing that his criminal-history score was incorrectly calculated, that he didn't get credit for time served in state custody, and that his appellate counsel didn't timely withdraw when Whitney fired him.[12]  The government responded, arguing that Whitney's motion is neither supported by law nor by facts.[13]  Whitney replied, reiterating his arguments and providing more detailed factual allegations in support of his claims.[14]

**Discussion**

A federal prisoner may attack the legality of his conviction under 28 U.S.C. § 2255 by showing that "the sentence was imposed in violation of the Constitution or the laws of the United States," "the court was without jurisdiction to impose such a sentence," the sentence was in "excess of the maximum authorized by law," or the sentence is "otherwise subject to collateral attack."[15]  If the court so finds, it must "vacate and set the judgment aside and . . . discharge the prisoner, resentence him, grant a new trial, or correct the sentence as may appear appropriate."[16]

---

[9] ECF No. 76.

[10] ECF No. 79.

[11] ECF No. 82.

[12] *Id.*

[13] ECF No. 86.

[14] ECF No. 87.

[15] 28 U.S.C. § 2255(a).

[16] *Id.* at § 2255(b) (cleaned up).

1  A prisoner filing a claim for federal habeas relief under § 2255 is entitled to service upon the

2  United States Attorney and an evidentiary hearing "[u]nless the motion and the files and records

3  of the case conclusively show that the prisoner is entitled to relief."[17]  No evidentiary hearing is

4  warranted if the petitioner's "allegations, when viewed against the record, do not state a claim

5  for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."[18]

6        Liberally construed, Whitney argues that his trial counsel provided ineffective assistance

7  by failing to object to the court's calculation of his criminal history during his sentencing

8  hearing.  He also contends that parole of his state sentence was delayed because he was in federal

9  custody.  And he claims that both his trial and appellate counsel erred in not obtaining written

10  proof of his parole from state custody and thus failed to use it as a basis to argue for a lesser

11  sentence.  Lastly, he argues that his appellate attorney provided ineffective assistance by refusing

12  to withdraw when Whitney asked him to.

13  **A.    Whitney has not demonstrated that § 2255 relief is available.**

14        The right to counsel embodied in the Sixth Amendment provides "the right to the

15  effective assistance of counsel."[19]  In the hallmark case of *Strickland v. Washington*, the United

16  States Supreme Court held that an ineffective-assistance claim requires a petitioner to show that

17  (1) his counsel's representation fell below an objective standard of reasonableness under

18  prevailing professional norms in light of all of the circumstances of the particular case[20] and (2)

19

---

20  [17] *Id.*; *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) ("We have characterized this standard as requiring an evidentiary hearing where 'the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" (quoting

21  *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984))).

22  [18] *Leonti*, 326 F.3d at 1116 (cleaned up).

   [19] *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397
23  U.S. 759, 771 n.14 (1970)).

   [20] *Id.* at 690.

1  it is reasonably probable that, but for counsel's errors, the result of the proceeding would have

2  been different.[21]  Both prongs of the *Strickland* inquiry must be satisfied to establish

3  constitutionally ineffective assistance of counsel; a failure to satisfy either requires that the

4  petitioner's claim be denied.[22]  Federal courts need not address the prejudice prong of the

5  *Strickland* test "if the petitioner cannot even establish incompetence under the first prong."[23]

6  Conversely, courts "need not determine whether counsel's performance was deficient before

7  examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[24]

8

9  ### 1.   *Whitney's first two claims fail because they were disposed of on direct appeal.*

10      Two of the four grounds on which Whitney asserts that he is entitled to relief raise the

11  same issues that he unsuccessfully appealed to the Ninth Circuit.  First, Whitney claims that his

12  trial counsel provided ineffective assistance by failing to object to the court's calculation of his

13  criminal-history score at sentencing.  He alleges that the court erroneously assessed a criminal-

14  history point for a misdemeanor conviction and that his trial attorney "failed to object to [a]

15  one[-]point increase on [his] presentence investigation report and at sentencing as [he]

16  requested."[25]  But this argument was raised before, and rejected by, the Ninth Circuit in

17  Whitney's direct appeal.[26]  The Ninth Circuit determined that the court did not err "in including

18

19

---

20  [21] *Id.* at 694.

