# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

United States of America,

      Plaintiff

v.

Stephon James Whitney,

      Defendant

Case No.: 2:21-cr-00002-JAD-NJK-1

**Order Denying Motion for Reconsideration**

[ECF No. 93]

Stephon James Whitney is serving a 54-month sentence for being a felon in possession of a firearm.[1]  Whitney moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing among other things that his trial and appellate counsel failed to "provide written proof that [he] was paroled from state custody . . . to receive credit for time served."[2]  I denied his § 2255 motion because it contained no legal argument for modification or vacatur of his sentence, and the record conclusively established that he was not entitled to the relief he sought.[3] Whitney moves for reconsideration on the ground that he could not submit the written proof of his Nevada parole dates that, he contends, his counsel should have used to argue for a lower sentence.[4]  I deny Whitney's motion because it constitutes an unauthorized second or successive § 2255 motion.

---

[1] ECF No. 50.

[2] ECF No. 82 at 5–9.

[3] ECF No. 88.

[4] ECF No. 93; *see* ECF No. 82 at 8.

### Discussion

Rule 12 of the Rules Governing § 2255 Proceedings allows district courts to apply the Federal Rules of Civil Procedure (FRCP) to issues that the § 2255 rules do not address.  Because the § 2255 rules contain no mechanism for reconsideration, courts evaluate such motions under FRCP 59 or 60.[5]  But the Ninth Circuit cautions courts to ensure that a reconsideration motion is not a second or successive § 2255 motion.[6]  If it is, the district court lacks jurisdiction unless the petitioner first obtains a certification from the court of appeals.[7]  So a trial court must look past the caption and examine the motion's substance.[8]  A Rule 60(b) motion is proper only when it alleges "some defect in the integrity of the federal habeas proceedings."[9]  But when the motion advances a claim that seeks another merits determination—such as an attempt to introduce newly discovered evidence in support of a claim already rejected—the Supreme Court's decision in *Gonzalez v. Crosby* instructs that the motion must be treated as a successive petition.[10]

In his original § 2255 motion, Whitney argued that his trial and appellate counsel were ineffective for not obtaining written proof of his Nevada parole date that, in his view, should have been used to argue for a lesser sentence.[11]  I denied that claim for two independent reasons. First, the record contained no evidence of such a parole.[12]  Second, even assuming that Whitney was paroled on a specific date, the claim still failed because sentence-credit issues belong to the

---

[5] *See United States v. Washington*, 653 F.3d 1057, 1062 (9th Cir. 2011).

[6] *Id.* at 1060.

[7] *Id.* at 1065; 28 U.S.C. § 2244; 28 U.S.C. § 2255(h).

[8] *Washington*, 653 F.3d at 1065.

[9] *Id.* at 1063 (cleaned up).

[10] *Id.* (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530–31 (2005)).

[11] ECF No. 82 at 8, 10.

[12] ECF No. 88 at 7.

Bureau of Prisons and must be raised through § 2241.[13]  That foreclosed any showing of *Strickland* prejudice.

Whitney now asks me to reconsider that ruling.  He contends that I issued the order "just before" he could submit the parole documentation. [14]  He explains that he "promised" to provide those materials and has done "everything in [his] power" to stay in contact with the court.[15]  He contends that these circumstances merit another look at his claim.[16]  And he again asks that his sentence be vacated and that he receive credit for time he believes he served on Nevada parole.[17]

But Whitney does not identify any defect in the integrity of the prior habeas proceedings.  Instead, he simply reasserts the same ineffective-assistance claim and supplies what he believes is now supporting evidence.  That is the very type of claim that *Gonzalez* classifies as a disguised successive § 2255 motion that requires prior appellate-court authorization.  Because Whitney has not obtained authorization from the court of appeals,[18] this court has no jurisdiction to consider it.  The motion must therefore be denied.

---

[13] *Id.* at 7–10 (citing *United States v. Espinoza*, 866 F.2d 1067, 1071 (9th Cir. 1988)).

[14] ECF No. 93 at 1–2.  Whitney also explains logistical difficulties he faced while in remand status—his transfers between facilities, his attempts to contact the U.S. Marshals, his efforts to retrieve the parole documents from his property, and the delays in receiving mail about the court's ruling.  *Id.*  This court certainly did not rush its decision; Whitney's motion was pending for more than six months before it was ruled upon.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 2.

[18] ECF No. 94 at 1.

**Conclusion**

IT IS THEREFORE ORDERED that Whitney's motion for reconsideration **[ECF No. 93] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
December 8, 2025