21  [22] *Id.* at 697.

22  [23] *Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir. 1998).

    [24] *Strickland*, 466 U.S. at 697.

23  [25] ECF No. 82 at 5.

    [26] *Whitney*, 2024 WL 1429461, at *2.

1  Whitney's misdemeanor conviction for failure to register his address as a felon, driving without a

2  license, and driving without proof of insurance towards his criminal[-]history score."[27]

3         And the Ninth Circuit has also already addressed Whitney's second claim that he did not

4  receive a 19-month credit for time served because his parole from state custody was delayed

5  while he was in federal custody.  Whitney argues that his trial counsel was ineffective because he

6  was "brought back to federal custody before the parole process was completed," and that caused

7  "a delay in [his] release from primary state custody because [he] wasn't physically present to

8  sign all necessary parole release forms."[28]  But on direct appeal the Ninth Circuit found that

9  Whitney "offered no proof that his parole was actually delayed by his federal case."[29]  In

10 rejecting Whitney's argument, the Court also noted that Whitney failed to explain why the state

11 was unable to process his parole in March 2021 but was able to do so in August 2022, despite his

12 still being in federal custody.[30]

13        It is well-established that "issues disposed of on a previous direct appeal are not

14 reviewable in a subsequent § 2255 proceeding."[31]  "The fact that the issue may be stated in

15 different terms is of no significance."[32]  Whitney appears to argue in his reply brief that his claim

16 that his counsel did not properly object to his criminal-history score was not fully disposed of on

17 direct appeal because his "attorney failed to raise this issue at presentence investigation and

18

19

---

20 [27] *Id.*

21 [28] ECF No. 82 at 6.

   [29] *Whitney*, 2024 WL 1429461, at *2.

22 [30] *Id.*

23 [31] *United States v. Currie*, 589 F.2d 993, 995 (9th Cir. 1979).

   [32] *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 16 (1963)).

sentencing."[33]  But Whitney's trial counsel did in fact object to the calculation of his criminal-history score during his second sentencing hearing, and the court overruled that objection.[34]  And the Ninth Circuit rejected Whitney's argument on appeal because it deemed it meritless—not because his counsel failed to raise it.[35]  So, because Whitney's first two claims were disposed of in his direct appeal, I deny Whitney's petition as to these previously reviewed grounds.

> **2.        *Whitney's third claim fails because he provides no evidence to support his contention that his counsel erred by not obtaining written proof of his parole.***

Whitney next argues that his trial and appellate counsel erred in not obtaining written proof of his parole from state custody on July 19, 2021, and therefore were ineffective because they failed to use it as a basis to argue for a lesser sentence.[36]  Whitney also states in his motion that he requested that his appellate counsel raise this issue on appeal, but that he refused to do so.[37]  And Whitney asserts in his reply brief that he let his attorney know that he "did not want to move forward with the appeal until he had proof of the parole."[38]  But Whitney provides no evidence of this July 19, 2021, parole.  He claims that the Nevada Parole Board Commission sent it to him after his appeal, but that he has "proof of parole documents in [his] property" at a

---

[33] ECF No. 87 at 3.

[34] ECF No. 60 at 83:4–22 (transcript of Whitney's December 5, 2022, sentencing hearing) ("I'm bound by this Ninth Circuit authority which essentially says that I have to go by the prior original conviction which remains countable even despite the eventual[] state order because the conviction was not reversed or vacated due to innocence or errors of law within the meaning of the guidelines . . . so I overrule the objection.").

[35] *See Whitney*, 2024 WL 1429461, at *2.

[36] ECF No. 82 at 8.

[37] *Id.*

[38] ECF No. 87 at 2.

different facility from the one where he is current incarcerated."[39]  While Whitney says he

"would gladly submit the proof of parole to the courts," he provides no evidence to back up his

claim that it exists.[40]

Even if there were any evidence of a July 19, 2021, parole, Whitney's claim would still

fail because he cannot satisfy the prejudice prong by showing that the outcome of his case would

have been different if such written proof had been presented to the court.  The Bureau of Prisons

(BOP)—not the district courts—is responsible for calculating federal time-served credit, and

district courts lack the authority to prevent the BOP from calculating time served.[41]  A § 2255

motion in this court is not the proper vehicle to challenge the BOP's calculation.  Because "[a]

prisoner's claim of credit for time spent in custody prior to sentencing addresses the execution of

his sentence rather than the sentence itself," a prisoner must challenge that calculation under

28 U.S.C. § 2241.[42]  So, because Whitney's claim addresses the execution of his sentence, this

court cannot consider his arguments here.  To the extent that Whitney seeks modification of his

sentence based on the BOP's calculations, I deny that motion without prejudice.

---

[39] *Id.*

[40] *Id.*

[41] 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 334 (1992).

[42] *See United States v. Espinoza*, 866 F.2d 1067, 1071 (9th Cir. 1991); *United States v. Diggings*, 740 F.2d 770, 771–72 (9th Cir. 1984); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992).

### 3. *Whitney's claim that his appellate counsel's refusal to remove himself before he submitted Whitney's direct appeal constituted ineffective assistance of counsel also fails because Whitney does not establish that his counsel's performance was inadequate.*

Whitney lastly argues that relief is warranted because his appellate counsel refused to remove himself as his attorney when asked.[43]  But Whitney does not establish that his appellate counsel's performance was inadequate.  He makes no argument for to why he would have been better off without the appellate counsel's assistance.  Whitney suggests that he asked his attorney to remove himself because he had told his attorney to file this § 2255 motion before his direct appeal, and his attorney refused.[44]  But his attorney's refusal was appropriate because district courts cannot consider a § 2255 motion before a defendant's direct appeal is final.[45]  And Whitney cites no law indicating that his counsel was obligated to withdraw just because he was asked to do so.

Whitney also could have moved for the appointment of new counsel himself if he deemed it appropriate, but he did not.[46]  But even if Whitney had moved to substitute his attorney, there is no guarantee that the motion would have been granted.  "[T]here is no automatic right to a substitution of counsel simply because the defendant informs the trial court that he is dissatisfied with appointed counsel's performance."[47]  So because this claim is supported by neither the facts nor the law, it is denied.

---

[43] ECF No. 82 at 9.

[44] *Id.*

[45] *United States v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991).

[46] *See United States v. Rivera-Corona*, 618 F.3d 976, 979 (9th Cir. 2010) ("The Sixth Amendment's right to counsel encompasses two distinct rights: a right to adequate representation and a right to choose one's own counsel.").

[47] *Jackson v. Ylst*, 921 F.2d 882, 888 (9th Cir. 1990).

**B.    The court will not issue a certificate of appealability.**

The right to appeal from the district court's denial of a federal habeas petition requires a certificate of appealability.[48]  When "the district court has rejected the constitutional claim on the merits," that showing "is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[49] Because Whitney has not shown that my assessment of his ineffective-assistance claims is debatable or wrong, I deny him a certificate of appealability on all claims.

**Conclusion**

IT IS THEREFORE ORDERED that Stephon James Whitney's **motion to correct, vacate, or set aside his sentence** under 28 U.S.C. § 2255 [ECF No. 82] **is DENIED**, and Whitney is DENIED a certificate of appealability.

The Clerk of Court is directed to **enter a separate civil judgment** denying Whitney's § 2255 petition and denying a certificate of appealability.  The Clerk must also file this order and the civil judgment in this case and the related civil case: 2:24-cv-02311-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
June 30, 2025

---

[48] 28 U.S.C. § 2253(c).

[49] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077–79 (9th Cir. 2000).